IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHRYN BAUMAN RUBENSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:07cv798-MHT |
| | ) | |
| BETTY JO BAUMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Rubenstein's Motion for Preliminary Injunction (Doc. #2). On September 12, 2007, this matter was referred to the undersigned for action or recommendation on all pretrial matters (Doc. #5). The Court has reviewed Plaintiff's Motion for Preliminary Injunction (Doc. #2) and recommends that the motion be DENIED.

Rubenstein requests that this Court enjoin the myriad Defendants, "their business [sic], their corporations, their heirs, their spouses, their companies, business involving said defendants, their agents, servants, employees and attorneys, and those persons in active concert or participation with them from transferring, selling, or filing for bankruptcy." (Doc. #2). Plaintiff's grounds in support of the Motion for Preliminary Injunction are:

"1. Assets of above referenced Defendants will dissipate and be for naught,

2. Plaintiff will be unable to seek damages which she may be entitled to.

UNLESS RESTRAINED, [ ] defendants "will immediately transfer, sell, and/or file for bankruptcy their business and or personal assets in an attempt to prevent [Rubenstein] from seeking relief she may be entitled to."

(Doc. #2 at 2).

## I. DISCUSSION

 "A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).  Rubenstein has failed to allege any facts which would support any of these four requirements.

With regard to Rubenstein's likelihood of success on the merits; after reviewing Rebenstein's Complaint, as amended (Doc. #3), the Court has ordered her to file a Second Amended Complaint, noting "that the filing suffers from fatal defects. It is unclear as to the factual and legal basis for Rubenstein's claims against Defendants. She fails to state, with specificity, the wrongful acts committed by Defendants" (Doc. #13).  Further, due to the apparent relatedness of this action to ongoing litigation in the Circuit Court of Houston County, Alabama, (CV-02-5063), the Court is concerned that Rubenstein's Complaint may run afoul of the Rooker-Feldman doctrine.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (excluding the United States Supreme Court, the federal courts may not review the final judgment of a state court).  However, the Court need not reach a determination as to the

"substantial likelihood of [Rubenstein's] success on the merits," if the Court finds that no "irreparable injury will be suffered unless the injunction issues."  *See Siegel*, 234 F.3d at 1176 ("[E]ven if Plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper.").

"A showing of irreparable harm is 'the *sine qua non* of injunctive relief.'" *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (*quoting Frejlach v. Butler*, 573 F.2d 1026, 1027 (8th Cir. 1978)).  The assertion of irreparable injury "must be neither remote nor speculative, but actual and imminent."  *City of Jacksonville*, 896 F.2d at 1285 (*quoting Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir.1989)).  Rubenstein's claims of irreparable injury are the paragon of speculative assertion.  Rebenstein fails to identify which Defendants would "transfer, sell, and/or file for bankruptcy" what "business[es] and or personal assets" in an attempt to preclude her from obtaining relief.

Further, Rubenstein fails to show why the possibility of Defendants's divestment of "business and or personal assets" would result in irreparable injury.  "The key word in this consideration is *irreparable*.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough."  *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors,* 896 F. 2d at 1284 *(quoting  Sampson v. Murray*, 415 U.S. 61, 90 (1974));  *see also BellSouth Telecomm., Inc. v. MCIMetro Access*

3

*Transmission Servs., LLC*, 425 F.3d 964, 970 (11th Cir. 2005) (stating that "[e]conomic losses alone do not justify a preliminary injunction").

As Rubenstein has failed to show that she would suffer irreparable injury unless the injunction issues, Rubenstein's Motion for Preliminary Injunction (Doc. #2) should be denied.

## II. CONCLUSION

Accordingly, for the reasons discussed above, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion for Preliminary Injunction (Doc. #2) is DENIED. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before October 1, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 17th day of September, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE