IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN BAUMAN RUBENSTEIN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | )   CIVIL CASE NO.: 1:07cv798-MHT |
| | ) |
| BETTY JO BAUMAN, et al., | ) |
| | ) |
| DEFENDANTS. | ) |

**MOTION TO DISMISS ON BEHALF OF MARILYN BAUMAN GRANGER, BENNIE WAYNE GRANGER, GRANGER LIMITED, INC., BARBARA BAUMAN KAMENSKY AND ALLEN KAMENSKY**

COME NOW the Defendants, Marilyn Bauman Granger, Bennie Wayne Granger, Granger Limited, Inc., Barbara Bauman Kamensky and Allen E. Kamensky and move this Honorable Court for an order dismissing the above case against them on the following grounds:

1.   On September 4, 2007, Kathryn Rubenstein ("Rubenstein") filed her original Complaint naming all of the above Defendants in the style of the case, but alleging a cause of action in substance against Marilyn Bauman Granger only. Rubenstein's allegations were that Marilyn Bauman Granger "refused to answer specific and necessary questions during [her] deposition as required by Plaintiff." *(See* Complaint of Plaintiff, paragraph 66).

2.   On September 10, 2007, Rubenstein filed her First Amended Complaint alleging that Marilyn Bauman Granger, Bennie Wayne Granger, Granger Limited, Inc., Barbara Bauman Kamensky and Allen E. Kamensky, among others, "conspired to defraud and deny Plaintiff her civil rights including due process in Houston County

Circuit Case CV-02-5063 and the subsequent appeal before the Alabama Court of Civil Appeals and the Alabama Supreme Court." *See* (Complaint of Plaintiff, paragraph 76(a)). There were no specific allegations against Granger Limited.

   3. Although it is not entirely clear from the body of the Complaint, it appears that Rubenstein is asserting a Federal Section 1983[1] case based on the Defendants' alleged violations of the Fourth, Fifth and Fourteenth Amendments in the context of her underlying State court civil action.

   4. In any Section 1983 suit, the Plaintiff must make a *prima facie* showing of two elements: (1) that the act or omission deprived the Plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by the person acting under color of law. *Marshall County Board of Education v. Marshall*, 992 F.2d 1171, 1174-1175 (11th Cir. 1994). Section 1983 is not itself a source of substantive rights, but merely provides a method of vindicating Federal Rights elsewhere conferred. *Albright v. Oliver,* 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed.2d 114 (1994).

   5. Marilyn Bauman Granger and Barbara Bauman Kamensky are Rubenstein's sisters and the daughters of Ted Bauman, whose Will and Trust were the basis of Rubenstein's initial law suit. Through their attorney, Marilyn Bauman Granger and Barbara Bauman Kamensky successfully defended that lawsuit and it was ultimately dismissed pursuant to motions for summary judgment. The

---

[1] Rubenstein's Complaint also seeks a declaratory judgment that the Defendants violated the Fourth, Fifth and Fourteenth Amendments. This claim appears, in substance, to be indistinguishable from the 1983 claim. In paragraph 62 of her Original Complaint, Rubenstein also asks the Court to allow her certain discovery in the State Court action or a transfer to a different Court altogether. Inasmuch as the claims do not appear to be asserted against these Defendants, they will not be addressed.

judgments were thereafter affirmed on appeal.

6. In September of 2006, Rubenstein sued Marilyn Bauman Granger, Barbara Bauman Kamensky, their husbands (Allen Kamensky and Bennie Wayne Granger) and Bennie Wayne Granger's business, Granger Limited, Inc. alleging various conspiracy-type theories. Rubenstein removed the case to Federal court whereupon it was promptly remanded by your Honor back to State court. *See Kathryn Bauman Rubenstein v. Betty Jo Bauman, et al.,* Case No. 1:06-cv-00955-MHT. The Honorable Judge Burt Smithart recently dismissed the State Court action.

7. Simply being a Defendant in a lawsuit who does not answer certain questions during her deposition on advice of counsel and/or who prevails on the claims asserted in that lawsuit does not violate any Federal or State Constitutional Right. Even if the Defendants' actions somehow amount to a Constitutional violation, none of the Defendants are state actors as is required for a Federal Section 1983 case.

8. A Court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the Complaint. *Hardy v. Town of Hayneville,* 50 F. Supp. 2d 1176, 1183 (M.D. Ala. 1999).

