UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN BAUMAN RUBENSTEIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BETTY JO BAUMAN, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>1:07cv798-MHT |

**MOTION TO DISMISS**
**OF DEFENDANT, G. DAVID JOHNSTON**

COMES NOW the defendant, G. David Johnston, ("Johnston"), by and through its undersigned attorney, and moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss this action against Johnston, and as grounds therefor submits the following:

1. The Federal Rules of Civil Procedure embody the concept of liberalized "notice pleading"; i.e., that a complaint need contain only a statement calculated to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 21 Law 2nd 861 (1957). As to Johnston, Plaintiff's Complaint fails to meet this minimum requirement.

2. On September 4, 2007, Plaintiff filed her original Complaint naming Johnston as a defendant, but she failed to allege a cause of action in substance against Johnston.

3. On September 10, 2007, Plaintiff filed her First Amended Complaint making a general allegation, without specificity, that Johnston, among other named defendants, "conspired to defraud and deny Plaintiff her civil rights, including due process, in Houston County Circuit Case

No. CV02-5063 and the subsequent appeal before the Alabama Court of Civil Appeals and the Alabama Supreme Court."

4. Though not specifically cited, Plaintiff is presumably alleging violation of Federal Section 1983. Plaintiff has to make a *prima facie* case that the act or omission alleged deprived Plaintiff of a right, privilege or immunity to which she is entitled under the Constitution or laws of the United States and that said act or omission was done by the person acting under color of law. *Marshall County Board of Education v. Marshall*, 992 F.2d 1171, 1174-1175 (11th Cir. 1994).

5. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a plaintiff make a short and plain statement of a claim showing entitlement to relief. See, *Hamilton v. Allen-Bradley Co.*, 217 F.3d 1321, 1325 (11th Cir.2000) ("[T]he form of the complaint is insignificant, even if it fails to categorize correctly the legal theory giving rise to the claim, **so long as the complaint alleges the facts on which relief can be granted.**"); and *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.2d 678, 683-684 (11th Cir.2001) ([W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, **it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'** ").

6. An examination of the allegations set forth in Plaintiff's "Causes of Action" reveals that the Plaintiff alleges no specific facts as to the alleged fraud perpetrated upon her by Johnston and the other named defendants nor any facts which meet the criteria for prosecuting a Section 1983 action. Thus, Plaintiff's Complaint fails to satisfy the even the minimal standard set by Rule 8(a)(2) insofar as this Defendant is concerned.

7. Rule 8(a)(3) requires that a complaint also contain "a demand for judgment for the relief the pleader seeks." See, *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir.1993)

("This requirement is not arduous - 'any concise statement identifying the remedies and the parties against whom relief is sought will be sufficient,' citing CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1255 at 366 (2d ed. 1990)).

8. Again, Plaintiff's "Prayer for Relief" in the original Complaint makes no demand for relief as to Johnston or even a reference to Johnston. Plaintiff's general demand for damages in her original Complaint "against the Defendants" is insufficient to satisfy the requirement of Rule 8(a)(3), particularly since Johnston is not one of the "Defendants" identified in her "Causes of Action."

9. Plaintiff also seeks a declaratory judgment that Defendants violated the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Though interwoven with the Section 1983 allegations, there are no facts to support her allegations.

10. Plaintiff has become a vexatious litigant, filing numerous frivolous and meritless lawsuits in state and federal courts against attorneys, judges, law enforcement officers and anyone who testifies or makes an appearance in or presides over any of the actions which she files. The case at bar is another example of costly litigation brought without merit and with complete disregard for the integrity of the court system. Johnston intends to seek attorney's fees and costs if the Court grants this Motion to Dismiss.

11. In ruling on a Fed.R.Civ.P. Rule 12(b)(6) motion, "[d]ismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). In this case, because the Plaintiff did not plead any facts in support of a viable claim against Johnston or request any relief against Johnston, she failed to comply with the requirements of Fed.R.Civ.P. 8(a) and her Complaint in fatally flawed. Unquestionably, this Motion to dismiss Johnston as a defendant in this case pursuant to Fed.R.Civ.P 12(b)(6) for Plaintiff's failure to state a claim against Johnston is due to be granted.

Respectfully submitted this 21st day of September, 2007.

