IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2007 SEP 27 A 9: 36

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| KATHRYN BAUMAN RUBENSTEIN, )<br>)<br>PLAINTIFF, )<br>)<br>VS. )<br>)<br>BETTY JO BAUMAN, et al., )<br>)<br>DEFENDANTS. ) | CIVIL CASE NO.: 1:07cv798-MHT |

## MOTION TO DISMISS AS DEFENDANTS IN THIS CAUSE, DON P. BENNETT, NANETTE PITCHER, PITCHER & ASSOCIATES, DARLENE REAMS, REAMS PROPERTIES, FAYE FERRELL, DOUG McKEOWN, ARTHUR MEDLEY, DEEP SOUTH DEVELOPMENT CORPORATION

COME NOW the Defendants, Don P. Bennett (designated (19) in the complaint), Nanette Pitcher ( designated (21) in the complaint), Pitcher & Associates (designated (22) in the complaint), Darlene Reams (designated (23) in the complaint and incorrectly named in the complaint as Dianne Reams), Reams Properties (designated (24) in the complaint), Faye Ferrell (designated (30) in the complaint), Doug McKeown (designated (50) in the complaint), Arthur Medley (designated (52) in the complaint) and Deep South Development Corporation (designated (20) in the complaint and incorrectly designated in the complaint as Deep South Investments) and move this Honorable Court for an order dismissing them as Defendants in this cause and as grounds therefor says as follows:

1. Plaintiff, Kathryn Rubenstein, (Rubenstein) filed her original Complaint on September 4, 2007 purporting to assert a Federal Section 1983 Claim against fifty-eight (58) defendants for violating her rights protected under the United States and Alabama Constitutions.

SCANNED

2. Rubenstein filed her First Amended Complaint on September 10, 2007 in which she adds for the first time Boyd Horn, William L. Lee, III and Lee & McInish, P. C. as Defendants (designated Defendant 61(a), Defendant 61(b) and Defendant 61(c) respectively).

3. In paragraph 76(a) of her First Amendment to the Complaint, Rubenstein sets forth the specifics of her 1983 claim against Defendants Don P. Bennett and Nanette Pitcher, along with seventeen (17) other defendants, alleging to-wit:

> Defendants . . . conspired to defraud and deny Plaintiff her civil rights including due process in Houston County Circuit Court Case CV-02-5063 and the subsequent appeal before the Alabama Court of Civil Appeals and the Alabama Supreme Court.

4. Rubenstein in her complaint, as amended, makes no claim against Darlene Reams, Ream Properties, Faye Ferrell, Doug McKeown, Arthur Medley and Deep South Development Corporation. Although the Federal Rules of Civil Procedure require that a complaint only contain a statement that will "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests", the complaint in this cause, as amended, fails completely to meet this minimum requirement. *Conley v. Gibson*, 355 U. S. 41, 47, 78 S. Ct. 99, 102, 21 Law 2nd 861 (1957); Swierkiewicz v. Sorema, N. A., 534 U. S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002)

5. In paragraph 66 of said unamended Complaint Rubenstein alleges that Nanette Pitcher and Pitcher & Associates refused to answer specific and necessary questions during their depositions as requested by her. Such objection was made the basis of Rubenstein's Motion to Compel before the Circuit Court of Houston County, Alabama and was duly ruled upon by that Court and denied.

6. In any Section 1983 suit, the Plaintiff must make a *prima facie*

showing of two elements: (1) that the act or omission deprived the Plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by the person acting under color of law. *Marshall County Board of Education v. Marshall*, 992 F.2d 1171, 1174-1175 (11th Cir. 1994). Section 1983 is not itself a source of substantive rights, but merely provides a method of vindicating federal rights elsewhere conferred. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed.2d 114 (1994).

7. Two of the Defendants hereinabove named and filing this Motion to Dismiss, to-wit, Don P. Bennett and Nanette Pitcher allege that neither of them, in either their personal, professional or business capacities, has been involved with Rubenstein as governmental agents or as termed by the federal courts state actors or acting under color of state law. Don P. Bennett is an attorney at law, engaged in private practice in Dothan, Alabama. Nanette Pitcher is a real estate agent and broker in Dothan, Alabama and is the principal party in the real estate association, Pitcher & Associates. Rubenstein has failed to specify any facts describing how or in what manner Don P. Bennett and Nanette Pitcher violated her constitutional rights.

