## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KATHRYN BAUMAN RUBENSTEIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL CASE NO. 1:07cv798-MHT** |
| | ) | |
| **JAMES D. HAMLETT, Esq., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF DEFENDANT JAMES D. HAMLETT

COMES NOW Defendant James D. Hamlett and by way of Answer to the Plaintiff's Complaint, as amended by the Plaintiff's First Amended Complaint, the Defendant states as follows:

1.     The allegations of paragraph 1 seek a legal conclusion and therefore do not require a response.  To the extent that paragraph 1 seeks to impose any liability on this Defendant, the same is denied.

2.     Denied.

3.     The Defendant is without sufficient information to admit or deny the allegations of paragraph 3 of the Plaintiff's Complaint and therefore demands strict proof thereof.

4.     The allegations of paragraph 4 do not appear to be directed at this Defendant and therefore do not require a response.

5.     The allegations of paragraph 5 do not appear to be directed at this Defendant and therefore do not require a response.

6.     The allegations of paragraph 6 do not appear to be directed at this Defendant and therefore do not require a response.

7.     The allegations of paragraph 7 do not appear to be directed at this Defendant and therefore do not require a response.

8.     The allegations of paragraph 8 do not appear to be directed at this Defendant and therefore do not require a response.

9.     The allegations of paragraph 9 do not appear to be directed at this Defendant and therefore do not require a response.

10.     The allegations of paragraph 10 do not appear to be directed at this Defendant and therefore do not require a response.

11.     The allegations of paragraph 11 do not appear to be directed at this Defendant and therefore do not require a response.

12.     The allegations of paragraph 12 do not appear to be directed at this Defendant and therefore do not require a response.

13.     The allegations of paragraph 13 do not appear to be directed at this Defendant and therefore do not require a response.

14.     The allegations of paragraph 14 do not appear to be directed at this Defendant and therefore do not require a response.

15.     The allegations of paragraph 4 do not appear to be directed at this Defendant and therefore do not require a response.

16.     The allegations of paragraph 16 do not appear to be directed at this Defendant and therefore do not require a response.

17.     The allegations of paragraph 17 do not appear to be directed at this Defendant and therefore do not require a response.

18.     The Defendant admits that James D. Hamlett is an attorney practicing law in Montgomery, Alabama.

19.     The allegations of paragraph 19 do not appear to be directed at this Defendant and therefore do not require a response.

20.     The allegations of paragraph 20 do not appear to be directed at this Defendant and therefore do not require a response.

21.     The allegations of paragraph 21 do not appear to be directed at this Defendant and therefore do not require a response.

22.     The allegations of paragraph 22 do not appear to be directed at this Defendant and therefore do not require a response.

23.     The allegations of paragraph 23 do not appear to be directed at this Defendant and therefore do not require a response.

24.     The allegations of paragraph 24 do not appear to be directed at this Defendant and therefore do not require a response.

25.     The allegations of paragraph 25 do not appear to be directed at this Defendant and therefore do not require a response.

26.     The allegations of paragraph 26 do not appear to be directed at this Defendant and therefore do not require a response.

27.     The allegations of paragraph 27 do not appear to be directed at this Defendant and therefore do not require a response.

28.     The allegations of paragraph 28 do not appear to be directed at this Defendant and therefore do not require a response.

29.     The allegations of paragraph 29 do not appear to be directed at this Defendant and therefore do not require a response.

30.     The allegations of paragraph 30 do not appear to be directed at this Defendant and therefore do not require a response.

31.     The allegations of paragraph 31 do not appear to be directed at this Defendant and therefore do not require a response.

32.     The allegations of paragraph 32 do not appear to be directed at this Defendant and therefore do not require a response.

33.     The allegations of paragraph 33 do not appear to be directed at this Defendant and therefore do not require a response.

34.     The allegations of paragraph 34 do not appear to be directed at this Defendant and therefore do not require a response.

35.     The allegations of paragraph 35 do not appear to be directed at this Defendant and therefore do not require a response.

36.     The allegations of paragraph 36 do not appear to be directed at this Defendant and therefore do not require a response.

37.     The allegations of paragraph 37 do not appear to be directed at this Defendant and therefore do not require a response.

38.     The allegations of paragraph 38 do not appear to be directed at this Defendant and therefore do not require a response.

39.     The allegations of paragraph 39 do not appear to be directed at this Defendant and therefore do not require a response.

