IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHRYN BAUMAN RUBENSTEIN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CIVIL CASE NO.: 1:07cv798-MHT |
| | ) | |
| BETTY JO BAUMAN, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

### SECOND MOTION TO DISMISS ON BEHALF OF MARILYN BAUMAN GRANGER, BENNIE WAYNE GRANGER, GRANGER LIMITED, INC., BARBARA BAUMAN KAMENSKY AND ALLEN KAMENSKY

COME NOW the Defendants, Marilyn Bauman Granger, Bennie Wayne Granger, Granger Limited, Inc., Barbara Bauman Kamensky and Allen E. Kamensky and move this Honorable Court for an order dismissing the above case against them on the following grounds:

1.  In Judge Capel's September 13, 2007 Order, he characterized Plaintiff's Original and Amended Complaints as fatally defective and ordered[1] her to file a Second Amended Complaint no later than October 4, 2007 "which specifically states the wrongful acts committed by each Defendant, including the date and place of wrongdoing, the federal statute or constitutional provision that

---

[1] Judge Capel also ordered the Plaintiff to provide the Court with the status of any state court proceedings related to the case, particularly Houston County case number CV-02-5063. On September 27, 2007, Judge Smithart issued an order dismissing Plaintiff's claims against all defendants except Regions Bank, concluding that the claims violated the Alabama Litigation Accountability Act and inviting counsel for the defendants to submit Attorney's fees affidavits within 30 days. A copy of the order is attached as Exhibit A.

was violated by each act or wrongdoing, and the specific injury or damage to Rubenstein as a result of each act or wrongdoing."

2.    The Plaintiff filed her Amended Complaint on October 5, 2007, one day beyond the Court's deadline.

3.    In addition to the Amended Complaint being untimely, it remains fatally defective as to these defendants because although it identifies Marilyn Bauman Granger, Bennie Wayne Granger, Granger Limited, Inc., Barbara Bauman Kamensky and Allen E. Kamensky as defendants in the style and jurisdictional section, it fails to assert a cause of action against or even mention these defendants in the body of the pleading. Therefore, it necessarily fails to state with specificity the wrongful acts committed by these Defendants, the legal basis for any claims against these Defendants or any injury or damage resulting from any act of these Defendants as required by the Order.

4.    Rule 8(a)(2) of the *Federal Rules of Civil Procedure* requires that a plaintiff's Complaint contain at the very least a short and plain statement of a claim showing entitlement to relief. *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683-684 (11th Cir. 2001) (recognizing that a complaint must contain "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.

5.    Plaintiff's Second Amended Complaint is deficient under Rule 8 because by failing to include any allegations against these Defendants in the body of the Complaint it necessarily lacks a statement of a claim that shows her

entitlement to relief. *See McAlees v. U.S. Government*, 1996 WL 756522 *3 (S.D. Fla. 1996) (concluding that because plaintiff named several individuals in the style of the case, but discussed none of them in the body of the complaint, the "pleading is insufficient to state a cause of action against these individuals, even under the most liberal of constructions of *Fed.R.Civ.P.* 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.' "); *Wright v. Butts*, 953 F. Supp. 1343, 1349 (M.D. Ala. 1996) (granting summary judgment in favor of Defendant Pena where the only reference to Pena in the body of the complaint is the plaintiff's suggestion that Pena should be realigned as a plaintiff); *Hoffman v. Halden*, 268 F.2d 280, 303 (9th Cir. 1959) (*overruled on other grounds*) (noting that "the caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption."); *Barnett v. Mobile County Personnel Board*, 536 So. 2d 46, 50 (Ala. 1988) (citing Wright and A. Miller's, *Federal Practice and Procedure* for the proposition that "[a]lthough helpful to the court, the caption usually is not considered a part of the pleader's statement of claim or response and is not determinative as to the parties to the action;" rather, courts "must look to the allegations in the body of the complaint in order to determine the nature of the plaintiff's cause of action.").

    6.    A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint. *Hardy v. Town of Hayneville,* 50 F. Supp. 2d 1176, 1183 (M.D. Ala. 1999).

7. Plaintiff's original and amended complaints are in all respects legally deficient under any set of facts that she can prove consistent with her Complaint.

8. Even if the Court somehow believes that Plaintiff's Second Amended Complaint states a cause of action against these Defendants, her Complaint is nonetheless due to be dismissed under the doctrine of *res judicata* because those claims could have been asserted in the previous state court action. *See* (Original Motion to Dismiss, Paragraph 10).

19. As argued in Defendants' original motion to dismiss, Plaintiff has a history of filing frivolous and meritless claims against counsel, judges, parties and interested persons involved in the underlying State court action.

11. Plaintiff's Second Amended Complaint is likewise frivolous and without merit and Plaintiff should be appropriately sanctioned pursuant to *Fed.R.Civ.P.* Rule 11.

WHEREFORE, based upon the foregoing, Defendants pray that this Court will dismiss Plaintiff's original and amended complaints.

