IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN BAUMAN RUBENSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:07cv798-MHT |
| ) | |
| BETTY JO BAUMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On September 13, 2007, this Court ordered that Plaintiff Kathryn Bauman Rubenstein (Rubenstein), file a Second Amended Petition and provide the Court with documented verification of the status of any state court proceedings related to this case, including the status of Houston County case number CV-02-5063. (Doc. #13). On October 5, 2007, Rubenstein filed her Second Amended Petition (Doc. #108), but failed to comply with the Court's order regarding the status of state court proceedings. In the Second Amended Complaint (Doc. #108), Rubenstein did list: Houston County Case # CV-02-5063; Alabama Court of Civil Appeals case nos. # 2030112 & #2050386; and Alabama Supreme Court case # 1060660, however, she failed to provide the Court with documented verification of the status of the state court proceedings or to even state the status of such cases.

As this Court stated in the Recommendation to deny Rubenstein's request for a preliminary injunction: "due to the apparent relatedness of this action to ongoing litigation in the Circuit Court of Houston County, Alabama, (CV-02-5063), the Court is concerned that

Rubenstein's Complaint may run afoul of the Rooker-Feldman doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (excluding the United States Supreme Court, the federal courts may not review the final judgment of a state court)." (Doc. #45) If this case is currently pending in state court, and if Rubenstein is requesting that this Court simply overrule the decision of the Houston County Circuit Court[1], this Court may not have subject-matter jurisdiction to hear this matter. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (Holding that Rooker-Feldman doctrine applies "to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.")  Therefore, for good cause, it is

ORDERED that **on or before October 23, 2007**, Rubenstein shall provide the Court with **documented verification of the status** of any state court proceedings related to this case, including the status of Houston County case number CV-02-5063.  Rubenstein is warned that failure to provide the Court with this information may lead the undersigned to recommend to the district judge that the Complaint be dismissed because Plaintiff has abandoned her claim(s). It is further

ORDERED that the Clerk of Court shall overnight mail this order to Plaintiff.

DONE this 16th day of October, 2007.

---

[1] In the Prayer for Relief, Rubenstein requests that this Court "[r]emand CV-02-5063 to an appropriate Court for necessary discovery and trial by jury." (Doc. #108 at 26)

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE