UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN BAUMAN RUBENSTEIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BETTY JO BAUMAN, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br>1:07cv798-MHT |

## SECOND MOTION TO DISMISS

Pursuant to Rule 12(b)(6), FED.R.CIV.P., defendant Community Bank & Trust of Southeast Alabama ("CB&T"), identified in the plaintiff's Complaint as defendant Number 57, again moves this Court to dismiss the Complaint, the First Amended Complaint, and the Second Amended Complaint (together, the "Complaints"), for failure of the plaintiff to state any claim against CB&T upon which relief can be granted. In support of its motion, CB&T says as follows:

1.  The plaintiff failed to comply with this Court's Order of September 13, 2007. First the plaintiff failed to file timely her Second Amended Complaint in accordance with the Court's Order. Second, the plaintiff failed to plead with specificity any facts and any claims of plaintiff as to each defendant she named in this action as directed by the Court's Order.

2.  Even if the Court considers the Second Amended Complaint, the plaintiff's Complaints still fail to allege any facts or claims as to CB&T to support any claim for relief. *See* Complaint, First Amended Complaint, and Second Amended Complaint. The only reference to CB&T is found in the Complaint on page 11 at paragraph 57. *See* Complaint. There, the plaintiff states, "Defendant, CB&T Bank, is an Alabama Corporation operating in Enterprise,

Alabama." *Id*. The plaintiff fails to make any further statements in her Complaints of any facts, claims, causes of action, allegations, acts or omissions, or legal theories with respect to CB&T. *See* Complaints. In the absence of any allegations or pleadings that set forth any claim or possible claim upon which relief for plaintiff can be granted against CB&T, the Motion to Dismiss is due to be granted. *See e.g., Wright v. Butts, et al.,* 953 F.Supp. 1343, 1349 (M.D. Ala. 1996) (pro se plaintiff's complaint against one defendant failed to make any allegations against defendants so that summary judgment for that defendant was granted).

   3. CB&T further responds that the plaintiff has a pending state court action (CV 2002-5063, Houston County Circuit Court) in which she sought to add CB&T as a defendant in October 2006 pursuant to belated and improper amendments to her complaint in that action. By order entered on September 26, 2007 (copy attached as Exhibit A), CB&T was dismissed as a defendant in that action. Any complaint of Plaintiff in this Court against CB&T that alleges any claims that she asserted or could have asserted against CB&T in the state court action is barred by the doctrine of "prior pending action," as codified at §6-5-440, CODE OF ALABAMA (2005 Repl.Vol.). *See e.g., Ex parte Metropolitan Prop. & Cas. Ins. Co.*, \_\_\_\_ So.2d \_\_\_, 2007 WL 1576078 (Ala.Sup.Ct. June 1, 2007). Moreover, the doctrines of res judicata, collateral estoppel, and the *Rooker-Feldman* doctrine prevent plaintiff from making any collateral attack in this Court of the rulings or proceedings in her state court action as to claims asserted or that could have been asserted in the state court action. *See e.g., Industrial Communications and Electronics v. Monroe County,* 134 Fed. Appx. 314, 2005 WL 1253881 (11th Cir. 2005) (federal action dismissed where it sought to litigate claims "inextricably interwined" with claims in prior state court action) (unpublished opinion cited per CTA 11 Rule 36-2).

4.       CB&T reserves its rights to seek sanctions against the plaintiff and reimbursement of its attorneys' fees and expenses under Rule 11, FED.R.CIV.P., and 42 U.S.C. §1988(b).

WHEREFORE, PREMISES CONSIDERED, CB&T prays that this Court will grant its Second Motion to Dismiss. CB&T prays for such other and further relief that this Court deems appropriate.

Respectfully submitted,

/s/ Anne Sumblin_____
Anne Stone Sumblin (STO 038)
Attorney for CB&T

OF COUNSEL:
WALSTON WELLS & BIRCHALL, LLP
PO Box 345
Kinston, AL 35643
Telephone: (334) 565-3380
Telecopier: (334) 565-3076
*asumblin@oppcatv.com*

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 23rd day of October, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/EMF system which will serve notification of such filing on the following:

William Lovard Lee, III, Esq.
William W. Nichols, Esq.
*Attorney for Marilyn Granger;, Barbara Kamensky; Alan Kamensky; B. Wayne Granger; Granger Limited*
Lee & McInish
P.O. Box 1665
Dothan, AL 36302
*Email: wlee3@leeandmcinish.com; wnichols@leeandmcinish.com*

James Davis Farmer, Esq.
Virginia Lynn McInnis, Esq.
*Attorneys for PeoplesSouth Bank; Midsouth Bank*
Farmer Farmer & Malone PA
P.O. Drawer 668
Dothan, AL 36302
*Email: jdf@ffmlaw.com; vlm@ffmlaw.com*

