**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION** RECEIVED

2007 OCT 23 P 3: 53

KATHRYN BAUMAN RUBENSTEIN,                )
    PLAINTIFF,                                    )
                                 )
Vs.                                                          )      **CIVIL CASE**
                                  )      **NO. 1:07CV798-MHT**
BETTY JO BAUMAN,et Al                          )
    DEFENDANTS                                )

## ADDENDUM TO SECOND AMENDED COMPLAINT

**COMES NOW,** Plaintiff, Kathryn Bauman Rubenstein, in the above styled matter files this her addendum with copies of exhibits attached as requested by the Honorable Wallace Capel, Jr., in his ORDER of October 16, 2007;

Additionally, Your Plaintiff request permission from this Court to encompass actions that occurred subsequent to her initial filing of this matter in this court and prior to her filing her Second Amended Complaint with this Court;

and shows unto this Court as follows:  Houston County Circuit Court Case: CV02-5063 Plaintiff filed a motion September 5, 2007 that the Honorable Bernard Smithart recuse himself in said matter due to his being a defendant in case 1:07CV798-MHT. Judge Smithart denied said motion and ruled from the bench September 5, 2007 regarding plaintiff's September 22, 2006 Motion in case CV-025063 (Exhibits **19 & 21**).

Plaintiff avers that she has **AGAIN** been denied discovery, due process and the right to bring actions against those parties who have committed tortuous acts, which denies Plaintiff her very Constitutional rights as established under the United States Constitution with regard to Houston County Court Case: Cv-02-5063 and moves this Honorable Court to allow her necessary discovery and right for due process and any such other rights available to her as allowed under the law.

1

**ATTACHED EXHIBITS**

**Exhibit 1:** June 12, 2003, Amended Complaint
**Exhibit 2:** June 12, 2003, Response to Summary Judgment
**Exhibit 3:** June 30, 2003, Summary Judgment Order
**Exhibit 4:** February 11, 2005, Plaintiff's Interrogatories, which remain unanswered.
**Exhibit 5:** September 22, 2005, ORDER re: Discovery.
**Exhibit 6:** September 22, 2005, ORDER re: Discovery.
**Exhibit 7:** September 22, 2005, ORDER re: Discovery.
**Exhibit 8:** September 22, 2005, ORDER re: Discovery.
**Exhibit 9:** September 22, 20005, ORDER re: Discovery.
**Exhibit 10:** November 4, 2005, ORDER re: Discovery & Sanctions.
**Exhibit 11:** November 4, 2005, ORDER re: REHEAR SUMMARY JUDGEMENT.
**Exhibit 12:** November 4, 2005, ORDER re: Discovery, Sanctions.
**Exhibit 13:** November 8, 2005, ORDER re: Discovery.
**Exhibit 14:** November 8, 2005, ORDER re: Discovery.
**Exhibit 15:** November 8, 2005, ORDER re: Discovery.
**Exhibit 16:** November 16, 2005, ORDER re: Discovery and Rehear Summary Judgment.
**Exhibit 17:** November 22, 2005, ORDER re: Rehear Summary Judgment.
**Exhibit 18:** December 5, 2005, ORDER re: Granting Summary Judgment which was previously denied.
**Exhibit 19:** September 22, 2006, Plaintiff's Amended Complaint.
**Exhibit 20:** May 15, 2007, ORDER re: restriction of Plaintiff's rights.
**Exhibit 21:** September 20,2007, ORDER re: dismissal of Plaintiff's amended complaint & Sanctions.
**Exhibit 22:** ORDER re: Civil Appeal #2030112.
**Exhibit 23:** ORDER re: Civil Appeal #2050386.
**Exhibit 24:** ORDER re: Supreme Court Appeal #1060660.


Respectfully Submitted,

Dated this 23rd day of October, 2007.


_____
KATHRYN BAUMAN RUBENSTEIN, Attorney Pro Se
P. O. Box 2243, Dothan, AL 36302
(334) 803-2526


2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING TO: William L. Lee, III, Esq. P.O. Box 1665, Dothan, AL 36302 , Stephen G. McGowan, Esq. P.O. Box 2101,. Dothan, Alabama 36302, William Hinesley, P.O. Box 2246, Dothan, AL 36302, Dothan, AL 36302, Joel Weatherford, Esq., Farmer, Price, Hornsby & Weatherford, P.O. Drawer 2228, Dothan, AL 36302, Don Bennett, Esq., P.O. Box 1392, Dothan, AL 36302, Mike Conaway, Esq. 360 N. Oates, St. Dothan, AL 36303, Tommy Scarborough, Esq. 119 S. Foster St. Dothan, AL 36301, Jere Segrest, Esq., P.O. Box 1469, Dothan, AL 36302, Arthur Medley, Esq., 114 N. Oates Street, Dothan, AL 36303, Margaret Johnson, Houston County DHR, 3201 Ross Clark Circle, S.E. Dothan, AL 36301, Houston County DHR, 3201 Ross Clark Circle, S.E. Dothan, AL 36301, , Richard Fox, Tallahassee Florida, FL 33921, , , Robert Merrill Girardeau, Esq., Three Protective Center,2801 Highway 280 S. Suite 200, Birmingham , The Segrest Law Firm, 301 King Street, P.O. Box 780791, Tallassee, AL 36078, John A. Smyth, III, Maynard, Cooper & Gale, P.C., 1901 6th Avenue North, 2400 AmSouth/Harbert Plaza, Birmingham, AL 35203, Anne Stone Sublin, Walston Wells & Birchall, LLP, P.O> Box 345, Kinston, AL 36453. James D. Hamlett, Esq. 621 S. Hull Street, Montgomery, AL 36104, Houston County DHR & Margaret Johnson, 3201 Ross Clark Circle, Dothan, AL 36301, Gary Clayborn Sherrer, Sherrer, Jones & Terry, P.C. 335 West Main Street, Dothan, AL 36301, James Davis Farmer & Virginia Lynn McInnis, Farmer, Farmer & Malone, PA, 112 West Troy Street, P.O. Drawer 668, Dothan, AL 36303, Wade Hampton Baxley, Ramsey, Baxley & McDougle, P.O. Box Drawer 1486, Dothan, AL 36302, Richard Ramsey,III Esq., 256 Honeysuckle Road, Suite 26, Dothan, AL 36305. R. Cliff Mendheim, Esq., Buntin, Etheridge & Dowling, P.O.Box 1193, Dothan, AL 36302, by placing a copy of the same in the United States Mail, properly addressed and postage prepaid, this 23rd day of October, 2007:

KATHRYN BAUMAN RUBENSTEIN, Attorney Pro Se
P. O. Box 2243, Dothan, AL 36302
(334) 803-2526

3

IN THE CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA


KATHRYN BAUMAN RUBENSTEIN    }

    Plaintiff,    }

Vs.    }    CASE NO. CV-02-5063

BETTY JO BAUMAN    }
MARILYN BAUMAN GRANGER
BARBARA BAUMAN KAMINSKY    }
JEFFREY BAUMAN
and    }
REGIONS BANK,
    a State of Alabama Corporation    }
Defendant A, B, and C are those persons
firms, corporations, agents, or employees
who acted negligently and/or negligently
trained/ or supervised the agent/employees
of Defendant Regions Bank; Defendants
D,E and F are those persons, firms, or
Corporations who acted wantonly, and
Defendants G, H, and I are those certain
third parties whose identies are not known
at this time, but, pursuant to further
discovery, expect to be ascertainable
and identified, all made the basis of
the Plaintiff's/Contestant's Complaint

    Defendants.    }


## PLAINTIFF'S AMENDED COMPLAINT TO CONTEST WILL OF DECEDENT AND SET ASIDE REVOCABLE TRUST AGREEMENT


Comes now the Plaintiff/Contestant, Kathryn Bauman Rubenstein, by and

through her attorney of record, and, pursuant to A.R.C.P. 15(a), does hereby file this her

1



amended complaint in the above styled pending cause of action, and would state the following, to-wit:

1.  That, the plaintiff is a daughter of the decedent and a citizen and resident of Greenwich, Connecticut, residing at 44 Church Street West, Greenwich, Connecticut, 06830

2.  That, the Defendant, Betty Jo Bauman, is the surviving spouse of the decedent, residing at 601 Jamestown, Dothan, Alabama    36301    Said Defendant is incapacitated, and her guardian is Lexa Dowling, Esq., a practicing attorney in Dothan, Alabama

3.  That, the Defendant, Marilyn Bauman Granger, is a daughter of the decedent and a resident of North Carolina. Her mailing address is P.O. Box 488, Bryson City, North Carolina  28713-0488

4.  That, the Defendant, Barbara Bauman Kaminski is a daughter of the decedent and resident of Georgia. Her mailing address is 6930 Wethersfield Road, Columbus, Georgia  31904-3709

5.  That, the Defendant, Jeffrey Daniel Bauman is a son of the decedent and a resident of Alabama. His mailing address is Post Office Box 1956, Dothan, Alabama 36302-1956.

6.  That, Regions Bank is a State of Alabama corporation, organized in Jefferson County, Alabama, and doing business in Dothan, Alabama, Houston County.

7.  That, the Plaintiff/Contestant, Kathryn Bauman Rubenstein, files this contest in writing of the purported Last Will and Testament of the said decedent

2

bearing the date of the 15th day of June, 2000, said Last Will incorporating and creating a revocable trust agreement known as the "Theodore Julius Bauman Revocable Trust Agreement ", which has been admitted to Probate in the Probate Court of Houston County, Alabama on October 2, 2001.

8.   That, the Plaintiff/Contestant avers that the said Will and Revocable Trust Agreement were not executed in the mode and manner prescribed by law, as more particularly described hereinbelow.

9.   The Plaintiff/Contestant avers that said instruments admitted to probate and contested herein are not the true Last Will and Testament and Revocable Trust Agreement of the decedent, as more particularly alleged hereinbelow.

10.  That, the Plaintiff/Contestant herein avers that the decedent was of unsound mind and mentally incompetent and did not possess testamentary capacity to make and execute a will on the 15th day of June, 2000.

11.  That, the Plaintiff/Contestant herein allege that the will and Revocable Trust Agreement dated the 15th day of June, 2000, was procured through undue influenced exercised upon the decedent by one or more of the distributees of the estate and other third parties not known at this time, but, after further discovery and due diligence, will be supplemented as Defendants in this pending cause of action.

12.  That,  the Plaintiff/Contestant alleges that the purported Last Will and Testament of the Decedent , together with said Revocable Trust Agreement, is not the true last will and testament of the deceased,  in that the alleged signatures of the deceased are not  his true and genuine signatures

3

Jun-12-03 02:06P Roberts, Shields & Green    2514323357                P.05

13.   That, Plaintiff/Contestant further avers that Defendant, Regions Bank, as Trustee under said Revocable Trust, has negligently and wantonly breached their fiduciary duty, in that said Defendant has been, and continues to be wanton and negligent, in that they have:

> \*\*\*\*\***mismanaged trust finances**
>
> \*\*\*\*\***Disbursed trust funds without written authority**
>
> \*\*\*\*\***Refused to provide to the Plaintiff/Contestant an accounting of said Trust**
>
> \*\*\*\*\***sold real property for less than fair market value**

14.   That, as a proximate result of Defendant Region Bank's negligence and wantonness, the Estate has been caused to loose substantial value

15.   That, Defendant Bank's acts and/or omissions as set forth in Paragraph 13 above constitutes negligence and wantonness.

