IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KATHRYN BAUMAN RUBENSTEIN,    )
    )
    **Plaintiff,**    )
    )
vs.    )    **CASE NO: 1:07-cv-798-MHT**
    )
BETTY JO BAUMAN, et. al.,    )
    )
    **Defendants.**    )

## DEFENDANT TOMMY R. SCARBOROUGH'S SECOND MOTION TO DISMISS

**COMES NOW** Defendant Tommy R. Scarborough ("Scarborough"), by and through his undersigned attorneys, and moves this Court pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss the above styled action against this Defendant. On October 2, 2007, Defendant Scarborough filed with this Court a Motion to Dismiss Plaintiff's Complaint. (See Motion, Ex. A). Prior to that, on October 1, 2007, this Court granted an extension until November 1, 2007, to each named defendant, in which to file a response to Plaintiff's complaint, as amended. As such, Defendant Scarborough submits the following Second Motion to Dismiss, in response to the Complaint, Amended Complaint, and Second Amended Complaint (hereafter "Complaints"). Defendant Scarborough adopts and re-asserts all grounds for dismissal set forth in the original motion to dismiss  In detail, Defendant Scarborough sets forth as follows:

1.    The Federal Rules of Civil Procedure embody the concept of liberalized "notice pleading;" i.e., that a complaint need contain only a statement calculated to "give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002); Conley v. Gibson, 355 U.S. 41 (1957). As to Defendant Scarborough, Plaintiff's Complaint fails to meet this minimum requirement.

2.    Rule 8(a)(2), Fed. R. Civ. P., requires the Plaintiff to make a short, plain statement of a claim showing entitlement to relief.  See, Hamilton v. Allen-Bradley Co., 217 F.3d 1321, 1325 (11th Cir. 2000) ("the form of a complaint is insignificant, even if it fails to categorize correctly the legal theory giving rise to the claim, so long as the complaint alleges the facts on which relief can be granted"); and Roe v. Aware Woman Cntr. for Choice, Inc., 253 F.2d 678, 683-684 (11th Cir. 2001) ("while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some vital legal theory").

3.    Plaintiff's allegations, set forth in the Complaints' "Causes of Action" section, allege no act, omission, or wrongdoing as pertaining to Defendant Scarborough.  In short, Plaintiff's Complaints assert no direct or indirect claim against Defendant Scarborough.  As a result, Plaintiff's Complaints fail to satisfy the minimal standard established under Rule 8(a)(2) as pertaining to Defendant Scarborough.

4.    Plaintiff's "Prayer for Relief" makes no demand for relief as to Defendant Scarborough or even a reference to Defendant Scarborough.  Plaintiff's general demand for damages "against the Defendants" is insufficient to satisfy the requirement of Rule 8(a)(3), and in light of the above, such demand is wholly inapplicable to Defendant Scarborough.

5.    In ruling on a Rule 12(b)(6) motion pursuant to the Federal Rules of Civil Procedure, "dismissal is appropriate where it is clear the Plaintiff can prove no set of facts in support of the claims in the Complaint."  Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  As a result, because Plaintiff has literally not stated any specific claim against Defendant Scarborough, alleged any facts to support a viable claim against Defendant

Scarborough, or requested any relief against Defendant Scarborough, Plaintiff has failed to comply with the requirements of Rule 8(a), Fed. R. Civ. P. As such, Plaintiff's Complaints are due to be dismissed.

6.     Plaintiff has a history of filing frivolous and meritless claims against counsel, judges, parties and interested persons involved in the underlying state court action for the sole purpose of harassment. <u>See</u>, <u>e.g.</u> <u>Kathryn Bauman Rubenstein v. Betty Jo Bauman, et al.</u>, Case No: 1:06-CV-00955-MHT. As a result, Defendant Scarborough intends to seek attorney's fees and costs if the Court grants this Motion to Dismiss.

**WHEREFORE**, premises considered, Defendant Tommy R. Scarborough respectfully requests that this Honorable Court grant his Motion to Dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., based upon Plaintiff's failure to state a claim for which relief can be granted against this Defendant.

Respectfully submitted this the 31st day of <u>October, 2007</u>.

<u>s/ T. Grant Sexton, Jr.</u>
F. CHADWICK MORRISS (ASB-8504-S75F)
T. GRANT SEXTON, JR. (ASB-0915-S40S)
Attorneys for Defendant Tommy Scarborough

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
Email: fcm@rsjg.com (Morriss)
Email: gsexton@rsjg.com (Sexton)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of October, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: **Wade Hampton Baxley, Jack Michael Conaway, Lexa E. Dowling, James Davis Farmer, Robert Merrill Girardeau, William Wallace Hinesley, William Lovard Lee, III, Steve G. McGowan, Virginia Lynn McInnis, William W. Nichols, Jere C. Segrest, James K. Walding, Joel W. Weatherford, R. Cliff Mendheim, Jeffrey Neil Windham, Ann Stone Sumblin, John A. Smith, III, Phillip D. Segrest, Jr., Joseph E. Stott, Don P. Bennett,** and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**Kathryn Bauman**
**Rubenstein**
P.O. Box 2243
Dothan, AL 36302

*s/ T. Grant Sexton, Jr.*
Of Counsel

IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHRYN BAUMAN RUBENSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO: 1:07-cv-798-MHT |
| | ) | |
| BETTY JO BAUMAN, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT TOMMY R. SCARBOROUGH'S MOTION TO DISMISS

**COMES NOW** Defendant Tommy R. Scarborough ("Scarborough"), by and through his undersigned attorneys, and moves this Court pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss the above styled action against this Defendant. As grounds therefor, Defendant Scarborough submits the following:

1.      The Federal Rules of Civil Procedure embody the concept of liberalized "notice pleading;" i.e., that a complaint need contain only a statement calculated to "give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002); Conley v. Gibson, 355 U.S. 41 (1957). As to Defendant Scarborough, Plaintiff's Complaint fails to meet this minimum requirement.

