IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN BAUMAN RUBENSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 1: 07cv798-MHT |
| v. ) | |
| ) | |
| BETTY JO BAUMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS COMPLAINT, FIRST AMENDED COMPLAINT, AND SECOND AMENDED COMPLAINT

Come now Defendants Elizabeth Smithart, Sandra K. Anderson, Mrs. Philip Dale Segrest, and Fairfax Nabers (collectively "Defendants") and move this Court to dismiss all claims against them in Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint. As grounds for said motion, Defendants state as follows:

1. Plaintiff Kathryn Rubenstein ("Plaintiff") has asserted claims against these Defendants and fifty-seven other defendants for alleged violations of Plaintiff's due process rights under the U.S. and Alabama Constitutions.

2. After Plaintiff filed an Amended Complaint described by the Court as "fatally defective" for lack of specificity in the allegations, the Court ordered a Second Amended Complaint, which Plaintiff filed on October 5, 2007.

3. Despite the Court order, the Second Amended Complaint still fails to plead facts with sufficient specificity to state a claim for which relief can be granted with respect to any claims against the Defendants.

4. Paragraphs 67-70 allege "compensatory bias" against Defendants Nabers, Smithart, Segrest, and Anderson and their spouses. These are the only parts of the Second

Amended Complaint that make any allegations regarding what the Defendants did to deprive Plaintiff of her rights.

     5.     Rule 12(b)(6) of the Fed. R. Civ. P. provides that a motion to dismiss should be granted "where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).

     6.     Recently, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court held that, pursuant to Fed. R. Civ. P. 8, a complaint must set forth sufficient factual matter (taken as true) to support the asserted claims for relief. *See Bell Atlantic Corp. v. Twombly*, 125 S.Ct. 1955, 1965 (2007). The Court specified that

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)….

*Id*. at 1964-65 (internal quotations and citations omitted).

     7.     Further, to satisfy Rule 8, the Eleventh Circuit has held that a complaint must contain either direct or inferential allegations respecting all material elements of a cause of action. *See Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001). Thus, "at a minimum, notice pleading requires that a complaint contain inferential allegations from which [the court] can identify each of the *material* elements necessary to sustain a recovery under some viable legal theory." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis in original).

     8.     In short, factual allegations cannot "stop [] short of the line between possibility and plausibility of entitle[ment] to relief." *Twombly*, 127 S.Ct. at 1966. Rather, to survive a

motion to dismiss, a complaint must plead enough facts to "nudge [the] claims across the line from conceivable to plausible…" *Id*. at 1974.

9.  Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint fail to meet this standard. Plaintiff's allegations of "compensatory bias" provide no information about what this term means with respect to who allegedly compensated whom, what form of compensation was received, what type of bias resulted, or how any alleged bias affected Plaintiff's due process rights. More generally, with respect to all allegations against Defendants, Plaintiff has failed to specify any facts which either directly or by inference state a plausible claim that entitles Plaintiff to relief.

10. Accordingly, all claims against Defendants in this lawsuit should be dismissed in their entirety pursuant to Rule 12(b)(6).

11. Defendants reserve the right to seek sanctions and recover attorneys' fees under Fed. R. Civ. P. 11 and 42 U.S.C. § 1988.

WHEREFORE, premises considered, Defendants Elizabeth Smithart, Sandra K. Anderson, Mrs. Philip Dale Segrest, and Fairfax Nabers respectfully request this Court to dismiss them as Defendants with respect to all claims made in Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint. Defendants request such further relief as this Court may deem appropriate.

Respectfully submitted,

   /s/ John A. Smyth III\
John A. Smyth III\
Attorney for Defendants Elizabeth Smithart, Sandra K. Anderson, Mrs. Philip Dale Segrest, and Fairfax Nabers

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
Phone (205) 254-1000; Fax (205) 254-1999
jsmyth@maynardcooper.com

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing MOTION TO DISMISS COMPLAINT, FIRST AMENDED COMPLAINT, AND SECOND AMENDED COMPLAINT has been filed with the Clerk of this Court and that the Court's electronic filing system will send notification of such filing to all counsel/parties of record with the following exceptions to be notified via regular U.S. Mail, postage pre-paid:

Kathryn Bauman Rubenstein
P.O. Box 2243
Dothan, AL 36302


      On this 1st day of November, 2007.

                                                         /s/ John A. Smyth III
                                                       OF COUNSEL