9. Rubenstein's Original and Amended Complaints are in all respects legally deficient under any set of facts that she can prove consistent with her Complaint.

10. Although Rubenstein did not assert the present claims against these Defendants in the previous State Court action, she certainly <u>could</u> have. *Res judicata* prohibits relitigation of all matters which were or could have been litigated in a prior action. "A party is not at liberty to split up his demand and prosecute it piecemeal or present only a portion of the grounds upon which relief was sought, and then leave the rest to be presented in a second suit . . ." *Lesley v. City of Montgomery*, 485 So. 2d 1088, 1090 (Ala. 1986).

Application of the principles of *Res judicata* is essential to the fundamental purposes of the judiciary – the conclusive resolution of disputes. *Curry v. Baker,* 802 F.2d 1302, 1310 (11th Cir. 1986). "Finality relieves parties of the cost and vexation of multiple lawsuits, conserves judicial resources, and, by preventing inconsistent decisions, encourages reliance on adjudication." <u>Id.</u> *citing Allen v. McMurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 415, 66 L.Ed. 2d 308 (1980). These policies apply with equal force when the second suit is brought in Federal Court, rather than in State Court. <u>Id.</u> It is well-settled that State judicial proceedings must be given the same, full-faith and credit in Federal Court as they enjoy in courts in the State in which the proceedings occurred. *See Curry v. Baker*, 802 F.2d 1302 (11th Cir. 1986). The Federal Court must look to the applicable State law to determine the *Res judicata* effect of prior judgments. *See Carlisle v. Phenix City Board of Education*, 849 F.2d 1376, 1378 (11th Cir. 1988). Because Rubenstein could have asserted her present claims against these Defendants in the prior State Court action, she should be barred from asserting them in this action.

11. Rubenstein has a history of filing frivolous and meritless claims against counsel, judges, parties and interested persons involved in the underlying State court action for the sole purpose of harassment.

12. The present case is likewise frivolous and without merit and the undersigned intend to file a motion for sanctions in accordance with Rule 11 of the *Federal Rules of Civil Procedure.*

13. In the event this Court grants this *Motion to Dismiss*, the Defendants also intend to seek attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, based upon the foregoing these Defendants pray that this Court will dismiss them as Defendants in the above-styled action and grant them such further or different relief to which they may be entitled.

Respectfully submitted,

*s/William L. Lee, III*
WILLIAM L. LEE, III          (LEE007)
wlee3@leeandmcinish.com

*s/William W. Nichols*
WILLIAM W. NICHOLS       (NIC027)
wnichols@leeandmcinish.com

**OF COUNSEL**:
LEE & McINISH, P.C.
*Attorneys for Defendants*
*Marilyn Bauman Granger,*
*Bennie Wayne Granger,*
*Granger Limited, Inc.,*
*Barbara Bauman Kamensky*
*and Allen E. Kamensky*
Post Office Box 1665
Dothan, Alabama 36302
Telephone (334) 792-4156
Facsimile (334) 794-8342

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 17, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: **Mr. James Davis Farmer, Esq., jdf@ffmlaw.com, Attorney for Defendant MidSouth Bank, N.A. and Defendant PeoplesSouth Bank, Mrs. Virginia Lynn McInnes, Esq., vlm@ffmlaw.com, Attorney for Defendant MidSouth Bank, N.A. and Defendant PeoplesSouth Bank**, I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and property addressed to the following non-CM/ECF participants:

Honorable Larry K. Anderson
P.O. Drawer 6406
Dothan, AL 36302

Sandra K. Anderson
1111 Hillbrook Road
Dothan, AL 36303

Wade H. Baxley, Esq.
*Attorney for William L. Lee, III, Esq. & Lee & McInish, P.C.*
P.O. Drawer 1486
Dothan, AL 36302