/S/ William W. Hinesley
William W. Hinesley
(ASB-4423-E65W)

Attorney for G. David Johnston

OF COUNSEL:

JOHNSTON, HINESLEY, FLOWERS, CLENNEY & TURNER, P.C.
291 North Oates Street
Post Office Box 2246
Dothan, Alabama 36302
Telephone: (334) 793-1115
Facsimile: (334) 793-6603

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing on the following:

None

I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed:

Ms. Kathryn Bauman Rubenstein
Post Office Box 2243
Dothan, Alabama 36302

PeoplesSouth Bank
109 East Church Street
Columbia, Alabama 36319

Barbara Kamensky
6500-4 Green Island Drive
Columbus, GA 31904

Alan Kamensky
111 Bay Avenue
3rd Floor
Columbus, GA 31901

Marilyn Granger
P.O. Box 488
Bryson City, NC 28713

Wayne Granger
P.O. Box 488
Bryson City, NC 28713

Granger Limited
P.O. Box 488
Bryson City, NC 28713

Marie Bauman White
108 Lucy Lane
Dothan, AL 36303

Lexa Dowling, Esq.
P.O. Box 119
Dothan, AL 36302

Joel Weatherford, Esq.
Farmer, Price, Hornsby & Weatherford
P.O. Drawer 2228
Dothan, AL 36302

Don Bennett, Esq.
P.O. Box 1392
Dothan, AL 36302

Brian Bickhaus
3201 Ross Clark Circle
Dothan, AL 36303

Pat Black
3201 Ross Clark Circle
Dothan, AL 36303

Deep South Development
P.O. Box 1392
Dothan, AL 36302

Nanette Pitcher
P.O. Box 56
Dothan, AL 36302

Pitcher & Associates
P.O. Box 56
Dothan, AL 36302

Mike Conway, Esq.
360 N. Oates Street
Dothan, AL 36303

Tommy Scarborough, Esq.
119 S. Foster Street
Dothan, AL 36301

Jere Segrest, Esq.
P.O. Box 1469
Dothan, AL 36302

Dianne Ream
1133 W. Main Street
Dothan, AL 36301

D. Ream Properties
1133 W. Main Street
Dothan, AL 36301

Ross Kennedy
101 Executive Park Drive
Dothan, AL 36303

Faye Ferrell, M.D.
114 E. Troy Street
Dothan, AL 36301

Doug McKeown, Ph.D.
114 E. Troy Street
Dothan, AL 36301

Wallace Cooley
6130 Eddins Road
Dothan, AL 36303

Tom Zeigenfelder
1142 Appian Way
Dothan, AL 36303

Zeigooley, Inc.
6130 Eddins Road
Dothan, AL 36303

Arthur Medley, Esq.
114 N. Oates Street
Dothan, AL 36303

Margaret Johnson
Houston County DHR
3201 Ross Clark Circle, S.E.
Dothan, AL 36301

Houston County DHR
3201 Ross Clark Circle, S.E.
Dothan, AL 36301

CB&T
901 N. Boll Weevil Circle
Enterprise, AL 36330

Boyd Horn
403 Live Oak Trail
Dothan, AL 36305

D. Bryan Jordan
417 20th Street
Birmingham, AL 36202

Anne Chandler
P.O. Box 692
Dothan, AL 36302

Judge Larry K. Anderson
114 North Oates Street
Dothan, AL 36303

Drayton Nabers, Esq.
3300 Dell Road
Birmingham, AL 35223

Elizabeth Smithart, Esq.
101 Conecuh Avenue W.
Union Springs, AL 36809

Mrs. Dale Segrest
606 Camellia Drive
Tallassee, AL 36078

Sandra Pittman
Houston County Court
114 N. Oates Street
Dothan, AL 36303

Officer Ivey
Houston County Sheriff Dept
144 N. Oates Street
Dothan, AL 36303

Richard Fox
Capital City Bank
P.O. Box 900
Tallahassee, FL 32302

Carl E. Jones, Jr.
1510 Smolian Place
Birmingham, AL 35205

Robert Birmingham
Regions Bank
8 Commerce Street
Montgomery, AL 36104

Fairfax Nabers
3300 Dell Road
Birmingham, AL 35223

Sandra K. Anderson
1111 Hillbrook Road
Dothan, AL 36303

Judge Bernard Smithart
Bullock County Courthouse
217 North Prairie
Union Springs, AL 36809

Dale Segrest, Esq.
P.O. Box 780791
Tallassee, AL 36078

Carla Woodall
Houston County Circuit Clerk
114 N. Oates Street
Dothan, AL 36303

Officer Joiner
Houston County Sheriff Dept.
144 N. Oates Street
Dothan, AL 36303

James Hamilton, Esq.
621 S. Hull Street
Montgomery, AL 36104

Officer Kirksey
Houston County Sheriff Dept
144 N. Oates Street
Dothan, AL 36303

Sheriff Andy R. Hughes
Houston County Sheriff Dept
144 N. Oates Street
Dothan, AL 36303

Farmer, Farmer & Malone, P.A.
112 West Troy Street
P.O. Drawer 668
Dothan, AL 36302

Richard Ramsey III, Esq.
256 Honeysuckle Road
Suite 26
Dothan, AL 36305

Judy Byrd
407 Drake Drive
Dothan, AL 36305

/S/   William W. Hinesley
Of Counsel