8. Said complaint, as amended, fails to state any facts either directly or by inference which establishes a legal theory or cause of action giving Rubenstein a right to recover damages, if proven, against any of said Defendants. In Rubenstein's complaint under the paragraph styled "Causes of Action" she alleges no facts whatsoever. This by no means satisfies the requirement of Rule 8(a)(2) of

the Federal Rules of Civil Procedure (Fed.R.Civ.P.), which prescribes what is minimally necessary to adequately state a claim for relief.

9. Rule 8(a)(3) of Fed.R.Civ.P. requires that a complaint contain "a demand for judgment for the relief the pleader seeks". Rubenstein's "Prayer for Relief" makes no demand for relief as to any of the said Defendants who have filed this motion. Rubenstein's general statement for damages "against the Defendants" is insufficient to satisfy this requirement of Rule 8(a)(3) and especially so since none of the said Defendants are identified in the "Causes of Action" set out in said complaint.

10. Rule 12(b)(6) of the Fed.R.Civ.P. provides that a motion for "dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint". *Glover v. Liggett Group, Inc.* 459 F. 3d 1304, 1308 (11th Cir. 2006) In this case, because Rubenstein has not pled any facts in support of a viable claim against any of said Defendants making this motion, as required by Rule 8(a)(2) Fed.R.Civ.P., and by not requesting any relief against them she has failed to comply with the requirements of Rule 8(a)(3) Fed.R.Civ.P.

11. A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hardy v. Town of Haynesville*, 50 F. Supp. 2d 1176, 1183 (M.D. Ala. 1999).

12. Rubenstein's Complaint is in all respects legally deficient under any set of facts that she could prove consistent with her complaint. Indeed, Rubenstein

has not pled any facts in support of a viable claim against any of said Defendants making this motion, as required by Rule 8(a)(2) Fed.R.Civ.P., and by not requesting any relief against them she has failed to comply with the requirements of Rule 8(a)(3) Fed.R.Civ.P.

11. A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hardy v. Town of Haynesville*, 50 F. Supp. 2d 1176, 1183 (M.D. Ala. 1999). Rubenstein's Complaint is in all respects legally deficient under any set of facts that she could prove consistent with her complaint. Indeed, Rubenstein has not pled any facts in support of a claim against any of these Defendants nor requested any relief from these Defendants.

13. Rubenstein has a history of filing frivolous and meritless claims against counsel, judges, parties and interested persons involved in the underlying state court action for the sole purpose of harassment. *See, e.g. Kathryn Bauman Rubenstein v. Betty Jo Bauman, et al.* Case No: 1:06-cv-00955-MHT.

14. The present case is likewise frivolous and without merit and the undersigned intends to file a motion for sanctions in accordance with Rule 11 of the *Federal Rules of Civil Procedure.*

15. In the event this Court grants the motion to dismiss, the Defendants also intend to seek attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, for the reasons and upon the grounds hereinabove set out, the Defendants, Don P. Bennett, Nanette Pitcher, Pitcher & Associates, Darlene Reams (incorrectly named in the Complaint as Dianne Reams), Reams Properties, Faye Ferrell, Doug McKeown, Arthur Medley and Deep South Development Corporation (incorrectly designated in the Complaint as Deep South

Investments) pray that this Court will dismiss them as Defendants in the above-styled action and grant them such other further or different relief to which they may be entitled.

Respectfully submitted,

*[signature]*
DON P. BENNETT, pro se, and as the
Attorney for the Defendants, Nanette Pitcher, Pitcher & Associates, Darlene Reams, Reams Properties, Faye Ferrell, Doug McKeown, Arthur Medley and Deep South Development Corporation
P.O. Box 1392
Dothan, Alabama 36302
Telephone (334) 792-6380
Facsimile (334) 673-8508
E-mail: 2bennett@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2007, that I have given notice of the above and foregoing Motion to the parties named herein below by mailing them a copy thereof through the U. S. Mail first class postage prepaid and properly addressed to their correct addresses as follow:

Honorable Larry K. Anderson
P.O. Drawer 6406
Dothan, AL 36302

Sandra K. Anderson
1111 Hillbrook Road
Dothan, AL 36303

Marie Bauman White
108 Lucy Ln.
Dothan, AL 36303

Brian Bickhaus
Regions Bank
3201 Ross Clark Cir.
Dothan, AL 36303

Robert Birmingham
Regions Bank
8 Commerce Street
Montgomery, AL 36104

Pat Black
Regions Bank
3201 Ross Clark Cir.
Dothan, AL 36303

Houston County Sheriff's Dept.
P.O. Drawer 6404
Dothan, AL 36302

CB&T Bank
901 N. Boll Weevil Cir.
Enterprise, AL 36330

Ann Chandler
P.O. Box 692
Dothan, AL 36302

Michael Conaway, Esq.
360 N. Oates St.
Dothan, AL 36303

Wallace Cooley
6130 Eddins Rd.
Dothan, AL 36303

Lexa Dowling, Esq.
P.O. Box 119
Dothan, AL 36302

Farmer, Price, Hornsby & Weatherford, LLP
P.O. Drawer 2228
Dothan, AL 36302

Richard Fox
P.O. Box 900
Tallahassee, FL 32302

James D. Hamilton, Esq.
621 S. Hull St.
Montgomery, AL 36104

Boyd Horn
403 Live Oak Trail
Dothan, AL 36305

Houston County DHR
3201 Ross Clark Cir., S.E.
Dothan, AL 36301

Sheriff Andy R. Hughes
Houston County Sheriff's Dept.
144 N. Oates St.
Dothan, AL 36303

Officer Ivey
Houston County Sheriff's Dept.
144 N. Oates St.
Dothan, AL 36303

Margaret Johnson
Houston County DHR
3201 Ross Clark Cir., SE
Dothan, AL 36301

G. David Johnston, Esq.
P.O. Box 2246
Dothan, AL 36302

Johnston, Hinesley, Flowers & Clenney, P.C.
P.O. Box 2246
Dothan, AL 36302

Officer Joiner
Houston County Sheriff's Dept.
144 N. Oates St.
Dothan, AL 36303

Carl E. Jones, Jr.
1510 Smolian Place
Birmingham, AL 35205

D. Bryan Jordan
Regions Bank
417 20th St.
Birmingham, AL 36202

Ross Kennedy
McDaniel & Associates
101 Executive Park Dr.
Dothan, AL 36303

Officer Kirksey
Houston County Sheriff's Dept.
144 N. Oates St.
Dothan, AL 36303

McDaniel & Associates
101 Executive Park Dr.
Dothan, AL 36303

Honorable Drayton Nabers
3300 Dell Rd.
Birmingham, AL 35223

Fairfax Nabers
3300 Dell Rd.
Birmingham, AL 35223

Sandra Pittman
Houston County Court
P.O. Drawer 6406
Dothan, AL 36302

Richard H. Ramsey, III, Esq.
256 Honeysuckle Rd.
Suite 26
Dothan, AL 36305

Regions Bank
P.O. Box 681
Birmingham, AL 35201

Kathryn Bauman Rubenstein
P.O. Box 2243
Dothan, AL 36302

Tommy Scarborough, Esq.
119 S. Foster St.
Dothan, AL 36301

Honorable Dale Segrest
Tallapoosa County Circuit Courthouse
P.O. Box 780791
Tallassee, AL 36078

Jere Segrest, Esq.
P.O. Box 1469
Dothan, AL 36302

Mrs. Dale Segrest
606 Camellia Dr.
Tallassee, AL 36078

Hon. Bernard L. Smithart
Bullock County Courthouse
217 North Prairie
Union Springs, AL 36809

Elizabeth Smithart
101 Conecuh Ave. W.
Union Springs, AL 36809

Joel Weatherford, Esq.
P.O. Drawer 2228
Dothan, AL 36302

Carla H. Woodall
Houston County Circuit Clerk
P.O. Drawer 6406
Dothan, AL 36302

Tom Zeigenfelder
1142 Appian Way
Dothan, AL 36303

Granger Limited
P. O. Box 488
Bryson City, NC 28713

Alan Kamensky
111 Bay Avenue
3rd Floor
Columbus, GA 31901

Zeigooley, Inc.
6130 Eddins Rd.
Dothan, AL 36303

William L. Lee, III, Esq.
238 W. Main St.
Dothan, AL 36303

Lee & McInish, P. C.
238 W. Main St.
Dothan, AL 36303

PeoplesSouth Bank
109 East Church Street
Columbia, AL 36319

Wayne Granger
P. O. Box 488
Bryson City, NC 28713

Midsouth Bank, N. A.
c/o Farmer, Farmer & Malone, P. A.
P. O. Drawer 668
Dothan, AL 36302

Barbara Kamensky
6500-4 Green Island Drive
Columbus, GA 31904

Marilyn Granger
P. O. Box 488
Bryson City, NC 28713

_____
OF COUNSEL