40.     The allegations of paragraph 40 do not appear to be directed at this Defendant and therefore do not require a response.

41.     The allegations of paragraph 41 do not appear to be directed at this Defendant and therefore do not require a response.

42.     The allegations of paragraph 42 do not appear to be directed at this Defendant and therefore do not require a response.

43.     The allegations of paragraph 43 do not appear to be directed at this Defendant and therefore do not require a response.

44.     The allegations of paragraph 44 do not appear to be directed at this Defendant and therefore do not require a response.

45.     The allegations of paragraph 45 do not appear to be directed at this Defendant and therefore do not require a response.

46.     The allegations of paragraph 46 do not appear to be directed at this Defendant and therefore do not require a response.

47.     The allegations of paragraph 47 do not appear to be directed at this Defendant and therefore do not require a response.

48.     The allegations of paragraph 48 do not appear to be directed at this Defendant and therefore do not require a response.

49.     The allegations of paragraph 49 do not appear to be directed at this Defendant and therefore do not require a response.

50.     The allegations of paragraph 50 do not appear to be directed at this Defendant and therefore do not require a response.

51.     The allegations of paragraph 51 do not appear to be directed at this Defendant and therefore do not require a response.

52.     The allegations of paragraph 52 do not appear to be directed at this Defendant and therefore do not require a response.

53.     The allegations of paragraph 53 do not appear to be directed at this Defendant and therefore do not require a response.

54.     The allegations of paragraph 54 do not appear to be directed at this Defendant and therefore do not require a response.

55.    The allegations of paragraph 55 do not appear to be directed at this Defendant and therefore do not require a response.

56.    The allegations of paragraph 56 do not appear to be directed at this Defendant and therefore do not require a response.

57.    The allegations of paragraph 57 do not appear to be directed at this Defendant and therefore do not require a response.

58.    The allegations of paragraph 58 do not appear to be directed at this Defendant and therefore do not require a response.

59.    The allegations of paragraph 59 do not appear to be directed at this Defendant and therefore do not require a response.

60.    The allegations of paragraph 60 do not appear to be directed at this Defendant and therefore do not require a response.

61.    The allegations of paragraph 61 do not appear to be directed at this Defendant and therefore do not require a response.

62.    To the extent that any portion of paragraph 62 is directed at this Defendant, the same is denied.

63.    The Defendant hereby adopts and incorporates by reference the responses to all preceding paragraphs as if fully set out herein.

64.    The allegations of paragraph 64 do not appear to be directed at this Defendant and therefore do not require a response.

65.     The allegations of paragraph 65 do not appear to be directed at this Defendant and therefore do not require a response.

66.     The allegations of paragraph 66 do not appear to be directed at this Defendant and therefore do not require a response.

67.     The allegations of paragraph 67 do not appear to be directed at this Defendant and therefore do not require a response.

68.     The allegations of paragraph 68 do not appear to be directed at this Defendant and therefore do not require a response.

69.     The allegations of paragraph 69 do not appear to be directed at this Defendant and therefore do not require a response.

70.     The allegations of paragraph 70 do not appear to be directed at this Defendant and therefore do not require a response.

71.     The allegations of paragraph 71 do not appear to be directed at this Defendant and therefore do not require a response.

72.     The allegations of paragraph 72 do not appear to be directed at this Defendant and therefore do not require a response.

73.     The allegations of paragraph 73 do not appear to be directed at this Defendant and therefore do not require a response.

74.     The allegations of paragraph 74 do not appear to be directed at this Defendant and therefore do not require a response.

75.    The allegations of paragraph 75 do not appear to be directed at this Defendant and therefore do not require a response.

76.    The allegations of paragraph 76 do not appear to be directed at this Defendant and therefore do not require a response.

77.    The allegations of paragraph 77 do not appear to be directed at this Defendant and therefore do not require a response.

78.    The allegations of paragraph 78 do not appear to be directed at this Defendant and therefore do not require a response.

79.    The allegations of paragraph 79 do not appear to be directed at this Defendant and therefore do not require a response.

80.    The Defendant admits that he drafted an appeal brief on the Plaintiff's behalf. The remaining allegations of paragraph 80 are denied.

81.    Denied.

## PRAYER FOR RELIEF

The Defendant denies that the Plaintiff is entitled to any of the relief requested.