Respectfully submitted,

*s/William L. Lee, III*
WILLIAM L. LEE, III        (LEE007)
wlee3@leeandmcinish.com

        *s/William W. Nichols*
        WILLIAM W. NICHOLS   (NIC027)
        wnichols@leeandmcinish.com

**OF COUNSEL**:
LEE & McINISH, P.C.
*Attorneys for Defendants*
*Marilyn Bauman Granger,*
*Bennie Wayne Granger,*
*Granger Limited, Inc.,*
*Barbara Bauman Kamensky*
*and Allen E. Kamensky*
Post Office Box 1665
Dothan, Alabama 36302
Telephone (334) 792-4156
Facsimile (334) 794-8342

## CERTIFICATE OF SERVICE

     I hereby certify that on October 15, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Wade Hampton Baxley, Esq.
*Attorney for Lee & McInish, P.C., William L. Lee, III, Esq., Joel Weatherford, Esq, Farmer, Price, Hornsby & Weatherford, L.L.P., Lexa Dowling, Esq., Jere Segrest, Esq.*
mailto:whb@rbmlaw.org, mailto:dm@rbmlaw.org

Don P. Bennett, Esq.
*Attorney for Pitcher & Associates, Nanette Pitcher, Deep South Investments, Dianne Ream, D.Ream Properties, Arthur Medley, Faye Ferrell, M.D. & Doug McKeown, Ph.D.*
mailto:2bennett@comcast.net

Bethany L. Bolger, Esq.
*Attorney for Tommy Scarborough, Esq.*
mailto:blb@rsjg.com

Jack Michael Conaway, Esq.
*Attorney for Lexa Dowling, Esq.*
mailto:jmclaw@graceba.net

James Davis Farmer, Esq.
*Attorney for PeopleSouth Bank & Midsouth Bank*
mailto:jdf@ffmlaw.com, mailto:anm@ffmlaw.com

Robert Merrill Girardeau, Esq.
*Attorney for Ross Kennedy and McDaniel & Associates*
mailto:rmg@hfsllp.com, mailto:shb@hfsllp.com

William Wallace Hinesley, Esq.
*Attorney for G. David Johnston & Johnston, Hinesley, Flowers & Clenny, P.C.,*
mailto:whinesley@jhfc-law.com, mailto:mchancey@jhfc-law.com

Steve G. McGowan, Esq.
*Attorney for Ann Chandler & Marie W. Bauman*
mailto:wula@aol.com, mailto:anlee04@hotmail.com

Virginia Lynn McInnes, Esq.
*Attorney for PeopleSouth & Midsouth Bank*
mailto:vlm@ffmlaw.com

R. Cliff Mendheim, Esq.
*Attorney for Tom Zeigenfelder, Zeigooley, Inc., & Wallace Colley,*
mailto:rcliffmendheim@graceba.net

F. Chadwick Morriss, Esq.
*Attorney for Tommy Scarborough, Esq.*
mailto:fcm@rsjg.com

Richard H. Ramsey, III, Esq.
*Attorney for James D. Hamlett*
mailto:tara@ramseycourt.biz
Jere C. Segrest, Esq.
*Attorney for Betty Jo Bauman*
mailto:jerecs@aol.com

Philip Dale Segrest, Jr., Esq.
*Attorney for Dale Segrest*
mailto:Philip.Segrest@SegrestLaw.com

T. Grant Sexton, Jr., Esq.
*Attorney for Tommy Scarborough, Esq.*
mailto:gsexton@rsjg.com

Gary Clayborn Sherrer, Esq.
*Attorney for Officer Joiner, Officer Ivey, Officer Kirksey, Houston County Sheriff's Department & Sheriff Andy Hughes*
mailto:gary@sjt-law.com, mailto:Debbie@sjt-law.com;

John Albert Smyth, III, Esq.
*Attorney for Sandra K. Anderson, Judge Larry K. Anderson, Mrs. Philip Dale Segrest, Judge Dale Segrest, Chief Justice Drayton Nabers, Fairfax Nabers, Judge Bernard Smithart, Elizabeth Smithart,*
mailto:jsmyth@maynardcooper.com, mailto:ccoggin@maynardcooper.com

Joseph E. Stott, Esq.
*Attorney for James D. Hamlett, Esq.*
mailto:jstott@sssandf.com


Anne Stone Sumblin, Esq.
*Attorney for CB&T*
mailto:asumblin@oppcatv.com

Joel Weatherford, Esq.
*Attorney for Regions Bank, Brian Brickhaus, Richard Fox, Robert Birmingham, Pat Black, Boyd Horn, Carl E. Jones, D. Bryan Jordan*
mailto:jweatherford@fphw-law.com, mailto:pphillips@fphw-law.com;


    I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and property addressed to the following non-CM/ECF participants:

    Judy Byrd
    407 Drake Drive
    Dothan, AL 36305

    Houston County DHR
    P.O. Box 2027
    Dothan, AL  36302-2027

    Cynthia Pittman
    P.O. Drawer 6406
    Dothan, AL 36302

Kathryn Bauman Rubenstein
P.O. Box 2243
Dothan, AL 36302

Carla H. Woodall
Houston County Circuit Clerk
P.O. Drawer 6406
Dothan, AL 36302

                                              *s/William W. Nichols*
                                              Of Counsel

KATHRYN BAUMAN RUBENSTEIN, * IN THE CIRCUIT COURT OF

      PLAINTIFF, * HOUSTON COUNTY, ALABAMA

VS. *

BETTY JO BAUMAN, ET AL, * CIVIL ACTION NO.: CV 2002-5063

      DEFENDANTS. *

FILED SEP 2 6 2007 Carla Woodall, Clerk Houston County, AL

## ORDER

Pursuant to the Order dated July 26, 2007, and entered on July 31, 2007 (the "Hearing Order"), this Court set for hearing on September 5, 2007, a total of 39 pending motions. After the Hearing Order was entered, other motions were filed by Defendants and Plaintiff. The pending motions filed by the Defendants included Motions to Strike, Motions to Dismiss, Motions for Costs and Sanctions and Motions for Attorney Fees, and the motions sought, among other relief, the following:

    a) The dismissal of Plaintiff's Amended Complaint filed September 22, 2006, and her Addendum to Amended Complaint filed September 22, 2006, and her Second Addendum to Amended Complaint filed October 13, 2006;

    b) The striking of Plaintiff's Amended Complaint and the two Addendums due to her failure to obtain leave from the Court under Rule 15(a), Ala.R.Civ.P., and other reasons set forth in said motions; and

    c) The assessment and payment of costs and attorneys fees incurred by the Defendants pursuant to the Alabama Litigation Accountability Act, §§12-19-273, et. seq., Code of Alabama, 1975, as amended, due to Plaintiff bringing this action against certain Defendants without substantial justification.

On September 5, 2007, Defendants, both individually and through their respective attorneys of record, appeared before the Court for a hearing on all pending Motions. Plaintiff did not appear at this hearing, but instead she filed on September 5, 2007, a "Motion to


EXHIBIT A

Recuse and Motion to Stay Proceedings" which was not served on any Defendant and which was considered and denied by this Court by written endorsement on the motion dated September 5, 2007, per Rule 58(a)(3), Ala.R.Civ.P.

Having considered all pending Motions filed by the Defendants, the parties' respective pleadings and the evidence and arguments presented at the September 5th hearing, the Court finds and ORDERS as follows:

1) All Motions to Dismiss are GRANTED and the Plaintiff's Amended Complaint filed September 22, 2006, her Addendum to Amended Complaint filed September 22, 2006, and her Second Addendum to Amended Complaint filed October 13, 2006 (collectively, the "2006 Amendments"), are hereby DISMISSED and all Defendants who Plaintiff sought to add to this action pursuant to her 2006 Amendments are hereby DISMISSED. In addition, the Motion for Lack of Personal Jurisdiction as to defendant Allen E. Kamensky is GRANTED.

2) The Motions to Strike and Motions for Misjoinder are declared to be MOOT due to the granting of the Motions to Dismiss and the DISMISSAL of the 2006 Amendments and the Dismissal of all Defendants that the Plaintiff sought to add to this action pursuant to the 2006 Amendments. Any other pending Motion filed by the Plaintiff not specifically addressed in this Order is hereby denied.

3) Pursuant to the Motions and the Court's own initiative, the Court finds and determines that Plaintiff asserted claims and causes of action against the Defendants who Plaintiff sought to add to this action pursuant to the 2006 Amendments without substantial justification, either in whole or in part, or Plaintiff interposed these claims and causes of action for delay or harassment, all within the meaning of, and as provided by, the Alabama Litigation Accountability Act, and, therefore, the Court hereby assesses reasonable attorneys fees and costs against the Plaintiff with such amounts to be determined and approved at a

later date by this Court. The attorneys for the Defendants are hereby directed by the Court to file affidavits within thirty (30) days from the date off this Order setting forth the amount of attorney's fees and costs so incurred in defense of their respective clients for review and approval by this Court. The Court hereby retains jurisdiction of this matter pending consideration and assessment of the requested attorney's fees and cost.

    4) This Order is also rendered pursuant to Rule 12(c) of the Ala.R.Civ.P., and the Motions to Dismiss of the Defendants are treated as motions for summary judgment as provided in Rule 56 of the Ala.R.Civ.P. Pursuant to Rule 54(b), Ala.R.Civ.P., the Court hereby directs that the entry of this Order as to the dismissal of all of the claims asserted in the 2006 Amendments and all of the Defendants sought to be added pursuant to the 2006 Amendments shall be a final judgment as the Court finds and orders that there is no just reason for delay and that this Order shall be treated as a final judgment.

With the entry of this final judgment as to the 2006 Amendments and the Defendants that were added by the 2006 Amendments and the final adjudication on appeal of the will contest by the order of the Alabama Supreme Court on June 15, 2007, in Supreme Court Case No. 1060660, this action remains pending on the original Complaint, as amended by Plaintiff's June 13, 2003, Amended Complaint (the "2003 Amended Complaint"), and against Defendant Regions Bank only with respect to Plaintiff's claims of breach of fiduciary duty, negligence and wantonness as stated in the 2003 Amended Complaint.

**DONE AND ORDERED** this the _20th_ day of September, 2007.

_____
Hon. Burt Smithart, Circuit Judge