W. Wallace Hinsley, Esq.
*Attorney for Johnston, Hinesley, Flowers, Clenney & Turner; G. David Johnston*
P.O. Box 2246
Dothan, AL 36302
*Email: whinesley@jhfc.com*

Gary C. Sherrer, Esq.
*Attorney for Sheriff Andy R. Hughes, Officer Cary LaDon Joyner, Officer Phillipe D. Kirksey, Officer James G. Ivey, Jr.*
Sherrer, Jones & Terry, P.C.
335 West Main Street
Dothan, AL 36301
*Email: gary@sjt-law.com*

Phillip D. Segrest, Jr., Esq.
*Attorney for Dale and Mrs. Phillip Dale Segrest*
301 King Street
Tallassee, AL 36078
*Email: dale.segrest@segrestlaw.com*

Wade H. Baxley, Esq.
*Attorney for Joel W. Weatherford; Farmer, Price, Hornsby & Weatherford, LLP; J. Michael Conaway, Jere C. Segrest; Lexa E. Dowling; William L. Lee, III and Lee & McInnish, P.C.*
Ramsey, Baxley & McDougle
P.O. Drawer 1486
Dothan, AL 36302
*Email: whb@rbmlaw.org*

R. Cliff Mendheim, Esq.
*Attorney for Wallace Cooley, Tom Zeigenfelder and Zeigooley Realty, LLC*
P.O. Box 2147
Dothan, AL 36302
*Email: rcliffmendheim@graceba.net*

Steve McGowan, Esq.
*Attorney for Marie W. Bauman; Ann Chandler*
P.O. Box 2
Dothan, AL 36302
*Email:wula@aol.com*

Don P. Bennett, Esq.
*Attorney for Nanette Pitcher, Pitcher & Associates, Darlene Reams, Reams Properties; Faye Ferrell; Doug McKeown; Arthur Medley;Don Bennett and Deep South Development Corporation*
P.O. Box 1392
Dothan, AL 36302
*Email: 2bennett@comcast.net*

John A. Smyth, III, Esq.
*Attorney for Elizabeth Smithart; Sandra K. Anderson; Mrs. Phillip Dale Segrest; Fairfax Nabors; Judy Byrd; Carla Hemby Woodall; Cynthia Pittman; Judge Bernard Smithart; Judge Larry K. Anders; retired Judge Dale*

Joel W. Weatherford, Esq.
*Attorney for Regions Bank; Brian Bickhaus; Pat Black; Richard Fox; Robert Birmingham; Boyd F. Horn; Carl E. Jones, Jr. and D. Bryan Jordan*
P.O. Drawer 2228
Dothan, AL 36302
*Email: jweatherford@fphw-law.com*

Michael Conaway, Esq.
*Attorney for Lexa Dowling, Guardian and Conservator of the Estate of Betty Jo Bauman*
P.O. Box 1631
Dothan, AL 36302
*Email: jmclaw@graceba.net*

Joseph E. Stott, Esq.
*Attorney for James D. Hamlett*
Scott, Sullivan, Streetman & Fox PC
P.O. Box 380548
Birmingham, AL 35238-0548

Robert Merrill Girardeau, Esq.
*Attorney for McDaniel & Associates and Ross Kennedy*
Huie, Fernambucq Stewart, LLP
Three Protective Center
2801 Highway 280 South, Suite 200
Birmingham, AL 35223-2484
*Email: rmg@hfsllp.com*

*Segrest; Drayton Nabers*
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North - Suite 2400
Birmingham, aL 35203
*Email: jsmyth@maynardcooper.com*

Bethany L. Bolger, Esq.
F. Chadwick Morriss, Esq.
Thomas Grant Sexton, Jr.
*Attorneys for Tommy Scarborough*
Rushton, Stakely, Johnston & Garrett
184 Commerce Street
P.O. Box 270
Montgomery, AL 36104
Email: *bbolger@rsjg.com; fcm@rsjg.com; gsexton@rsjg.com*

Richard H. Ramsey, III
*Attorney for Richard H. Ramsey, III*
Ramsey Court
256 Honeysuckle Road, Suite 26
Dothan, AL 36305
*Email: tara@ramseycourt.biz*

    I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed:

Ms. Kathryn Bauman Rubenstein
P.O. Box 2243
Dothan, Alabama 36302

Margaret Johnson
Houston County DHR
3201 Ross Clark Circle, S.E.
Dothan, AL 36301

Houston County DHR
3201 Ross Clark Circle SE
Dothan, AL 36301

                            /s/ Anne Stone Sumblin
                            Of Counsel

KATHRYN BAUMAN RUBENSTEIN, * IN THE CIRCUIT COURT OF

      PLAINTIFF, * HOUSTON COUNTY, ALABAMA

VS. *

BETTY JO BAUMAN, ET AL,   CIVIL ACTION NO.: CV 2002-5063

      DEFENDANTS. *

FILED SEP 26 2007
Carla Woodall, Clerk
Houston County, AL.