16.   That, Plaintiff/Contestant demands judgment against the Defendants for compensatory and punitive damages in an amount deemed necessary and proper by the jury,

Wherefore, Contestant prays that this Court will set this matter for hearing and that the issues involved herein will be made up and tried in this Court to determine whether the said will is the trust Last Will and Testament, together with said Revocable Trust Agreement, of the said decedent. The Plaintiff/Contestant prays for such other, further, or more general relief to which she may, in equity and good conscience, be entitled.

4

Jun·12-03 02:07P Roberts, Shields & Green    2514323357                P.06

Respectfully submitted this 12th day of June, 2003.

## PLAINTIFF/CONTESTANT DEMAND TRIAL BY JURY PURSUANT TO A.R.C.P RULE 38(b)

_____

Bruce B. Stone (ST0046)
For the firm

OF COUNSEL:
SHIELDS, RATLIFF, GREEN & KERN, P.C.
Bruce B. Stone (ST0046)
Richard E. Shields (SHI011)
Post Office Box 2353
Mobile, Alabama 36652
Phone: (251)432-1656
Fax:    (251)432-3357

## CERTIFICATE OF SERVICE

I, Bruce B. Stone, do hereby certify that I have served a copy of the foregoing pleading upon the following, via U.S. First Class Mail, properly addressed and postage prepaid, and Facsimile, on this the 12th day of June, 2003.

Hon. Joel W. Weatherford
Farmer, Price, Hornsby & Weatherford, LLP
Post Office Drawer 2228
Dothan, Alabama 36302

Hon. William L. Lee, III
Lee & McInish, P.C.
Post Office Box 36302
Dothan, Alabama 36302

5

Lexa E. Dowling, Esquire
Post Office Box 1193
Dothan, Alabama   36302

G. David Johnston, Esquire
Post Office Box 2246
Dothan, Alabama   36302

OF COUNSEL

IN THE CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA


KATHRYN BAUMAN RUBENSTEIN    }

    Plaintiff,    }

Vs.    }    CASE NO. CV-02-5063

BETTY JO BAUMAN    }
MARILYN BAUMAN GRANGER
BARBARA BAUMAN KAMINSKY    }
JEFFREY BAUMAN
and    }
REGIONS BANK,
    a State of Alabama Corporation    }
Defendant A, B, and C are those persons
firms, corporations, agents, or employees
who acted negligently and/or negligently
trained/ or supervised the agent/employees
of Defendant Regions Bank; Defendants
D,E and F are those persons, firms, or
Corporations who acted wantonly, and
Defendants G, H, and J are those certain
third parties whose identics are not known
at this time, but, pursuant to further
discovery, expect to be ascertainable
and identified, all made the basis of
the Plaintiff's/Contestant's Complaint

    Defendants.    }


<u>PLAINTIFF/CONTESTANT'S RESPONSE TO DEFENDANT'S JOINT MOTION</u>

<u>FOR SUMMARY JUDGMENT</u>

    COMES NOW, the Plaintiff/Contestant, Kathryn Bauman Rubenstein, by and

through her attorney of record, and in response to the Defendant's Joint Motion for

Summary Judgment, would state the following, to-wit:

1



## AUTHENTICITY OF TESTATOR'S SIGNATURES

Plaintiff would offer, in response to Defendant's Motion for Summary Judgment, and attached hereto as Exhibit "A", affidavit from one Richard A. Roper. Ph.D., a certified forensic document examiner, stating his expert opinion that the signatures of the decedent, Theodore Julius Bauman, affixed to the Last Will and Testament and Revocable Trust Agreement allegedly signed by the decedent and presently offered for probate, were "probably not signed by the writer of the known Theodore J(ulius) Bauman signatures.

Furthermore, attached as Exhibit "B" is a copy of the Curriculum Vitae for Richard A. Roper, Ph.D.

## AFFIDAVIT OF FAY FERRELL, MD, PH.D

Defendants have offered in support of their Motion an Affidavit from one Fay Ferrell, purporting to attest to the Testator's competence on or about the time said will and Revocable Trust documents were executed, on June 15, 2000. Plaintiff would ask the Court to take note that the assumed date of assessment of the decedent was May 20, 2000, some twenty (26) days prior to the execution of the signing of said documents made a basis of this pending cause of action. Plaintiff would argue that said "Assessment of Competency" is inadequate on its face, in that it is deficient due to the fact that (1) it does not state whether said Fay Ferrell actually physically observed and met with the decedent on that date, or (2) whether her assessment on said date was prepared from an accumulation of her previous medical records of said decedent, or (3) for what reason said assessment on that particular date was prepared.

Plaintiff offers as attached Exhibit "C" a copy of that certain letter from said affiant, Fay Ferrell, to one Hassan Kesserwani, MD, dated November 27, 2000. This document, Plaintiff would allege, appears to indicate a clear bias in favor of the decedent, as well as readily admitting that "the situation is quite sticky because there seem to be conflicts of interest, and possibly secondary gain, in terms of motivations of the sitters and adult children." Further, said letter specifically addresses the process of Mrs. Bauman and her husband's (the decedent) loss of mental competence, only some five (5) months since her prior assessment of competence.

Plaintiff would further argue that said written statements made by the affiant clearly indicate the potential, if not probability, of the possible influence of outside influence and secondary gain by adult children and certain other third parties.
Plaintiff would ask the Court to respectfully take note that the affiant requests specifically that said "Exhibit C" not be part of Mrs. Bauman's official file. Plaintiff would finally argue that the comments and observations made by said affiant, and set forth in Exhibit "C" would not have been in the scope of her professional capacity in ascertaining the mental capacity of the decedent.

Perhaps most closely paralleling this case at hand is that of **McClung v. McClung, 709 So. 2d 30.** The Court of Civil Appeals held that fact question as to whether testator had testamentary capacity to execute will precluded summary judgment for the proponent.

**McClung, supra, page 30.** In particular the Court found that receipts of medical records from the proponents were in direct conflict with records received by the contestant. In the present case, the argument is not that of a conflict of medical records,

3

but rather that of a conflict within the medical opinion of one assessing competency, as well as possible bias on behalf of the assessor favorable to the decedent, and prejudicial to the beneficiaries.

McClung, supra, page 31, citing Allen v. Sconyers, 669 So.2d 113 (Ala.1995), page 31 and 32 provides the standard of review for summary judgment in will contests. "On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact....and that the movant is entitled to a judgment as a matter of law." "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." McClung, supra, page 32, citing, McLendon v. Mountain Top Indoor Flea Market, Inc., 601 So. 2d 958. When reviewing a summary judgment, this Court considers the record in a light most favorable to the nonmovant and resolves all reasonable doubts against the movant. McClung, supra, page 32, citing Carter v. Innisfree Hotel, Inc., 661 So. 2d 1174(Ala. 1995). In McClung, supra, the Court held that there was substantial evidence creating a question of fact about testamentary capacity, thus reversing and remanding to trial court.

## CONCLUSION

In conclusion, Plaintiff would allege that there is a genuine issue of material fact, and that, as non-moving party for Summary Judgment, said Defendant's Motion for Summary Judgment is due to be denied.

Respectfully submitted this 12th day of June, 2003.

4

Case 1:07-cv-00798-MHT-WC Document 126-3 Filed 10/23/2007 Page 5 of 5

Bruce B. Stone (ST0046)
For the firm

OF COUNSEL:
SHIELDS, RATLIFF, GREEN & KERN, P.C.
Bruce B. Stone (STO046)
Richard E. Shields (SHI011)
Post Office Box 2353
Mobile, Alabama 36652
Phone: (251)432-1656
Fax:    (251)432-3357

## CERTIFICATE OF SERVICE

I, Bruce B. Stone, do hereby certify that I have served a copy of the foregoing pleading upon the following, via U.S. First Class Mail, properly addressed and postage prepaid, and Facsimile, on this the 12th day of June, 2003.

Hon. Joel W. Weatherford
Farmer, Price, Hornsby & Weatherford, LLP
Post Office Drawer 2228
Dothan, Alabama 36302

Hon. William L. Lee, III
Lee & McInish, P.C.
Post Office Box 36302
Dothan, Alabama 36302

Lexa E. Dowling, Esquire
Post Office Box 1193
Dothan, Alabama 36302

G. David Johnston, Esquire
Post Office Box 2246
Dothan, Alabama 36302

OF COUNSEL

5



IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA
CIVIL DIVISON

KATHRYN BAUMAN RUBENSTEIN,    )
                              )
        PLAINTIFF,            )
                              )
VS.                           )    CASE NO.  CV02-5063
                              )
BETTY JO BAUMAN, et al.,      )
                              )
        DEFENDANTS.           )


## SUMMARY JUDGMENT ORDER

The matter before the Court is a motion for summary judgment filed by the defendants April 18, 2003. Defendants' motion is supported by numerous affidavits and exhibits. Defendants' evidence through the affidavits of attorneys representing Mr. Bauman and psychiatrist Dr. Fay Ferrell and psychologist Dr. Doug McKeown, indicate that Mr. Bauman was competent at or near the time he executed a Will and his Revocable Trust Agreement on or about June 15, 2000. Specifically, three attorneys state that Mr. Bauman was mentally competent and possessed testamentary capacity on June 15, 2000. The medical personnel state that Mr. Bauman was assessed psychiatrically and psychologically on May 20, 2000, some 25 days prior to the execution of his Will and Revocable Trust Agreement. At that time he was found to be fully cognizant, competent, alert and stable.

Plaintiff Kathryn Rubenstein filed a Will contest and

Exhibit

3

alleges that Mr. Bauman, her father, was not of sound mind at the time he signed his Will and Revocable Trust Agreement and contends further that the Will and Revocable Trust Agreement was a result of duress and undue influence by others. Her mother and other siblings are Defendants to this action as well as Regions Bank.

It is the law of this State that a motion for summary judgment must be viewed in a light most favorable to the nonmovant and she must be afforded all inferences. However, a nonmovant may not rest on the pleadings but must present substantial evidence in rebuttal to a motion for summary judgment once a movant makes a prima facie case.

In response to the Defendants' motion for summary judgment Plaintiff files an amended complaint, affidavit of Richard A. Roper and a legal memorandum.

The affidavit of Richard Roper, a certified forensic document examiner, states that the documents in question "...were probably not signed by the writer of the known Theodore Julius Bauman signatures. In essence Mr. Roper offers his opinion that the disputed documents are forgeries. This evidence in no way rebuts the affidavits presented by the Defendants that indicate Mr. Bauman possessed testamentary capacity and was fully competent. As to those issues defendants' motion for summary judgment is due to be and is hereby granted.

Plaintiff's amended complaint raised additional issues not

addressed in defendants' motion for summary judgment. Plaintiff's amended complaint is allowed.

ORDERED this the _30_ day of June 2003

Larry K. Anderson
Circuit Judge

FILED

JUL 0 1 2003

JUDY BYRD, CLERK
HOUSTON CO., AL

IN THE CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA

KATHRYN BAUMAN RUBENSTEIN    }
     Plaintiffs    }

Vs.    }    CIVIL ACTION NO.: CV02-5063

BETTY JO BAUMAN, et al    }
     Defendants.    }

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
## AND INTERROGATORIES TO DEFENDANT
## REGIONS BANK

Comes now **Kathryn Bauman Rubenstein,** Plaintiff, in the above styled case, by and through her attorney of record, Bruce B. Stone, and pursuant to Rules 33 and 34 of the Alabama Rules of Civil Procedure, propounds the following interrogatories and request for production, and hereby requests the Defendant to respond to and produce the items hereinafter set forth within the time prescribed by the Alabama Rules of Civil Procedure.