2.      Rule 8(a)(2), Fed. R. Civ. P., requires the Plaintiff to make a short, plain statement of a claim showing entitlement to relief. See, Hamilton v. Allen-Bradley Co., 217 F.3d 1321, 1325 (11th Cir. 2000) ("the form of a complaint is insignificant, even if it fails to categorize correctly the legal theory giving rise to the claim, so long as the complaint alleges the facts on which relief can be granted"); and Roe v. Aware Woman Cntr. for Choice, Inc., 253 F.2d 678, 683-684 (11th Cir. 2001) ("while notice pleading may not require that the pleader



allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some vital legal theory").

3.      Plaintiff's allegations, set forth in the Complaint's "Causes of Action" section, allege no act, omission, or wrongdoing as pertaining to Defendant Scarborough. In short, Plaintiff's Complaint asserts no direct or indirect claim against Defendant Scarborough. As a result, Plaintiff's Complaint fails to satisfy the minimal standard established under Rule 8(a)(2) as pertaining to Defendant Scarborough.

4.      Plaintiff's "Prayer for Relief" makes no demand for relief as to Defendant Scarborough or even a reference to Defendant Scarborough. Plaintiff's general demand for damages "against the Defendants" is insufficient to satisfy the requirement of Rule 8(a)(3), and in light of the above, such demand is wholly inapplicable to Defendant Scarborough.

5.      In ruling on a Rule 12(b)(6) motion pursuant to the Federal Rules of Civil Procedure, "dismissal is appropriate where it is clear the Plaintiff can prove no set of facts in support of the claims in the Complaint." Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). As a result, because Plaintiff has literally not stated any specific claim against Defendant Scarborough, alleged any facts to support a viable claim against Defendant Scarborough, or requested any relief against Defendant Scarborough, Plaintiff has failed to comply with the requirements of Rule 8(a), Fed. R. Civ. P. As such, Plaintiff's Complaint is due to be dismissed.

6.      Plaintiff has a history of filing frivolous and meritless claims against counsel, judges, parties and interested persons involved in the underlying state court action for the sole purpose of harassment. See, e.g. Kathryn Bauman Rubenstein v. Betty Jo Bauman, et al., Case

No: 1:06-CV-00955-MHT.  As a result, Defendant Scarborough intends to seek attorney's fees and costs if the Court grants this Motion to Dismiss.

**WHEREFORE**, premises considered, Defendant Tommy R. Scarborough respectfully requests that this Honorable Court grant his Motion to Dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., based upon Plaintiff's failure to state a claim for which relief can be granted against this Defendant.

Respectfully submitted this the 2nd day of October, 2007.

_s/ T. Grant Sexton, Jr._
F. CHADWICK MORRISS (ASB-8504-S75F)
BETHANY L. BOLGER (ASB-6740-E60B)
T. GRANT SEXTON, JR. (ASB-0915-S40S)
Attorneys for Defendant Tommy Scarborough

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone:  (334) 206-3100
Facsimile:  (334) 262-6277
Email:  fcm@rsjg.com (Morriss)
Email:  blb@rsjg.com (Bolger)
Email:  gsexton@rsjg.com (Sexton)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2$\underline{^{nd}}$_ day of <u>October, 2007</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: **Wade Hampton Baxley, Jack Michael Conaway, Lexa E. Dowling, James Davis Farmer, Robert Merrill Girardeau, William Wallace Hinesley, William Lovard Lee, III, Steve G. McGowan, Virginia Lynn McInnis, William W. Nichols, Jere C. Segrest, James K. Walding, Joel W. Weatherford, Jeffrey Neil Windham,** and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

**Jeffrey Bauman**
P.O. Box 1956
Dothan, AL 36302

**Don P. Bennett**
141 N. St. Andrew St.
Dothan, AL 36303

**Ann Chandler**
177 Travis Lane
Slocomb, AL 36375

**Community Bank & Trust**
901 N Boll Weevil Cir
Enterprise, AL 36330

**Wallace Cooley**
6130 Eddins Rd
Dothan, AL 36303

**Faye Ferrell**
114 E. Troy St.
Dothan, AL 36301

**Richard Fox**
475 Turnstone Dr.
Boca Grand, FL 33921

**Margaret Johnston**
Houston County DHR
3201 Ross Clark Circle SE
Dothan, AL 36301

**Carl E. Jones**
c/o Regions Bank
417 20th St.
Birmingham, AL 35202

**Doug McKeown**
114 E. Troy St.
Dothan, AL 36301

**Nanette Pitcher**
1133 W. Main St.
Dothan, AL 36301

**Pitcher & Associates**
1133 W. Main St.
Dothan, AL 36301

**Dianne Ream**
1133 W. Main St.
Dothan, AL 36301

**Ream Properties**
1133 W. Main St.
Dothan, AL 36301

**Kathryn Bauman Rubenstein**
P.O. Box 2243
Dothan, AL 36302

**Tom Zeigenfelder**
1142 Appian Way
Dothan, AL 36303

**Zeigooley, Inc.**
6130 Eddins Rd.
Dothan, AL 36303

<u>s/ T. Grant Sexton, Jr.</u>
Of Counsel

4