Marie Bauman White
108 Lucy Ln.
Dothan, AL 36303

Don P. Bennett, Esq.
P.O. Box 1392
Dothan, AL 36302

Brian Bickhaus
Regions Bank
3201 Ross Clark Cir.
Dothan, AL 36303

Robert Birmingham
Regions Bank
8 Commerce Street
Montgomery, AL 36104

Pat Black
Regions Bank
3201 Ross Clark Cir.
Dothan, AL 36303

Houston County Sheriff's Dept.
P.O. Drawer 6404
Dothan, AL 36302

CB&T Bank
901 N. Boll Weevil Cir.
Enterprise, AL 36330

Ann Chandler
P.O. Box 692
Dothan, AL 36302

Michael Conaway, Esq.
360 N. Oates St.
Dothan, AL 36303

Wallace Cooley
6130 Eddins Rd.
Dothan, AL 36303

D. Ream Properties
1133 W. Main St.
Dothan, AL 36301

Deep South Investments
P.O. Box 1392
Dothan, AL 36302

Lexa Dowling, Esq.
P.O. Box 119
Dothan, AL 36302

Farmer, Price, Hornsby & Weatherford, LLP
P.O. Drawer 2228
Dothan, AL 36302

Faye Ferrell, M.D.
114 E. Troy St.
Dothan, AL 36301

Richard Fox
P.O. Box 900
Tallahassee, FL 32302

James D. Hamilton, Esq.
621 S. Hull St.
Montgomery, AL 36104

Boyd Horn
403 Live Oak Trail
Dothan, AL 36305

Houston County DHR
3201 Ross Clark Cir., S.E.
Dothan, AL 36301

Sheriff Andy R. Hughes
Houston County Sheriff's Dept.
144 N. Oates St.
Dothan, AL  36303

Officer Ivey
Houston County Sheriff's Dept.
144 N. Oates St.
Dothan, AL 36303

Margaret Johnson
Houston County DHR
3201 Ross Clark Cir., SE
Dothan, AL  36301

G. David Johnston, Esq.
P.O. Box 2246
Dothan, AL 36302

Johnston, Hinesley, Flowers & Clenney, P.C.
P.O. Box 2246
Dothan, AL 36302

Officer Joiner
Houston County Sheriff's Dept.
144 N. Oates St.
Dothan, AL  36303

Carl E. Jones, Jr.
1510 Smolian Place
Birmingham, AL 35205

D. Bryan Jordan
Regions Bank
417 20th St.
Birmingham, AL 36202

Ross Kennedy
McDaniel & Associates
101 Executive Park Dr.
Dothan, AL 36303

Officer Kirksey
Houston County Sheriff's Dept.
144 N. Oates St.
Dothan, AL 36303

McDaniel & Associates
101 Executive Park Dr.
Dothan, AL 36303

Doug McKeown, Ph.D.  
114 E. Troy St.  
Dothan, AL 36301

Arthur Medley, Esq.  
114 N. Oates St.  
Dothan, AL 36303

Honorable Drayton Nabers  
3300 Dell Rd.  
Birmingham, AL 35223

Fairfax Nabers  
3300 Dell Rd.  
Birmingham, AL 35223

Nanette Pitcher  
Pitcher & Assoc.  
P.O. Box 56  
Dothan, AL 36302

Pitcher & Assoc.  
P.O. Box 56  
Dothan, AL 36302

Sandra Pittman  
Houston County Court  
P.O. Drawer 6406  
Dothan, AL 36302

Richard H. Ramsey, III, Esq.  
256 Honeysuckle Rd.  
Suite 26  
Dothan, AL 36305

Dianne Ream  
D. Reams Properties  
1133 W. Main Street  
Dothan, AL 36301

Regions Bank  
P.O. Box 681  
Birmingham, AL 35201

Kathryn Bauman Rubenstein  
P.O. Box 2243  
Dothan, AL 36302

Tommy Scarborough, Esq.  
119 S. Foster St.  
Dothan, AL 36301

Honorable Dale Segrest  
Tallapoosa County Circuit Courthouse  
P.O. Box 780791  
Tallassee, AL 36078

Jere Segrest, Esq.  
P.O. Box 1469  
Dothan, AL 36302

Mrs. Dale Segrest  
606 Camellia Dr.  
Tallassee, AL 36078

Honorable Bernard L. Smithart  
Bullock County Courthouse  
217 North Prairie  
Union Springs, AL 36809

Elizabeth Smithart  
101 Conecuh Ave. W.  
Union Springs, AL 36809

Joel Weatherford, Esq.  
P.O. Drawer 2228  
Dothan, AL 36302

Carla H. Woodall  
Houston County Circuit Clerk  
P.O. Drawer 6406  
Dothan, AL 36302

Tom Zeigenfelder                     Zeigooley, Inc.
1142 Appian Way                      6130 Eddins Rd.
Dothan, AL 36303                     Dothan, AL 36303


                                     *s/William W. Nichols*
                                     Of Counsel