## ADDITIONAL CLAIMS ADDED BY AMENDMENT

None of the allegations of the new claims added in the Amended Complaint are directed at this Defendant and therefore do not require a response.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

_____The allegations in the Complaint against this Defendant is untrue.

### THIRD DEFENSE

_____The damages asserted on behalf of the Plaintiff is the result of an intervening and/or superceding cause.

### FOURTH DEFENSE

The Plaintiff's claims are barred by collateral estoppel and/or judicial estoppel.

### FIFTH DEFENSE

The claims against this Defendant is barred by the applicable statute of limitations.

### SIXTH DEFENSE

Imposing damages for mental anguish or emotional distress is unconstitutional under the United States Constitution and the Constitution of the State of Alabama. Current Alabama procedures relative to damages for mental anguish and emotional distress provide no objective, logical or reasonable standards or criteria to govern the award or the amount of such damages; therefore this Defendant is denied due process and equal protection of the laws as guaranteed by the Fifth and Fourteenth Amendments to the United States

Constitution and Article I §§ 1, 6, 10, 11, 13, and 22 of the Alabama Constitution separately and severally.

### SEVENTH DEFENSE

The Plaintiff's claims are not ripe.

### EIGHTH DEFENSE

The Defendant pleads all provisions of Alabama Code § 6-5-570 though 6-5-581.

### NINTH DEFENSE

The Defendant denies that it is guilty of conduct for which punitive damages could or should be awarded and denies the Plaintiff has produced clear and convincing evidence to support or sustain an award of punitive damages against this Defendant.

### TENTH DEFENSE

The Defendant pleads insufficiency of process.

### ELEVENTH DEFENSE

The Defendant pleads insufficiency of service of process.

### TWELFTH DEFENSE

To award punitive damages against this Defendant in this case would violate the Contracts Clause of Article I, § 10 of the United States Constitution, as an award of punitive damages would impair the contractual obligations arising out of the transaction between the Plaintiff and the Defendant.

**THIRTEENTH DEFENSE**

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern an award, and the amount of the award, of punitive damages, this Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article I §§ 1, 6 and 22 of the Alabama Constitution separately and severally.

**FOURTEENTH DEFENSE**

In the event and to the extent that the award of punitive damages or the amount of the award of punitive damages under present Alabama practice and procedure is deemed to be governed by Alabama Code § 6-11-20, then and to that extent, said Section violates the Alabama Constitution and the United States Constitution, separately and severally, based upon the grounds numerated and set forth in the foregoing paragraphs.

**FIFTEENTH DEFENSE**

The demand for punitive damages in this case is subject to those limitations established by the Alabama Legislature set forth in Section 6-11-21 of the Alabama Code. The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the Legislature as to punitive damages.

## SIXTEENTH DEFENSE

Multiple punitive damage awards potentially may be assessed against this Defendant in violation of the Constitutions of the United States and of the State of Alabama, in violation of this Defendant's rights to due process and to a jury trial, and in violation of these Defendant's rights against double jeopardy.

## SEVENTEENTH DEFENSE

Plaintiff's own actions or inactions caused or contributed to her damages.

## EIGHTEENTH DEFENSE

This Defendant breached no duty owed to the Plaintiff.

## NINETEENTH DEFENSE

Plaintiff's claims are barred by the merger doctrine and parole evidence rule.

## TWENTY FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because of comparative and/or contributory negligence.

## TWENTY SECOND DEFENSE

Plaintiff has failed to mitigate her damages.

## TWENTY THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of latches, waiver and estoppel.

## TWENTY FORTH DEFENSE

The transactions at issue in this case were arms-length transactions.

## TWENTY FIFTH DEFENSE

The Defendant denies the standing of the Plaintiff in this action to bring suit against this Defendant.

## TWENTY SIXTH DEFENSE

The Defendant denies the material allegations of the Complaint, both separately and severally, and demands strict proof thereof.

## TWENTY SEVENTH DEFENSE

Any and all claims made by the Plaintiff is subject to the contractual limitations and defenses.

## TWENTY EIGHTH DEFENSE

The Defendant denies that any conduct on its part was the proximate cause of Plaintiff's claimed injuries and damages.

## TWENTY NINTH DEFENSE

The Defendant pleads and preserves the defenses of acquiescence, accord and satisfaction, and/or res judicata.