## ORDER

Pursuant to the Order dated July 26, 2007, and entered on July 31, 2007 (the "Hearing Order"), this Court set for hearing on September 5, 2007, a total of 39 pending motions. After the Hearing Order was entered, other motions were filed by Defendants and Plaintiff. The pending motions filed by the Defendants included Motions to Strike, Motions to Dismiss, Motions for Costs and Sanctions and Motions for Attorney Fees, and the motions sought, among other relief, the following:

    a)     The dismissal of Plaintiff's Amended Complaint filed September 22, 2006, and her Addendum to Amended Complaint filed September 22, 2006, and her Second Addendum to Amended Complaint filed October 13, 2006;

    b)     The striking of Plaintiff's Amended Complaint and the two Addendums due to her failure to obtain leave from the Court under Rule 15(a), Ala.R.Civ.P., and other reasons set forth in said motions; and

    c)     The assessment and payment of costs and attorneys fees incurred by the Defendants pursuant to the Alabama Litigation Accountability Act, §§12-19-273, et. seq., Code of Alabama, 1975, as amended, due to Plaintiff bringing this action against certain Defendants without substantial justification.

On September 5, 2007, Defendants, both individually and through their respective attorneys of record, appeared before the Court for a hearing on all pending Motions. Plaintiff did not appear at this hearing, but instead she filed on September 5, 2007, a "Motion to

EXHIBIT A

Recuse and Motion to Stay Proceedings" which was not served on any Defendant and which was considered and denied by this Court by written endorsement on the motion dated September 5, 2007, per Rule 58(a)(3), Ala.R.Civ.P.

Having considered all pending Motions filed by the Defendants, the parties' respective pleadings and the evidence and arguments presented at the September 5th hearing, the Court finds and ORDERS as follows:

1) All Motions to Dismiss are GRANTED and the Plaintiff's Amended Complaint filed September 22, 2006, her Addendum to Amended Complaint filed September 22, 2006, and her Second Addendum to Amended Complaint filed October 13, 2006 (collectively, the "2006 Amendments"), are hereby DISMISSED and all Defendants who Plaintiff sought to add to this action pursuant to her 2006 Amendments are hereby DISMISSED. In addition, the Motion for Lack of Personal Jurisdiction as to defendant Allen E. Kamensky is GRANTED.

2) The Motions to Strike and Motions for Misjoinder are declared to be MOOT due to the granting of the Motions to Dismiss and the DISMISSAL of the 2006 Amendments and the Dismissal of all Defendants that the Plaintiff sought to add to this action pursuant to the 2006 Amendments. Any other pending Motion filed by the Plaintiff not specifically addressed in this Order is hereby denied.

3) Pursuant to the Motions and the Court's own initiative, the Court finds and determines that Plaintiff asserted claims and causes of action against the Defendants who Plaintiff sought to add to this action pursuant to the 2006 Amendments without substantial justification, either in whole or in part, or Plaintiff interposed these claims and causes of action for delay or harassment, all within the meaning of, and as provided by, the Alabama Litigation Accountability Act, and, therefore, the Court hereby assesses reasonable attorneys fees and costs against the Plaintiff with such amounts to be determined and approved at a

later date by this Court. The attorneys for the Defendants are hereby directed by the Court to file affidavits within thirty (30) days from the date off this Order setting forth the amount of attorney's fees and costs so incurred in defense of their respective clients for review and approval by this Court. The Court hereby retains jurisdiction of this matter pending consideration and assessment of the requested attorney's fees and cost.

4) This Order is also rendered pursuant to Rule 12(c) of the Ala.R.Civ.P., and the Motions to Dismiss of the Defendants are treated as motions for summary judgment as provided in Rule 56 of the Ala.R.Civ.P. Pursuant to Rule 54(b), Ala.R.Civ.P., the Court hereby directs that the entry of this Order as to the dismissal of all of the claims asserted in the 2006 Amendments and all of the Defendants sought to be added pursuant to the 2006 Amendments shall be a final judgment as the Court finds and orders that there is no just reason for delay and that this Order shall be treated as a final judgment.

With the entry of this final judgment as to the 2006 Amendments and the Defendants that were added by the 2006 Amendments and the final adjudication on appeal of the will contest by the order of the Alabama Supreme Court on June 15, 2007, in Supreme Court Case No. 1060660, this action remains pending on the original Complaint, as amended by Plaintiff's June 13, 2003, Amended Complaint (the "2003 Amended Complaint"), and against Defendant Regions Bank only with respect to Plaintiff's claims of breach of fiduciary duty, negligence and wantonness as stated in the 2003 Amended Complaint.

DONE AND ORDERED this the _20th_ day of September, 2007.

_____
Hon. Burt Smithart, Circuit Judge