## DIRECTIONS FOR ANSWERING INTERROGATORIES
## AND PRODUCING MATERIALS AND THINGS

1.     Interrogatories are to be answered under oath within thirty (30) days from the date of service.

2.     Materials to be produced for inspection and copying are to be produced at the law office of Bruce B. Stone, P.C., 319 Magnolia Avenue, Post Office Box 1188, Fairhope, Alabama 36533, within the time prescribed by law. Alternatively, you may send copies of the materials requested with your answers to the interrogatories.

3.     Responses are to be supplemented and additional documents and materials produced

1



if the information and documents requested become available to you.  This supplementation is required by the Alabama Civil Rules of Procedure or other rules governing this Court.

## II. DEFINITIONS

Plaintiff sets forth the following definitions of various words and phrases which are contained in the attached requests for discovery.  Plaintiff provides the following definitions for the purpose of clarifying the meaning of various words and phrases contained herein in order to help the Defendant understand the objectives of these discovery efforts and to locate and furnish the relevant information and materials.  It is, therefore, expressly stipulated and agreed by Plaintiff that an affirmative response on the part of Defendant will not be construed as an admission that any definition contained herein is either factually correct of legally binding on Defendant.

1.      The term "you" or "yours" applies to the specific Defendant responding.

2.      "Document" means the original or any copy of any written, recorded, transcribed, printed, or impressed matter of whatever kind, however produced or reproduced, including but not limited to sound pictorial recordings, computerized information, books pamphlets, letters memoranda, telegrams, electronic or mechanical transmissions, communication of all kinds, reports, operating statements, working papers, handwritings, charts, papers, writing, paintings, transcriptions, tapes and records of all kinds.

3.      "Identify" when used with respect to a <u>document</u> means to describe the document in sufficient description appearing in a subpoena duces tecum or request or motion for production of such document, including, but not limited to, the type of document (i.e., "letter"), date, authority and address; and to state the name, address, and business and every person who has such document in his or her possession, custody or control and the location of such document.

4.      "Identify" when used with respect to an <u>individual</u> means to state the person's full name, present occupation and business affiliation, present home address and business address, present home telephone number and business telephone number and present and past business affiliations or relationships, if any, with any of the parties to this action.

5.      "Identify" when used with respect to a <u>business enterprise</u>, means to state that enterprise's legal name, the names under which it does business if other that its legal name, its form (e.g., proprietorship, partnership, corporation, etc.) of doing business; if incorporated, the State of incorporation, the address of its principal office or place of business, and the name and address of each of its officers and directors at all times material to the matter inquired about; if a partnership, the name and address and interest of each partner at all times material to the matters inquired about.

6.      "Describe" when used with respect to any <u>oral communication or statement</u>, means to identify each and every person present or who engaged therein, and the substance of what was said; the date and time of such oral communications of statements; and where each person was when such oral communication or statements were made.

7.      An interrogatory asking you to "state wherein you contend', seeks the disclosure of each and every fact, circumstance, condition, and thing known to you, your agent, servant, employee or attorney, as of the date the interrogatories are answered, full identification and description of the sources of such facts, circumstances, condition and things, including, but not limited to, identification and description of each document relating to such fact, circumstances, condition or thing; and identification of each person having knowledge of such act, circumstance, condition or thing.

8.    "Accounts" refer to any and all checking, savings, credit union, certificates of deposits, investment firms, banking organizations or any other place where monies are deposited.

## III. REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1.    Please provide a copy of the complete Trust File under your care, custody and control pursuant to the purported Revocable Trust Agreement executed by Theodore Julius Bauman on June 15, 2000, to include, but not necessarily be limited to, the following documents:

   a.  Profit and loss Statements
   b.  Balance Sheets
   c.  Statements of Assets and Liabilities
   d.  Copies of Notes and Mortgages
   e.  Copies of Real Estate Contracts for Purchase/Sale of Real Property executed by Mr. Bauman
   f.  Copies of Real Estate Contracts for Purchase/Sale of Real Property executed by Regions Bank on behalf of Mr. Bauman
   g.  Copies of all written requests for Trust distributions executed and signed by Mr. Bauman prior to Mr. Bauman's death
   h.  Copies of all written documents, to include letters, notes, memorandum, and any other forms of written communications initiated by the Trust Department to Mr. Bauman
   i.  Copies of all written documents, to include letters, notes, memorandum, and any other forms of written communication initiated by the Trust Department to any third parties, to include, but not be limited to the following individuals:

      i.     any and all beneficiaries of said Trust, their spouses or family members
      ii.    Anne Chandler
      iii.   Nan Pitcher
      iv.    Faye Ferrell, M.D.
      v.     David Johnson, Esq.
      vi.    Don Bennett, Esq.
      vii.   James Grant
      viii.  Wallace Cooley
      ix.    Tom Zeigenfelder
      x.     Ross Kennedy

   j.  Copes of all written documents, to include letters, notes, memorandum and any other forms of written communications received by the Trust Department from any third

parties, to include, but not be limited to, the individuals and or business entities set forth above in Request No. 1(i)(i-vii)

    k.  Copies of any and all personal tax returns of Theodore Julius Bauman

    l.  Copies of any and all Estate tax returns prepared on behalf of the Theodore Julius Bauman Revocable Trust

    m.  Copies of any and all personal financial statements of Theodore Julius Bauman

    n.  Copies of any and all business and or corporate financial statements for which Theodore Julius Bauman had any incidents of ownership, interests, or stock holdings

    o.  Copies of all phone logs, call memos etc.

2.    Please provide copies of all financial institution deposit account statement for which any proceeds from the Theodore Julius Bauman Revocable Trust have been deposited, commencing June 15, 2000 through the present date.

3.    Please provide copies of all cancelled checks for any financial institution deposit accounts for which you provided responses to Request for Production #2 above.

4.    For each and every trust department officer, agent, servant and/or employee who has exercised any custody, care or control over the Theodore Julius Bauman Trust since June 15, 2000, please provide their names, address, date of employment, date of termination ( if applicable) , and phone number.

5.    Please provide copies of any and all documents, manuals, standard operating procedures, and/or policy directives provided to Trust Department officers, agents, servants and/or employees which provide instructions and directives as regards the administration of trust accounts and estates.

## IV. INTERROGATORIES:

1.    Prior to the execution of the Theodore Julius Bauman Revocable Trust on June 15, 2000, did any trust officer, agent, servant or employee have any form of communications with Mr. Bauman regarding said Revocable Trust Agreement? If this answer to this Interrogatory is in the affirmative, please provide the following:

    a.  name, address and phone number for each and every trust officer, agent, servant or employee

    b.  the nature and purpose of said communication

    c.      the names, addresses and phone numbers for all individuals present when such communications took place

    d.      the names and addresses at which place any such communication took place

2.      Immediately following the execution of the Theodore Julius Bauman Revocable Trust on June 15, 2002, up to and including the date of his death, did any trust officer, agent, servant or employee have any form of communications with Mr. Bauman regarding the Revocable Trust Agreement? If the answer to this Interrogatory is in the affirmative, please provide the following:

    a.      name, address and phone number for each and every trust officer, agent, servant of employees

    b.      the nature and purpose of said communication

    c.      the names, addresses and phone number for all individuals present when such communications took place

    d.      the name and address at which place any such communications took place

3.      Has the Defendant, or any of its trust officers, agents, servants or employees at any time ever granted either oral or written authority to Nan Pitcher to withdraw and/or sign checks on any financial institution deposit accounts for which Mr. Bauman had any form of interest whatsoever, whether individually, as stockholder, or partner? If the answer to this interrogatory is in the affirmative, please provide the following:

    a.      the name(s) of any trust officer, agents, servant or employee who extended such authority to said individual

    b.      the nature and reason for which said authority was extended

    c.      copies of any operating and/or management agreements between said individual and the Defendant

    d.      copies of all financial institutions deposit account bank statement and cancelled checks for which said individual exerted authority or control

4.      Has the Defendant, or any of its trust officers, agents, servants or employees at any time ever had any communications with Anne Chandler regarding the Theodore Julius Bauman Revocable Trust? It the answer to this interrogatory is in the affirmative, please provide the following:

    a.      the dates of each and every meeting

    b.      the names of the individual who were present at said meetings

    c.      the nature of any matters discussed at said meeting

5.      At any time prior to Mr. Bauman's death, did he either verbally or in writing authorize the Defendant, its trust officers, agents, servants or employees to take any directives

regarding the administration or distribution of said Trust assets from any other individuals and/or business entities other than himself? If the answer to this Interrogatory is in the affirmative, please provide the following:

    a.    the names of each and every individual to which said authority was given

    b.    copies of any written authorization delegating said authority to that individual

6. At any time prior to Mr. Bauman's death, has the Defendant, its trust officers, agents, servants or employees provided any information regarding said Trust or its assets to attorneys Don Bennett or David Johnston.? If the answer to this Interrogatory is in the affirmative, please provide the following:

    a.    the name of the individual authorizing said release of information

    b.    the nature and reason for the release of said information

    c.    copies of all written documents released to said individuals

7. Please provide the names and addresses of any and all expert witnesses with whom this Defendant has consulted and/or intends to call to testify in this case.

8. Please provide the names, last known addresses and telephone numbers of any and all witnesses that this Defendant intends to call at the trial of this case, and state the expected nature of their testimony.

9. Identify each person answering or aiding in the preparation of Defendant's Answers, or providing information referred to or utilized in the preparation of answers to these Interrogatories and Requests for Production.

Respectfully submitted this 11th day of February, 2005.

BRUCE B. STONE (STO046)
Attorney for Plaintiff

OF COUNSEL:
BRUCE B. STONE, P.C.
Post Office Box 1188
319 Magnolia Avenue
Fairhope, Alabama 36532
(251)928-2191

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing by placing same in the United State Mail, postage pre-paid and properly address, on this the 11th day of February, 2005, upon the following:

Hon. Joel W. Weatherford
Farmer, Price, Hornsby & Weatherford, LLP
Post Office Drawer 2288
Dothan, Alabama   36302

Hon. William L. Lee, III
Lee & McInish, P.C.
Post Office Box 1665
Dothan, Alabama   36302

Hon. J. Michael Conaway
Post Office Box 1631
Dothan, Alabama   36302

Hon. G. David Johnston
Post Office Box 2246
Dothan, Alabama   36302

Jeffrey Daniel Bauman
820 Landview Drive
Taylor, Alabama   36301

Hon. Steadman S. Shealy, Jr.
Hon. Richard E. Crum
Cobb, Shealy, Crum & Derrick, P.A.
206 North Lena Street
Dothan, Alabama   36302

OF COUNSEL

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

KATHRYN B. RUBENSTEIN

*Plaintiff,*

v.

Case No. CV-2002-5063

BETTY JO BAUMAN, et al.,

*Defendants.*

### ORDER

THIS MATTER came on for consideration on the motion for instructions and protective order filed by the Defendants, Marilyn Granger, Barbara Bauman Kamensky and Regions Bank. Having read and considered the motion it is ORDERED that prior to the trial that is scheduled to begin on October 13, 2005 all discovery should be focused on the issue of whether or not the signatures on the will and trust purported to be signed by Theodore Julius Bauman are in fact his signature. Molly Ann Chandler will not be required to submit to further deposition at this time and the motion for protective order is GRANTED as to Molly Ann Chandler. The motion is DENIED with regard to the appearance of Nannette Pitcher and Marilyn Granger. This Court has dealt with the matter of the deposition of David Johnston in a separate order in response to a motion filed by Mr. Johnston.

The Clerk of the Court is to mail a copy of this Order to counsel of record and all unrepresented parties.

SIGNED this *22* day of September, 2005.

FILED

SEP 2 3 2005

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

_____
DALE SEGREST, Special Circuit Judge



Exhibit
5

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

KATHRYN B. RUBENSTEIN

*Plaintiff,*

v.