## THIRTIETH DEFENSE

The Defendant pleads and preserves the defenses of assumption of risk, failure of consideration, payment, release, and statute of frauds.

## THIRTY-FIRST DEFENSE

The Defendant is not guilty of the matters and things alleged in the Complaint.

-14-

## THIRTY-SECOND DEFENSE

The Defendant denies that he made any misrepresentations to the Plaintiff.

## THIRTY-THIRD DEFENSE

The Defendant denies that he suppressed and/or failed to disclose any material facts to the Plaintiff.

## THIRTY-FOURTH DEFENSE

The Defendant denies that the Plaintiff was injured or harmed in any way by any act or omission of Defendant or any of his agents.

## THIRTY-FIFTH DEFENSE

The Plaintiff has failed to join necessary and/or indispensable parties.

## THIRTY-SIXTH DEFENSE

The Complaint fails to state any claim for which punitive damages or damages for mental anguish or emotional distress can be awarded.

## THIRTY-SEVENTH DEFENSE

The Defendant denies that the Plaintiff reasonably relied on any alleged misrepresentations made by Defendant.

## THIRTY-EIGHTH DEFENSE

The Defendant is not guilty of negligence, recklessness, willfulness and/or wantonness.

## THIRTY-NINTH DEFENSE

Plaintiff is not entitled to recover the damages, punitive or otherwise, sought in the Complaint.

## FORTIETH DEFENSE

_____The Defendant denies that he breached any contract they allegedly made with Plaintiff.

## FORTY-FIRST DEFENSE

The Defendant hereby reserves the right to add any additional defenses that may be discovered at a later date.

Respectfully submitted,

**s/JOSEPH E. STOTT**
AS B-4163-T71J
Attorney for Defendant James D. Hamlett, Esq.
**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, AL 35344
(205) 967-9675 - Telephone
(205) 967-7563 - Facsimile
jstott@sssandf.com - Email

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KATHRYN BAUMAN RUBENSTEIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL CASE NO. 1:07cv798-MHT** |
| | ) | |
| **JAMES D. HAMLETT, Esq., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

  This is to certify that on <u>October 2, 2007</u>, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel who are CM/ECF participants: Wade H. Baxley, Esq., Don P. Bennett, Esq. Jack M. Conaway, Esq., James D. Farmer, Esq., Robert M. Girardeau, Esq., William W. Hinesley, Esq., William L. Lee, III, Esq., Steve G. McGowan, Esq., Virginia L. McInnis, Esq., R. Cliff Mendheim, Esq., William W. Nichols, Esq., Jere C. Segrest, Esq., Phillip D. Segrest, Jr., Esq., Gary C. Sherrer, Esq., John A. Smyth, III, Esq., Anne S. Sublin, Esq. and I hereby certify that I have mailed by United States Postal Service the document to all non-CM/ECF participants:

Mr. Brian Bickhaus
3201 Ross Clark Circle
Dothan, AL 36303

Mr. Robert Birmingham
8 Commerce Street
Montgomery, AL 36104

Ms. Pat Black
3201 Ross Clark Circle
Dothan, AL 36303

-17-

Ms. Judy Byrd
407 Drake Drive
Dothan, AL 36305

Mr. Richard Fox
P.O. Box 900
Tallahassee, FL 32302

Ms. Margaret Johnson
500 Dusy Street
Dothan, AL 36301

Mr. Carl E. Jones
1510 Smolian Place
Birmingham, AL 35205

Mr. D. Bryan Jordan
417 20th Street
Birmingham, AL 36202

Ms. Cynthia Pittman
P.O. Box 6406
Dothan, AL 36302

Richard H. Ramsey, III, Esq.
256 Honeysuckle Road, Suite 26
Dothan, AL 36305

Regions Bank
3201 Ross Clark Circle
Dothan, AL 36303

Tommy Scarborough, Esq.
119 S. Foster Street
Dothan, AL 36301

Ms. Carla Henby Woodall
P.O. Box 3406
Dothan, AL 36302

Respectfully submitted,

**s/JOSEPH E. STOTT**
AS B-4163-T71J
Attorney for Defendant James D. Hamlett
**SCOTT, SULLIVAN, STREETMAN & FOX, P.C.**
2450 Valleydale Road
Birmingham, AL 35344
(205) 967-9675 - Telephone
(205) 967-7563 - Facsimile
jstott@sssandf.com - Email