BETTY JO BAUMAN, et al.,

*Defendants.*

Case No. CV-2002-5063

### ORDER

THIS MATTER came on for consideration on the motion for order compelling production filed by the Plaintiff, Kathryn Bauman Rubenstein, pro se, requesting that the Defendant, Regions Bank, produce and permit the Plaintiff to inspect and copy any forensic report or document from anyone concerning examinations of documents regarding signatures involved in this case. After having read and considered the motion, it is ORDERED, ADJUDGED and DECREED that Regions Bank disclose the identity of any forensic expert, whose testimony will be offered at trial, provide the Plaintiff with a written summary of the expected testimony of such witness and provide the Plaintiff with a copy of any and all forensic reports produced by that witness. Under the Rules of Civil Procedure, the Defendant, Regions Bank, is not required to produce information concerning any expert with whom it consulted but does not expect to call as a witness. If the Defendant, Regions Bank, has consulted with any expert regarding signatures on the purported will and trust of Theodore Julius Bauman, the identity and address of any such expert is to be disclosed.



Exhibit
6

The Clerk of the Court is to mail a copy of this Order to counsel of record and all unrepresented parties.

SIGNED this 22 day of September, 2005.

_Dale Segrest_

DALE SEGREST, Special Circuit Judge

FILED

SEP 23 2005

JUDY BYRD, CLERK
HOUSTON CO., AL

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

KATHRYN B. RUBENSTEIN

*Plaintiff,*

v.

BETTY JO BAUMAN, et al.,

*Defendants.*

Case No. CV-2002-5063

### ORDER

THIS MATTER came on for consideration on the motion of Don P. Bennett, pro se, seeking a protective order with regard to a deposition subpoena. This cause is set for trial on October 13, 2005 and will involve a trial of only the single issue of whether or not the signature on the purported will of Theodore Julius Bauman and on the purported trust of Theodore Julius Bauman is in fact his signature. The motion for protective order is GRANTED insofar as the present subpoena seeks the production of documents as set forth and described in the subpoena. The granting of this protective order does not excuse Don P. Bennett from appearing for the deposition, but excuses him from production of the documents requested.

The Clerk of the Court is to mail a copy of this Order to counsel of record and all unrepresented parties.

SIGNED this 22 day of September, 2005.

FILED

SEP 2 3 2005

JUDY BYRD, CLERK
HOUSTON CO., AL

_____
DALE SEGREST, Special Circuit Judge


Exhibit
7

**IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA**

KATHRYN B. RUBENSTEIN

*Plaintiff,*

v.

BETTY JO BAUMAN, et al.,

*Defendants.*

Case No. CV-2002-5063

## ORDER

THIS MATTER came on for consideration on the motion to compel filed by the Plaintiff, Kathryn Bauman Rubenstein, pro se, requesting an order requiring that the Defendant, Regions Bank, provide the Plaintiff with the current address and telephone number of Richard Fox. Upon review of this motion, it appears that Richard Fox has been a material representative of Regions Bank in connection with the matters presently in question. Kathryn Bauman Rubenstein appears in this matter acting as her own attorney. This Court finds that Mrs. Rubenstein should communicate with Mr. Fox about this case only in the presence of counsel for the Defendant, Regions Bank, Joel Weatherford. She is therefore directed to submit whatever questions or communications she wishes to ask of Mr. Fox directly to Mr. Weatherford. If Mr. Weatherford is unable to accept a subpoena on behalf of Mr. Fox, then Regions Bank is ORDERED to immediately furnish the current address of Mr. Fox to the Plaintiff. This Court directs that Mrs. Rubenstein discuss this case with Mr. Fox only in the presence of Mr. Weatherford.



Exhibit

The Clerk of the Court is to mail a copy of this Order to counsel of record and all unrepresented parties.

SIGNED this _22_ day of September, 2005.

_____

DALE SEGREST, Special Circuit Judge

FILED

SEP 2 2005

JUDY BYRD, CLERK
HOUSTON CO., AL

**IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA**

KATHRYN B. RUBENSTEIN

      *Plaintiff,*

v.                                                    Case No. CV-2002-5063

BETTY JO BAUMAN, et al.,

      *Defendants.*

## ORDER

THIS MATTER came on for consideration on the motion for protective order and to quash subpoena filed by G. David Johnston. This cause is set for trial on October 13, 2005 and will involve a trial of only the single issue of whether or not the signature on the purported will of Theodore Julius Bauman and on the purported trust of Theodore Julius Bauman is in fact his signature. The motion for protective order and to quash subpoena is GRANTED in its entirety. G. David Johnson will not be required to appear in response to the subpoena nor is he required to produce documents as requested in the subpoena.

This Court notes that one (1) or more parties of the litigation have listed Mr. Johnston as a potential witness in the trial of the case. No party to the litigation will be allowed to call Mr. Johnston as a witness to the case, other than Kathryn Bauman Rubenstein, unless satisfactory arrangements are made for the deposition of Mr. Johnston prior to the trial. The protective order, to the extent that it excuses Mr. Johnston from personal appearance for the deposition, is limited to the time that he has indicated that he will be out of the country.



The Clerk of the Court is to mail a copy of this Order to counsel of record and all unrepresented parties.

SIGNED this _22_ day of September, 2005.

_____
DALE SEGREST, Special Circuit Judge

FILED

SEP 2 9 2005

JUDY BYRD, CLERK
HOUSTON CO., AL

KATHRYN B. RUBENSTEIN

**FILED**

*Plaintiff,*

v.

NOV 7 2005    Case No. CV-2002-5063

BETTY JO BAUMAN,

*Judy Byrd*

*Defendant,* JUDY BYRD, CLERK
HOUSTON CO., AL

### O R D E R

This matter came on for consideration on the motion of William L. Lee, III, the attorney for Mrs. Granger and Mrs. Kamensky to tax the costs of his time in attending deposition the deposition of Mrs. Granter. The Court has read the deposition and while there may have been some objectionable questions by Katheryn Bauman Rubenstein, acting as her own attorney, for the most part, the questions asked by her were unobjectionable. On the contrary, Mr. Lee proceeded to systematically interrupt the questions, answer the questions, and instruct his client not to answer questions in a manner that was clearly unauthorized by anything in the ALABAMA RULES OF CIVIL PROCEDURE pertaining to discovery. The motion filed by Mr. Lee is hereby DENIED.

The Clerk of the Court is to mail a copy of this Order to counsel and unrepresented parties of record.

SIGNED this 4th day of November, 2005.

_____

DALE SEGREST
Special Circuit Judge



KATHRYN B. RUBENSTEIN

*Plaintiff,*

v.                                          Case No. CV-2002-5063

BETTY JO BAUMAN,

*Defendant.*

## O R D E R

The Court, on its own motion, sets for further hearing motions for summary judgment previously filed in this matter concerning the signature of Ted Bauman on the purported will and trust. Various parties have submitted depositions in connection with various motions for contempt and other procedural motions. The Court has also continued to review the law as it pertains to the matters raised in this case and calls the following matters to the attention of the attorneys and unrepresented parties:

1. Section 43-8-132(c) of the CODE OF ALABAMA provides, "If the will is self-proved, as provided in this section, compliance with signature requirements for execution is conclusively presumed, other requirements of execution are presumed subject to rebuttal without the testimony of any witness, and the will shall be probated without further proof, unless there is proof of fraud or forgery affecting the acknowledgement or affidavit."

2. In the cases of *Dozier v. Smith*, 446 So.2d 1107 (1984) and *Newman v. Newman*, 766 So.2d 1091 (2000), the District Court of Appeal of Florida came to the conclusion that the opinion of a handwriting expert is not sufficient to overcome the sworn testimony of the witnesses and notary.



Based on all of the foregoing, the Court, on its own motion, ORDERS a rehearing on the motions for summary judgment filed by the proponents of the will concerning the signature of Theodore Julius Bauman on the will and on the trust. The said hearing is hereby scheduled on November ~~18,~~ 21st 2005, at 10:00 a.m. The parties are directed to submit to the Court information or evidence bearing on the issue of whether or not a summary judgment should be granted by way of affidavit, depositions, and any other written documentation. The proponents of the will are directed to make their submissions on or before November ~~8,~~ 10th 2005; and the contestant of the will is to submit her material in opposition to the summary judgment on or before November ~~16,~~ 18th 2005.

The Clerk of the Court is to mail a copy of this Order to counsel and unrepresented parties of record.

SIGNED this 4th day of November, 2005.

_____
DALE SEGREST
Special Circuit Judge

FILED

NOV 7 2005

JUDY BYRD, CLERK
HOUSTON CO., AL

KATHRYN B. RUBENSTEIN

**FILED**

Plaintiff,

NOV  7 2005

v.

*Judy Byrd* Case No. CV-2002-5063

BETTY JO BAUMAN,

JUDY BYRD, CLERK
HOUSTON CO., AL

Defendant.

## O R D E R

This matter came on for hearing on all pending motions on the 28th day of

October, 2005, and the Court heard argument of counsel and unrepresented parties.

The Court heard the *Motion to Hold Kathryn Bauman Rubenstein in Contempt of*

*Court* for violation of a previous order of the court. The previous order of the Court

directed Kathryn Bauman Rubenstein to have no personal contact with Attorney William

L. Lee III or any other attorneys or employees of his firm. Based on the evidence

presented, the Court finds that Kathryn Baumen Rubenstein confronted Attorney William

W. Nichols, engaged him in conversation, and made derogatory remarks about his firm

and about Judge Anderson, who has recused himself from this case. The Court further

finds that such comments were made after the attorney had clearly identified himself as a

member of Mr. Lee's law firm. The conduct of Ms. Rubenstein is in direct violation of a

previous order of the Court, and the Court holds Kathryn Bauman Rubenstein in criminal

contempt of court and ORDERS Ms. Rubenstein to pay a fine in the amount of three

hundred dollars ($300.00) within ten (10) days from October 28, 2005.

The Court also considered a document filed by Kathryn Bauman Rubenstein

entitled *Complaint for Money Paid by Mistake* filed October 21, 2005, and a *Motion to*

*Strike* the same filed October 24, 2005, by Attorney William L. Lee III. The Motion to

1



Strike is hereby GRANTED. The Court finds that the *Complaint for Money Paid by Mistake* is not a pleading recognized by the Alabama Rules of Civil Procedure and is an attempt to file a complaint within an existing case. The Court further finds that the "complaint" does, in fact, raise new issues that are not within the jurisdiction of the undersigned judge in connection with his special assignment to hear the presently-pending case.

*Motion for Order Compelling Production* filed on October 21, 2005, by Kathryn B. Rubenstein, is hereby DENIED.

*Motion for Attorney's Fees* filed on October 24, 2005 by Attorney William L. Lee III on behalf of Marilyn Granger and Barbara B. Kamensky, and the *Motion for Attorney's Fees* filed on October 25, 2005, by Attorney Joel Weatherford on behalf of Regions Bank are hereby GRANTED. The Court finds that Kathryn Bauman Rubenstein scheduled the deposition of David Johnston and gave notice thereof. The Court further finds that the attorneys appeared for the deposition, but neither Ms. Rubenstein nor a court reporter appeared at the time and place scheduled for the deposition. Attorney's fees are awarded to Mr. Lee in the amount of $300.00, and attorney's fees are awarded to Mr. Weatherford in the amount of $218.75. Ms. Rubenstein is ORDERED to pay those amounts within ten (10) days from October 28, 2005.

*Motion to Compel and Motion to Order* filed in regard to Marilyn Granger on October 24, 2005 by Kathryn Bauman Rubenstein is hereby DENIED.

*Motion to Compel and Motion to Order* filed in regard to Nanette Pitcher on October 24, 2005 by Kathryn Bauman Rubenstein is hereby DENIED.

2

*Motion to Compel* a handwriting sample of Benjamin Wayne Granger filed October 24, 2005 by Kathryn Bauman Rubenstein is hereby DENIED.

*Motion to Compel* a handwriting sample of Don P. Bennett is filed October 24, 2005 by Kathryn Bauman Rubenstein is moot in that the requested handwriting sample has been provided.

*Objection to Order Taxing Costs* filed by Jeffrey Daniel Bauman, pro se, is treated as a motion and is DENIED. The Court points out that while Mr. Bauman has the right to represent himself, the order to which he objects was directed to his sister and not to him. His sister represents herself pro se. Regardless of the technicalities of representation, however, the motion is not due to be granted in that Ms. Kathryn Bauman Rubenstein was present in Court when a trial date was set in this matter for October 13, 2005. The Court carefully questioned as to whether there was any problem with establishing that date as the trial date for a jury trial. Ms. Rubenstein raised no objection at that time and did not point out until approximately two weeks prior to the scheduled date that the trial had been scheduled on a Jewish holiday. At that time, the State of Alabama had already incurred substantial costs in ordering a jury. The Court finds that it is appropriate under the circumstances for Ms. Rubenstein to be required to pay those costs, and she is hereby further ordered to pay the said costs *instanter*.

The Court considered the *Motion for Extension of Time to File Documents* filed by Kathryn Bauman Rubenstein on October 24, 2005. The said motion is GRANTED, but only to the extent that Ms. Rubenstein may submit to opposing counsel a report from Dr. Richard Roper concerning his expert opinion related in any way to the signatures of Mr. Don Bennett and Ms. Nanette Pitcher. Unless that report is provided to opposing

counsel on or before November 16, 2005, Dr. Roper will not be allowed to express any opinion based on his examination of those signatures in the trial of this matter.

The Court considered and overruled the objections filed October 26, 2005, by Attorney Don P. Bennett, on his own behalf and on behalf of Nanette Pitcher.

The Court considered a *Motion for Protective Order* concerning the deposition of Ms. Pitcher. The motion requesting that Ms. Pitcher's deposition be reconvened is denied. The Court specifically finds that, in large measure, the questions asked by Kathryn Bauman Rubenstein extended well beyond the scope of any evidence that is relevant or material, or that could lead to relevant or material evidence, for the trial that is scheduled on November 28, 2005.

Attorney Joel Weatherford raised a question as to how long he has in order to submit proposed voir dire questions for the qualifications of the jury. The deadline for submitting voir dire questions to the Court was originally set on October 6, 2005, but was extended to October 27, 2005 when all scheduling deadlines were extended three weeks. The Court finds that the deadline for submission of proposed voir dire for the qualification of the jury has expired.

The Clerk of the Court is to mail a copy of this Order to counsel and unrepresented parties of record.

_____
DALE SEGREST
Special Circuit Judge

4

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

KATHRYN B. RUBENSTEIN

*Plaintiff,*

v.

Case No. CV-2002-5063

BETTY JO BAUMAN,

*Defendant.*

### O R D E R

THIS MATTER comes on for consideration on a *Motion to Compel, Motion to Sanction, Motion to Order* filed by Kathryn Bauman Rubenstein requesting that Don P. Bennett submit additional handwriting samples. For good and sufficient reason, said motion is DENIED.

The Clerk of the Court is to mail a copy of this Order to counsel of record and unrepresented parties.

SIGNED this 8th day of November, 2005.

_____

DALE SEGREST
Special Circuit Judge

**FILED**

NOV 9 2005

JUDY BYRD, CLERK
HOUSTON CO., AL

Exhibit
13

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

KATHRYN B. RUBENSTEIN

*Plaintiff,*

v.

Case No. CV-2002-5063

BETTY JO BAUMAN,

*Defendant.*

### O R D E R

THIS MATTER comes on for consideration on a *Motion to Order* filed by Kathryn Bauman Rubenstein requesting that Regions Bank be required to turn over the original trust document to Dr. Richard Roper.    Said motion is DENIED.

The Court dealt extensively with the matter of signatures and gave Mrs. Rubenstein a full opportunity to be heard on those matters at the last hearing date in this case. Mrs. Rubenstein now raises additional matters that were not voiced when the court conducted hearings on these motions. Mrs. Rubenstein implies that various persons forged the signature of Theodore J. Bauman. At this point in time, there is no factual information supporting the contention that Nanette Pitcher, Don Bennett or any other specific person forged any document.

The Clerk of the Court is to mail a copy of this Order to counsel of record and unrepresented parties.

SIGNED this 8th day of November, 2005.

**FILED**

NOV   9 2005

_____
DALE SEGREST
Special Circuit Judge

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

Exhibit
14

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

KATHRYN B. RUBENSTEIN

              *Plaintiff,*

    v.

BETTY JO BAUMAN,

              *Defendant.*

Case No. CV-2002-5063

### O R D E R

THIS MATTER comes on for consideration on a *Motion to Compel, Motion to Sanction, Motion to Order* filed by Kathryn Bauman Rubenstein requesting that Nanette Pitcher submit additional handwriting samples. For good and sufficient reason, said motion is DENIED.

The Clerk of the Court is to mail a copy of this Order to counsel of record and unrepresented parties.

SIGNED this 8th day of November, 2005.

_____
DALE SEGREST
Special Circuit Judge

**FILED**

NOV  9 2005

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

Exhibit
115

KATHRYN B. RUBENSTEIN

**FILED**

Plaintiff,

NOV 1 7 2005

v.

Case No. CV-2002-5063

BETTY JO BAUMAN,

JUDY BYRD, CLERK
HOUSTON CO., AL

Defendant.

## O R D E R

This matter comes on for consideration on a Motion to Strike filed by Kathryn B. Rubenstein. Ms. Rubenstein moves to strike the order of the court dated November 4, 2005. First, the Court points out that it is unaware of any provision authorizing a motion to strike a court order. The Court will treat the motion based on its substance, rather than its lack of technical proficiency. The motion will be treated as a motion to set aside the order dated November 4, 2005.

In her motion, Ms. Rubenstein alleges that the Court has lost authority to reconsider the denial of a summary judgment. She alleges that since more than 30 days have passed since the original order, the Court has lost jurisdiction. It is the general understanding of the undersigned judge that until such time as final judgment is entered in connection with any case, the Court retains full jurisdiction to consider and reconsider all matters. While Ms. Rubenstein does not cite any authority for any motion, the time limit that she cites appears to relate to the period of time for filing post-trial motions after entry of a final judgment. No final judgment has been entered in this matter; and, therefore, the undersigned judge believes that the Court retains authority to reconsider any of its previous rulings.


Exhibit
16

Nevertheless, matters concerning the finality of orders can be confusing; and the undersigned judge does not wish to engage in extensive research personally on this point. The parties and counsel on both sides of the question are invited to present appropriate authority and argument on the point. The motion to reconsider the order of November 4, 2005, is set for hearing on November 21, 2005, at 10:00 a.m.

The Clerk of the Court is to mail a copy of this Order to counsel and unrepresented parties of record.

SIGNED this 16th day of November, 2005.

_____

DALE SEGREST
Special Circuit Judge

KATHRYN B. RUBENSTEIN

        *Plaintiff,*

    v.                               Case No. CV-2002-5063

BETTY JO BAUMAN,

        *Defendant.*

## O R D E R

This matter came on for consideration on the 21st day of November, 2005, on pending motions and a pre-trial conference.

The Motion to Strike filed by Kathryn B. Rubenstein, which the Court has treated as a Motion to Set Aside its order to reconsider the Motion for Summary Judgment is hereby DENIED.

The Clerk of the Court is to mail a copy of this order to counsel and unrepresented parties of record.

SIGNED this 22nd day of November, 2005.

                            DALE SEGREST
                            Special Circuit Judge

FILED

NOV 29 2005 (AK)

JUDY BYRD, CLERK
HOUSTON CO., AL

Exhibit
17

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

**FILED**

KATHRYN BAUMAN RUBENSTEIN )

      Plaintiff )

DEC  7 2005

v. ) Case No. CV-02-5063

*Judy Byrd*

BETTY JO BAUMAN, et al )

JUDY BYRD, CLERK
HOUSTON CO., AL

      Defendants )

## ORDER GRANTING SUMMARY JUDGMENT

A Motion for Summary Judgment filed by defendants in this matter was considered by the Court on the 2nd day of September, 2005, and denied. In that submission, the evidence before the Court consisted of affidavits from witnesses to the Will and Trust of Theodore Julius Bauman and an opinion from a hand-writing expert to the effect that the signatures are probably not the signatures of Theodore Julius Bauman. At that time, the undersigned judge was inclined to believe that the opinion of the hand-writing expert created a genuine issue of fact.

Subsequent to the denial of the Motion for Summary Judgment, the undersigned judge was required for other reasons to review depositions of the witnesses to the Will and Trust, which were not before the Court at the time of the original submission. In this matter, all issues other than the genuineness of the signatures of Theodore Julius Bauman had previously been resolved by the Circuit Court of Houston County on Summary Judgment, and that Summary Judgment had been affirmed by appellate courts. Therefore, the only remaining issue before the Court is whether or not the signatures on the Will and Trust in question in this matter are in fact the signatures of Theodore Julius



Bauman. This matter is considered in the context of the CODE OF ALABAMA, Section 43-8-132(c) that provides for a self-proving will as follows:

> "If the will is self-proved, as provided in this section, compliance with signature requirements for execution is conclusively presumed, other requirements of execution are presumed subject to rebuttal without the testimony of any witness, and the will shall be probated without further proof, unless there is proof of fraud or forgery affecting the acknowledgement or affidavit."

After reading depositions and independently conducting legal research, the Court, on its own motion, scheduled the Motion for Summary Judgment for further hearing and directed a schedule for the submission of additional material in support of and against the Motion for Summary Judgment. The defendants submitted additional material in support of the Motion for Summary Judgment, but the Plaintiff Kathryn Bauman Rubenstein did not file any further documents in opposition to the Motion for Summary Judgment. Ms. Rubenstein represents herself pro se, and in open court on November 21, 2005, and without objection, the Court allowed her to present such additional material as she wished to present in opposition to the Motion for Summary Judgment.

At the time of the hearing, the Court had before it the sworn testimony of the formal witnesses to the Will and the formal witnesses to the execution of the Trust. Both instruments were both sworn and notarized. The witnessing of these documents, unlike eye-witness testimony to an automobile accident, was intentional and formal. The witnesses include Don P. Bennett, a retired circuit judge; Arthur Medley, an attorney who is currently a member of the District Attorney's staff in Houston County; Christine Barb, who is a totally disinterested 80-year-old woman who happened to be at the nursing home visiting another patient at the time that the Will and Trust were executed; and Faye Martin, a totally disinterested 60-year-old woman who happened to be at the nursing

home visiting another patient at the time that the Will and Trust were executed. All of the witnesses were deposed by Kathryn Bauman Rubenstein, and all testified unequivocally that they saw Theodore Julius Bauman execute the documents on which they were the witnesses.

The evidence is undisputed, and the parties stipulated in open court, that Theodore Julius Bauman was the victim of a stroke and that he suffered from partial paralysis on his right side. The stroke occurred in 1998.

Based on all evidence presented, the undersigned judge finds that the affidavit of Dr. Richard Roper, a hand-writing expert, is insufficient to create a genuine issue of material fact in this case. The court finds persuasive the cases of In Re: Estate of Krugle, 134 So.2d 860(1961); Dozier v. Smith, 446 So.2d 1091(1984) and Newman v. Newman, 766 So.2d 1091(2000). In those cases, the District Court of Appeals of Florida found that the testimony of a hand-writing expert to the effect that the purported signature was likely not the signature of the person it purported to be, standing alone, and without corroboration by circumstances indicative of forgery or fabrication, is legally insufficient to overcome the testimony of the formal eyewitnesses.

The court therefore finds that there is no genuine issue of material fact and that the defendants in this matter are entitled to a judgment as a matter of law. Summary Judgment in favor of the defendants is hereby GRANTED, and the Will and Trust executed by Theodore Julius Bauman are found to be authentic documents executed by him.

Since there may be other issues which this Court must deal with in connection with the administration of the Estate of Theodore Julius Bauman, and in connection with the Trust of Theodore Julius Bauman, the Court elects to certify this judgment as find pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure. The Court finds that there is no just reason for delay and hereby makes this Summary Judgment a final judgment in all respects with regard to the issues herein decided.

The Clerk of the Court is to mail a copy of this Order to counsel and unrepresented parties of record.

SIGNED this 5th day of December, 2005.

_____
DALE SEGREST
Special Circuit Judge

IN THE CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA


KATHRYN BAUMAN RUBENSTEIN    )
    )
        Plaintiff,    )    **CASE NO: CV 02-5063**
    )
**Vs.**    )
    )
**BETTY JO BAUMAN**    )
**MARILYN BAUMAN GRANGER**    )
**BARBARA BAUMAN KAMINSKY**    )
**JEFFREY BAUMAN**    )
**REGIONS BANK,**    )
**REGIONS MORTGAGE**    )
**BRIAN BICKHAUS,**    )
    **Trust Officer,CEO, Regions Bank,**    )
    **Dothan, Alabama**    )
**RICHARD FOX,**    )
    **Former Trust Officer, Regions Bank,**    )
    **Dothan, Alabama**    )
**ROBERT BIRMINGHAM,**    )
    **Former Trust Officer, Regions Bank,**    )
    **Dothan, Alabama**    )
**PAT BLACK**    )
    **Secretary, Regions Trust Department**    )
    **Dothan, Alabama**    )
**G. DAVID JOHNSTON, Esq.**    )
**DON P. BENNETT, Esq.**    )
**NANETTE PITCHER**    )
**PITCHER & ASSOCIATES**    )
**DIANNE REAM**    )
**REAM PROPERTIES**    )
**ANN CHANDLER**    )
**MARIE W. BAUMAN**    )
**ALAN E. KAMENSKY, Esq.**    )
**BENJAMIN WAYNE GRANGER**    )
**ROSS KENNEDY,**    )
    **Accountant, McDaniel & Associates**    )
**McDaniel & Associates**    )
**LEXA DOWLING, Esq.**    )
**FAYE FERRELL, M.D.**    )



Exhibit 19

| | |
|---|---|
| **DOUG MCKEOWN, Ph. D.** | ) |
| **WALLACE COOLEY** | ) |
| **TOM ZEIGENFELDER** | ) |
| **ZEIGOOLEY INC.** | ) |
| **MARGARET JOHNSTON** | ) |
| **HOUSTON COUNTY DEPARTMENT OF** | ) |
| **HUMAN RESOURCES** | ) |
| **All made, the basis of the Plaintiff's/** | ) |
| **Contestants Complaint** | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF/CONTESTANT'S AMENDED COMPLAINT

**COMES NOW**, the Plaintiff, Kathryn Bauman Rubenstein, acting Pro Se,

AND, PURSUANT TO *Alabama Rules of Civil Procedure* 15(a) does hereby file this her

amended complaint to that filed with this Court June 13, 2003 in the above styled

pending cause of action, and would state the following, to-wit;

Wherein Theodore Julius Bauman, also known as, Ted Bauman with regard to the

Motion herein, will be known as "Decedent".

1.   THAT, the Plaintiff/Contestant is a daughter of the Decedent, her mailing

address is P.O. Box 2243, Dothan, Alabama 36302;

2.   THAT, Defendant, Betty Jo Bauman, is the sole surviving spouse of the

Decedent, residing at 601 Jamestown, Dothan, Alabama 36302;

3.    THAT, the Defendant, Marilyn Bauman Granger, is a daughter of the
       Decedent and a resident of North Carolina. Her mailing address is P.O. Box
       488, Bryson City, North Carolina 28713-0488;

4.    THAT, the Defendant, Barbara Bauman Kamensky is a daughter of the
       Decedent and resident of Georgia. Her mailing address is, Columbus, Georgia
       31904-3709;

5.    THAT, the Defendant, Jeffrey Daniel Bauman is a son of the decedent and a
       resident of Alabama. His mailing address is Post Office Box 1956, Dothan,
       Alabama 36302;

6.    THAT, the Defendant Regions Bank is a State of Alabama Corporation,
       organized in Jefferson County, Alabama, and doing business in Dothan,
       Alabama, Houston County;

7.    THAT, Brian Bickhaus, is a trust officer with Regions Bank, Dothan Alabama
       and his address is 3201 Ross Clark Circle, Dothan, AL 36303;

8.    THAT, Pat Black is employed by the Trust Department of Regions Bank
       Dothan, Alabama and her address is 3201 Ross Clark Circle, Dothan, AL
       36303

9.    THAT, Richard Fox, was a trust officer with Regions Bank, Dothan, Alabama
       until 2001 and his current address is unknown;

10.   THAT, G. David Johnston. is a practicing attorney in Dothan, Houston
       County, Alabama and his mailing address is 291 North Oates Street,
       Dothan, Alabama 36303;

11. THAT, Don P. Bennett is a practicing attorney in Dothan, Houston County, Alabama and his mailing address is 141 North St Andrews Street, Dothan, Alabama 36303;

12. THAT, Deep South Investments is an Alabama Corporation operating in Dothan, Houston County Alabama and its mailing address is 141 North St Andrews Street, Dothan, Alabama 36303;

13. THAT, Nanette Pitcher is a practicing real estate broker in Dothan, Houston County, Alabama and her mailing address is 1133 West Main Street, Dothan, Alabama 36301;

14. THAT, Pitcher & Associates is an Alabama Corporation operating in Dothan, Houston County, Alabama and its mailing address is 1133 West Main Street, Dothan, Alabama 36301;

15. THAT, Dianne Reams is a practicing real estate agent in Dothan, Houston County, Alabama and her mailing address is 1133 West Main Street, Dothan, Alabama 36301;

16. THAT, Ream Properties is an Alabama Corporation operating in Dothan, Houston County, Alabama and its mailing address is 1133 West Main Street, Dothan, Alabama 36301;

17. THAT, Ann Chandler is a resident of the state of Alabama and her mailing address is 201 Church Street, Ashford, Alabama 36312;

18. THAT, Marie White Bauman is a resident of the state of Alabama and her mailing address is 108 Lucy Lane Dothan, Alabama 3630;

19.    THAT, Alan E. Kamensky is a practicing attorney in the state of Georgia and his address is Synovus Centre, Third Floor, 1111 Bay Avenue, Columbus, Georgia 31901;

20.    THAT, Benjamin Wayne Granger is a resident of the state of North Carolina and his mailing address is P.O. Box 488, Bryson North Carolina 28713;

21.    THAT, Ross Kennedy is an employee of McDaniel and Associates and his business address is 101 Executive Park Drive, Dothan, Alabama 36303;

22.    THAT McDaniel & Associates is an Alabama Corporation operating in Dothan, Houston County and its business address is 101 Executive Park Drive, Dothan, Alabama 36303;

23.    THAT, Lexa E. Dowling is a practicing attorney in Dothan, Houston County, Alabama and her mailing address is 185 North Oates, Dothan, Alabama 36303;

24.    THAT, Faye Ferrell is a practicing physician in Dothan, Houston County, Alabama and her mailing address is 114 East Troy Street, Dothan, Alabama 36301;

25.    THAT, Doug McKeown. is a practicing psychologist in Dothan, Houston County, Alabama and his mailing address is 114 East Troy Street, Dothan, Alabama 36301;

26.    THAT, Wallace Cooley is a resident of the state of Alabama and his mailing address is 6130 Eddins Road Dothan, Alabama 36303;

27.    THAT, Tom Zeigenfelder is a resident of the state of Alabama and his mailing address is 2501 West Main Street, Dothan Alabama 36301;

28. THAT, Zeigooley Inc. is an Alabama corporation operating in Dothan, Houston County, Alabama and its mailing address is 6130 Eddins Road Dothan, Alabama 36303;

29. THAT, Michael Conaway is a practicing attorney in Dothan, Houston County, Alabama and his mailing address is 360 North Oates Street, Dothan, Alabama 36303;

30. THAT, Arthur Medley is a practicing attorney in Dothan, Houston County, Alabama and his mailing address is 114 North Oates, Dothan, Alabama 36303;

31. THAT, Joel Weatherford is a practicing attorney in Dothan, Houston County, Alabama and his mailing address is 100 Adris Place, Dothan, Alabama 36303;

32. THAT, Farmer, Price, Hornsby & Weatherford, LLC is an Alabama Corporation operating in Dothan, Houston County, Alabama and it mailing address is 100 Adris Place, Dothan, Alabama 36303;

33. THAT, Regions Mortgage is an Alabama Corporation operating in Dothan, Houston County, Alabama and its mailing address is 3201 Ross Clark Circle, Dothan, AL 36303;

34. THAT, Margaret Johnson is a resident of the state of Alabama and employed by the Houston County Department of Human Resources and her mailing address is 3201 Ross Clark S.E., Dothan, AL 36301;

35. THAT, the Houston County Department of Human Resources is an agent of the State of Alabama and its mailing address is 3201 Ross Clark S.E., Dothan, AL 36301;

36.    THAT, Robert Birmingham was an employee of Regions Bank, Dothan, Alabama and his address is currently unknown;

37.    THAT, Plaintiff/Contestant avers that defendants set forth in Paragraphs **6, 7, 8, 9,, 10,11,13, 14, 21, 22 & 36** have breached their fiduciary duty unto Decedent and unto Plaintiff/Contestant in that said defendants have been, and continue to be wanton and negligent in that they have:

   a.    **Mismanaged trust finances**

   b.    **Disbursed trust funds without written authority**

   c.    **Refused to provide to the Plaintiff/Contestant an accounting of said Trust**

   d.    **Sold real property for less than fair market value**

   e.    **Contracted real property for sale without legal authority**

   f.    **Failed to provide to the Plaintiff/Contestant Estate Taxes of said Trust and of decedent, Theodore J. Bauman**

   g.    **Disbursed assets of decedent unto themselves and unto other third parties**

   h.    **Practiced self dealing in selling assets and real properties unto themselves for less than fair market value**

   i.    **Paid bills and mortgages of third parties from assets of Ted Bauman and/or from Trust Funds without written authority**

   j.    **Mismanaged assets and finances of Ted Bauman**

   k.    **Disbursed assets of Ted Bauman without legal authority and/or without requisite written permission**

38.   THAT  Plaintiff/Contestant avers that defendants' set forth in Paragraphs **6, 7, 8, 9, 10, 11, 13, 14, 21, 22, & 36**  willfully and wantonly conspired to cheat and defraud Plaintiff/Contestant by allegedly conspiring to and/or forging signatures and/or witnessing the alleged forged signature of Decedent on his purported Codicil to Last Will & Testament, purported Last Will and Testament, purported  Revocable Trust,  purported Power of Attorney, and contracts of sale and mortgage documents;

39.   THAT, Plaintiff/ Contestant alleges that defendants' set forth  in paragraphs **3, 4, 10, 11, 12, 13, 17, 18, 19, & 21** sought to exploit Decedent and to defraud Plaintiff/Contestant by conspiring to commit forgeries,  forging and/or witnessing forged documents and/or having knowledge of said forged documents purporting to be  Decedent's signature on various documents including but not limited to Mortgages, Real Estate Sales Contracts and Right of Survivorship Documents for the benefit of Nanette Pitcher and/or Anne Chandler;

40.   THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **3, 4, 6, 7, 8, 9, 10, 11, 13,14, 17, 18, 19, 21, 30 & 36** conspired to exploit Decedent and to defraud Plaintiff/Contestant by allegedly conspiring to, having knowledge of and/or forging Decedents signature on a Joint Power of Attorney Document giving Nanette Pitcher & Don P. Bennett jointly Power of Attorney over Decedent and that said defendants continued to exploit Decedent and his estate and to defraud Plaintiff/Contestant by signing and/or having knowledge said various documents were fraudulent including but not

limited to Mortgages, Loan Documents and Contracts for sale of real property
as joint Powers of Attorney subsequent to a Court Order removing them as
ATTORNEYS' IN FACT over Decedent;

41.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs
**3,4, 10, 11, 13, 14, 17, 18, 19, 20,  21 & 22** maliciously, willfully and with
intent to defraud Plaintiff/Contestant conspired to convert assets of Decedent
unto themselves and/or advised  defendants to convert and obscure said
conversions of assets of Decedent, and/or  did conspire to defraud and
Plaintiff/Contestant and The United Stated Government and The State of
Alabama of taxes due them including but not limited to gift taxes by
converting assets, having knowledge of  said conversions, and advising parties
herein to convert assets  including real property owned by  Decedent during
his lifetime and subsequent to his death unto themselves and unto third parties
with blatant disregard  to any laws and/or without any legal authority;

42.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs
**3,4,6, 9, 10, 11, 13, 14, 17, 18, 19, 20, 21 & 36** conspired to defraud
Plaintiff/Contestant by unduly  influencing Decedent while having full
knowledge and belief that Decedent was of unsound mind;

43.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **10,
11, 13, 15, 17, 18, 19& 20**  sought to defraud  Plaintiff/Contestant by
converting assets of Decedent unto themselves and unto third parties
including, but not limited to family members of Decedent  without legal
authority utilizing forged documents and/or by and through undue influence;

44.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **3, 4, 5,6, 8, 9, 10, 11, 13, 14, 17, 18, 19, 20, 21, 22, & 36** did willfully and with malicious intent, conspired to exploit Decedent and to defraud Your Plaintiff by forging, having knowledge of purported forgeries and/or aiding and abetting in the conspiracy to defraud Your Plaintiff by allowing assets of Decedent to be spent and looted specifically with regard to expenditures involving forged contracts, Mortgages and Right of Survival Documents for the benefit of one, Anne Chandler, a caregiver employed to care for Betty Jo Bauman and who was so employed approximately from July 15, 1997 until her termination on or about December 5, 1999;

45.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **10, 11, 13, 14, 19, & 21** did wantonly and willfully conspire to violate Civil RICO Statutes § 1962 (C) through the United States Postal Service, by interstate and intrastate wire and by conversion of assets of Decedent unto themselves and unto third parties with malicious intent to defraud Your Plaintiff of her rightful inheritance;

46.    THAT, Plaintiff/Contestant avers that defendants' set forth in paragraphs **6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 21, 22, 23, 29, & 36** conspired to defraud Plaintiff/Contestant by sharing pertinent financial information with each other and with third parties and by willfully and maliciously colluding to withhold pertinent financial information from Your Plaintiff including, but not limited to Decedent's assets, expenditures for and on behalf of Decedent, Profit & Loss Statements involving assets owned by Defendant , Corporate and

Individual Tax Returns including but not limited to the purported Revocable Trust of Decedent prior to and subsequent to Decedents death, and up until and including the present date;

47.    THAT, Plaintiff/Contestant alleges defendants' set forth in paragraphs **11,13 & 17** profited beyond compensation for salaries and/or professional fees from Decedent while said Decedent was of unsound mind and/or by undue influence, thus defrauding Plaintiff/Contestant;

48.    THAT, Plaintiff/Contestant alleges defendant set forth in paragraph **29** has been Aiding and Abetting defendants' set forth in paragraphs **3,4,11, 19, 24** and other as of yet, third parties, by conspiring to defraud Your Plaintiff by having first hand knowledge, yet withholding pertinent and imperative information and/or evidence regarding the mental instability of Decedent beginning in 1997, and that said defendants failed to be forthright and forthcoming and to provide unto this Court that in July 1997 said defendant set forth in paragraph **29** had been hired by Betty Jo Bauman, spouse of Decedent and your Plaintiff/Contestant upon the recommendation of the then Houston County Probate Judge, Luke Cooley, and subsequently said defendant had met with the majority of all children of Decedent and the spouse of Decedent and after unanimous agreement & approval of all parties, defendant had drafted, signed and filed with the Houston County Probate Court, COMMITMENT PROCEEDINGS and a WRIT FOR BODY wherein it was alleged that Decedent was mentally unstable, of unsound mind and a danger to himself and others;

49.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **3, 4, 10, 18, 19, 20, 21, & 22** individually and as a group did maliciously conspire to and with intent to defraud Your Plaintiff and to defraud The United States Government, and The State of Alabama of taxes including but not limited to gift taxes due them by said aforementioned defendants' conversion of personal assets of Decedent valued at approximately Five Hundred Thousand ($500,000.00) Dollars unto themselves and unto each other by and through interstate transportation utilizing the United States Mail;

50.    THAT, Plaintiff/Contestant alleges defendants' set forth in paragraphs **3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 19, 21, 22, 23, 26, 27, 28, & 36** conspired to defraud, Plaintiff/Contestant of her rightful inheritance and to defraud The United States Government and The State of Alabama of taxes due them by conveying real property of Decedent subsequent to the death of Decedent unto each other and unto third parties at prices significantly and markedly below market value;

51.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **3, 4, 10, 11, 13, 14, 17, 19 & 21** conspired to initiate, produce, sign, witness and/or enter into Management Agreements involving Decedent, his assets and/or real properties while Decedent was of unsound mind and/or under undue influence and with malicious and willful intent to defraud Your Plaintiff;

52.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **3, 4, 10, 11, 12, 17, 18, 19, 20, 24, 25 & 30** did collude & conspire with each

other and with willful and malicious intent to defraud Your Plaintiff by

having knowledge of, and/or participating in preparation of, witnessing,

and/or drafting affidavits in an effort to establish mental competency in 2000

of Decedent when in fact, Decedent was not a patient of either Faye Ferrill,

M.D or Doug McKeown, PhD and no attending physician of Decedent had

requested any such competency evaluation;

53.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **6,
7, 8, 10, 11, 13, 14, 15, 16, 19, 21 & 22** conspired to defraud Your Plaintiff by

offering for sale, the right to manage properties of Decedent including but not

limited to Revocable Trust assets of Decedent by one, Nanette Pitcher with

Pitcher & Associates to one, Darlene Ream of Ream Properties when there

existed no legal authority allowing the aforementioned defendants' the right to

transfer property manage of real properties of Decedent;

54.    THAT, Plaintiff/Contestant alleges that defendants' set forth in paragraphs **34
& 35** with willful and malicious intent did conspire with defendants' set forth

in paragraphs **3, 4, 11, 13, 17, & 23** to exploit Decedent and/or to defraud

Your Plaintiff by ignoring and/or dismissing allegations made unto them in

their official capacity regarding abuse and financial exploitation of Decedent

while said Decedent was a patient in an extended care facility, and that said

defendants' aforementioned in paragraphs **34** and **35**, admittedly stated they

were not authorized to investigate allegations of financial exploitation and or

lacked the knowledge and capacity to investigate said allegations and in fact

willfully and maliciously and with intent to defraud Your Plaintiff and did

ignore and dismiss concerns and allegations raised with respect to third parties taking advantage of the feeble and infirmed health and the unsound mind of Decedent;

55.    THAT, Plaintiff/Contestant alleges that defendants set forth in paragraphs **6, 7, 8, 9, 31, 32, 33 and 36** did conspire to defraud Your Plaintiff by initiating, issuing and/or granting mortgages, mortgage payoffs and the financial where withal to finance and/or pay off said mortgages to one, Houston County Circuit Judge, Larry Anderson while Anderson presided in his official capacity as Circuit Judge over proceedings in the above mentioned cause and in Cases CV-5012 & CV-5013 involving the Decedent and his spouse and their individual and marital assets, in exchange for favorable and preferential proceedings and rulings in said causes of action;

WHEREFORE, Plaintiff/Contestant prays that this Court will set these matters for hearing and that the issues involved herein will be made up and tried in this Court expeditiously at a time and place conducive to this Courts calendar. The Plaintiff/Contestant prays for such other, further, or more general relief to which she may, in equity and good conscience, be entitled.

Respectfully submitted this 22nd day of September, 2006.

KATHRYN BAUMAN RUBENSTEIN, Attorney Pro Se
P. O. Box 2243, Dothan, AL 36302
(334) 803-2526

## PLAINTIFF/CONTESTANT DEMANDS TRIAL BY JURY PURSUANT

## TO ALABAMA RULES OF CIVIL PROCEDURE 38(b)

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING TO: Jeffrey D. Bauman, Pro Se, P.O. Box 1956, Dothan, 36302, William L. Lee, III, Esq. P.O. Box 1665, Dothan, AL 36302 & Stephen G. McGowan, Esq. P.O. Box 2101,. Dothan, Alabama 36302, by placing a copy of the same in the United States Mail, properly addressed and postage prepaid, this 22nd day of September 2006:

_____
KATHRYN BAUMAN RUBENSTEIN, Attorney Pro Se
P. O. Box 2243, Dothan, AL 36302
(334) 803-2526

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | | |
|---|---|---|
| In Re: Betty Jo Bauman, alleged to be Incapacitated, | ) ) ) | CASE NO.: CV-2001-5012 |
| Kathryn Bauman Rubenstein, Vs. | ) ) ) | CASE NO.: CV-2001-5013 |
| Betty J. Bauman, et als., | ) | CASE NO.: CV-2002-5063 |

### O R D E R

This matter came before the Court on the Circuit Clerk's motion for a restraining order and Katherine Bauman's opposition and motion for the same.

The Clerk appeared, and was represented by Doug Valeska. Jeff Bauman appeared pro se. Katherine Bauman failed to appear but filed a motion to continue that morning prior to the hearing.

At the hearing, the Clerk withdrew her petition for a restraining order.

Given the history of these cases, the conduct of the parties, the court ex mero motu enter the following procedural requirements for all parties:

- All requests to review the file shall be scheduled in advance through Houston County Court Liason, Sgt. James Ivey at (334) 677-4876.

- Request for copies shall be made in writing on the attached form.

- Costs for copies will be pre-paid. Estimated cost for copying CV-2001-5012 is $120.00; CV-2001-5013 is $370.00; CV-2002-5063 is $1,295.00.

- All parties shall refrain from cell phone use while in the Clerk's Office reviewing these files.

- All parties shall refrain from making any comments, accusations, assertions or disparaging remarks to the Clerk or any assistant clerk.



Exhibit 20

**DONE AND ORDERED** this 15th day of May, 2007.

Burt Smithart, Presiding Circuit Judge
Third Judicial Circuit of Alabama

**FILED**

MAY 2 2 2007

Carla Woodall, Clerk
Houston County, AL

**Division (Check One)**
___ District Criminal/Traffic
___ Small Claims/District Civil
___ Juvenile
___ Circuit Civil
___ Circuit Criminal
___ Family Relations

File In Stamp – Office Space Only

# REQUEST FOR COPIES

Name: _____

Address: _____

City: _____  State: _____  Zip: _____

Case Name: _____

_____

Case No.: _____

Requested Documents: _____

_____

_____

_____

_____

Requests for copies will be handled in order they are received as office work permits.  Please complete the above information and mail to:  Houston County Circuit Clerk's Office, P.O. Drawer 6406, Dothan, AL  36302.  Once we receive your request, we will send the request back with an estimate of the costs.  Return the request with payment of estimated costs (money order or cashier's check only), and we will process your request.

COST FOR COPIES:  1-20 pages = $5.00  & Each Additional Page = $.50 per page

Estimated Number of Pages: _____

Cost of Estimated Copies  $_____  + Postage  $_____  =  $_____  ← Estimate You Must Pay

**OFFICE SPACE ONLY:**

Estimate Paid  YES  NO   Date Recd. _____  Receipt No. _____   Date Processed: _____

KATHRYN BAUMAN RUBENSTEIN, **FILED** IN THE CIRCUIT COURT OF

PLAINTIFF,     SEP 2 6 2007     HOUSTON COUNTY, ALABAMA

VS.                              *

BETTY JO BAUMAN, ET AL,     *Carla Wodall*
                        Carla Woodall, Clerk   CIVIL ACTION NO.:  CV 2002-5063
            DEFENDANTS.     Houston County, AL
                                 *

## O R D E R

Pursuant to the Order dated July 26, 2007, and entered on July 31, 2007 (the "Hearing Order"), this Court set for hearing on September 5, 2007, a total of 39 pending motions. After the Hearing Order was entered, other motions were filed by Defendants and Plaintiff. The pending motions filed by the Defendants included Motions to Strike, Motions to Dismiss, Motions for Costs and Sanctions and Motions for Attorney Fees, and the motions sought, among other relief, the following:

a)     The dismissal of Plaintiff's Amended Complaint filed September 22, 2006, and her Addendum to Amended Complaint filed September 22, 2006, and her Second Addendum to Amended Complaint filed October 13, 2006;

b)     The striking of Plaintiff's Amended Complaint and the two Addendums due to her failure to obtain leave from the Court under Rule 15(a), Ala.R.Civ.P., and other reasons set forth in said motions; and

c)     The assessment and payment of costs and attorneys fees incurred by the Defendants pursuant to the Alabama Litigation Accountability Act, §§12-19-273, *et. seq.*, Code of Alabama, 1975, as amended, due to Plaintiff bringing this action against certain Defendants without substantial justification.

On September 5, 2007, Defendants, both individually and through their respective attorneys of record, appeared before the Court for a hearing on all pending Motions. Plaintiff did not appear at this hearing, but instead she filed on September 5, 2007, a "Motion to



Recuse and Motion to Stay Proceedings" which was not served on any Defendant and which was considered and denied by this Court by written endorsement on the motion dated September 5, 2007, per Rule 58(a)(3), Ala.R.Civ.P.

Having considered all pending Motions filed by the Defendants, the parties' respective pleadings and the evidence and arguments presented at the September 5th hearing, the Court finds and ORDERS as follows:

1)    All Motions to Dismiss are GRANTED and the Plaintiff's Amended Complaint filed September 22, 2006, her Addendum to Amended Complaint filed September 22, 2006, and her Second Addendum to Amended Complaint filed October 13, 2006 (collectively, the "2006 Amendments"), are hereby DISMISSED and all Defendants who Plaintiff sought to add to this action pursuant to her 2006 Amendments are hereby DISMISSED. In addition, the Motion for Lack of Personal Jurisdiction as to defendant Allen E. Kamensky is GRANTED.

2)    The Motions to Strike and Motions for Misjoinder are declared to be MOOT due to the granting of the Motions to Dismiss and the DISMISSAL of the 2006 Amendments and the Dismissal of all Defendants that the Plaintiff sought to add to this action pursuant to the 2006 Amendments. Any other pending Motion filed by the Plaintiff not specifically addressed in this Order is hereby denied.

3)    Pursuant to the Motions and the Court's own initiative, the Court finds and determines that Plaintiff asserted claims and causes of action against the Defendants who Plaintiff sought to add to this action pursuant to the 2006 Amendments without substantial justification, either in whole or in part, or Plaintiff interposed these claims and causes of action for delay or harassment, all within the meaning of, and as provided by, the Alabama Litigation Accountability Act, and, therefore, the Court hereby assesses reasonable attorneys fees and costs against the Plaintiff with such amounts to be determined and approved at a

later date by this Court. The attorneys for the Defendants are hereby directed by the Court to file affidavits within thirty (30) days from the date off this Order setting forth the amount of attorney's fees and costs so incurred in defense of their respective clients for review and approval by this Court. The Court hereby retains jurisdiction of this matter pending consideration and assessment of the requested attorney's fees and cost.

4)     This Order is also rendered pursuant to Rule 12(c) of the Ala.R.Civ.P., and the Motions to Dismiss of the Defendants are treated as motions for summary judgment as provided in Rule 56 of the Ala.R.Civ.P. Pursuant to Rule 54(b), Ala.R.Civ.P., the Court hereby directs that the entry of this Order as to the dismissal of all of the claims asserted in the 2006 Amendments and all of the Defendants sought to be added pursuant to the 2006 Amendments shall be a final judgment as the Court finds and orders that there is no just reason for delay and that this Order shall be treated as a final judgment.

With the entry of this final judgment as to the 2006 Amendments and the Defendants that were added by the 2006 Amendments and the final adjudication on appeal of the will contest by the order of the Alabama Supreme Court on June 15, 2007, in Supreme Court Case No. 1060660, this action remains pending on the original Complaint, as amended by Plaintiff's June 13, 2003, Amended Complaint (the "2003 Amended Complaint"), and against Defendant Regions Bank only with respect to Plaintiff's claims of breach of fiduciary duty, negligence and wantonness as stated in the 2003 Amended Complaint.

**DONE AND ORDERED** this the _20th_ day of September, 2007.

_____
Hon. Burt Smithart, Circuit Judge

# STATE OF ALABAMA
# COURT OF CIVIL APPEALS



September 24, 2004

**2030112**

Kathryn Bauman Rubenstein v. Betty Jo Bauman et al.  (Appeal from Houston Circuit Court: CV 02-5063)

## Certificate of Judgment

The appeal in this cause having been duly submitted, IT IS CONSIDERED, ORDERED, AND ADJUDGED that the judgment of the court below is affirmed  the appellees' motion to strike the affidavit attached to the appellant's brief are granted.

IT IS FURTHER ORDERED that the costs of appeal are taxed against the appellant(s) and sureties as provided by Rule 35, Alabama Rules of Appellate Procedure.

Witness, John H. Wilkerson, Jr., this 24th day of September, 2004.

**John H. Wilkerson, Jr.**
**Clerk, Court of Civil Appeals**



STATE OF ALABAMA -- JUDICIAL DEPARTMENT
THE COURT OF CIVIL APPEALS
SPECIAL TERM, 2004

SEP 2004 1
FILED
Court of Civil Appeals
of Ala.
I.H. Wilkerson, Jr.
Clerk

2030112

Kathryn Bauman Rubenstein v. Betty Jo Bauman et al.
Appeal from Houston Circuit Court (CV-02-5063).

PITTMAN, Judge.

AFFIRMED.  NO OPINION.

See Rule 53(a)(1) and (a)(2)(E), Ala. R. App. P.; Barry
v. D.M. Drennen & Emma Houston Drennen Mem. Trust, [Ms.
1030827, Aug. 13, 2004] ___ So. 2d ___, ___ (Ala. 2004); Ex
parte Ryals, 773 So. 2d 1011, 1013 (Ala. 2000); Clifton v.
Clifton, 529 So. 2d 980, 983 (Ala. 1988); Herring v.
Cunningham, 507 So. 2d 1324, 1325 (Ala. 1987); Green v.
Vanlandingham, 437 So. 2d 92, 92 (Ala. 1983); Robinson v.
State Farm Mut. Auto. Ins. Co., 813 So. 2d 924, 927 (Ala. Civ.
App. 2001); Hodges v. Genzone, 724 So. 2d 521, 522 (Ala. Civ.
App. 1998), cert. denied, 724 So. 2d 524 (Ala. 1998); and
Driskell v. Pope, 707 So. 2d 264, 265 (Ala. Civ. App. 1997).

The appellees' motions to strike the affidavit attached
to the appellant's brief are granted. See Green v. Standard
Fire Ins. Co., 398 So. 2d 671, 673-74 (Ala. 1981).

The Alabama Supreme Court transferred this appeal to this
court pursuant to § 12-2-7(6), Ala. Code 1975.

Yates, P.J., and Crawley, Thompson, and Murdock, JJ.,
concur.

# STATE OF ALABAMA
# COURT OF CIVIL APPEALS



October 27, 2006

**2050386**

Kathryn Bauman Rubenstein v. Betty Jo Bauman et al.  (Appeal from Houston Circuit Court: CV 02-5063)

## Certificate of Judgment

The appeal in this cause having been duly submitted, IT IS CONSIDERED, ORDERED, AND ADJUDGED that the judgment of the court below is affirmed.

IT IS FURTHER ORDERED that the costs of appeal are taxed against the appellant(s) and sureties as provided by Rule 35, Alabama Rules of Appellate Procedure.

Witness, John H. Wilkerson, Jr., this 27th day of October, 2006.

**John H. Wilkerson, Jr.**
**Clerk, Court of Civil Appeals**

June 15, 2007

The Petition For Writ of Certiorari filed in the Supreme Court on January 26, 2007, was denied on June 15, 2007. The certificate of judgment is transmitted this date.

JOHN H. WILKERSON JR., CLERK

Exhibit
23



STATE OF ALABAMA -- JUDICIAL DEPARTMENT
THE COURT OF CIVIL APPEALS
OCTOBER TERM, 2006-2007

2050386

Kathryn Bauman Rubenstein v. Betty Jo Bauman et al.
Appeal from Houston Circuit Court (CV-02-5063).

PITTMAN, Judge.

        AFFIRMED.  NO OPINION.

        See Rule 53(a)(1) and (a)(2)(E), Ala. R. App. P.; Ala.
Code 1975, § 43-8-132; <u>Ex parte Smith</u>, 901 So. 2d 691, 695
(Ala. 2004); <u>Burns v. Marshall</u>, 767 So. 2d 347, 351-52 (Ala.
2000); <u>Central Bank v. Dinsmore</u>, 475 So. 2d 842, 845 (Ala.
1985); and <u>Jordan v. Conservation & Land Co.</u>, 273 Ala. 99,
102, 134 So. 2d 777, 779 (1961).

        Crawley, P.J., and Thompson, Murdock, and Bryan, JJ.,
concur.

# IN THE SUPREME COURT OF ALABAMA



June 15, 2007

**1060660**

Ex parte Kathryn Bauman Rubenstein.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CIVIL APPEALS  (In re: Kathryn Bauman Rubenstein v. Betty Jo Bauman et al.)   (Houston Circuit Court: CV 02-5063; Civil Appeals : 2050386).

## <u>CERTIFICATE OF JUDGMENT</u>

### <u>Writ Denied</u>

    The above cause having been duly submitted, IT IS CONSIDERED AND ORDERED that the petition for writ of certiorari is denied.

    PARKER, J. -  Cobb, C.J., and See, Woodall, and Smith, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 15th day of_____ June,____ 2007___

*Robert G Esdale Sr*

Clerk, Supreme Court of Alabama



/bb