IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KATHRYN BAUMAN RUBENSTEIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION NO. 1: 07cv798-MHT |
| v. ) | |
| ) | |
| **BETTY JO BAUMAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MOTION TO DISMISS COMPLAINT, FIRST AMENDED COMPLAINT, AND SECOND AMENDED COMPLAINT

Come now Defendants Judge Bernard Smithart, Judge Larry K. Anderson, retired Judge Dale Segrest, former Chief Justice Drayton Nabers, Judy Byrd, Cynthia Pittman, and Carla Henby Woodall (collectively "Defendants") and move this Court to dismiss all claims against them in Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint. As grounds for said motion, Defendants state as follows:

1. Plaintiff Kathryn Rubenstein ("Plaintiff") has asserted claims against these Defendants and fifty-four other defendants for alleged violations of Plaintiff's due process rights under the U.S. and Alabama Constitutions.

2. After Plaintiff filed an Amended Complaint described by the Court as "fatally defective" for lack of specificity in the allegations, the Court ordered a Second Amended Complaint, which Plaintiff filed on October 5, 2007.

3. Despite the Court order, the Second Amended Complaint still fails to plead facts with sufficient specificity to state a claim for which relief can be granted with respect to any claims against the Defendants.

4.      Paragraphs 67-84 of the Second Amended Complaint allege a variety of actions taken by Defendants from 2001-2007 relating to Houston County case CV-02-5063 that Plaintiff claims violated her constitutional rights.[1] Paragraphs 67-70 allege "compensatory bias" against Defendants Nabers, Smithart, Segrest, and Anderson and their spouses. Paragraphs 71-75 all discuss rulings allegedly made by Judge Anderson from the bench regarding motions, the discovery process, and recusal orders in Houston County Case CV-02-5063. Paragraphs 76-85 all discuss rulings allegedly made by Judge Segrest on motions and discovery disputes in Case CV-02-5063. Paragraphs 86-87 allege a denial of access to certain court records by Judge Smithart, Carla Woodall, Judy Byrd, and Cynthia Pittman. Paragraph 83[2] alleges a denial of Plaintiff's rights based on the issuance of a warrant by Judge Smithart, Carla Woodall, and Sheriff Andy Hughes to deny Plaintiff access to the Houston County Courthouse. Paragraph 84[3] alleges a conspiracy by Judge Smithart and Ms. Woodall to defraud Plaintiff by scheduling a hearing for May 15, 2005.

5.      Plaintiff filed an addendum to the Second Amended Complaint on October 23, 2007, alleging she was again denied due process rights as a result of a decision by Judge Smithart not to recuse himself from Plaintiff's state court proceedings.

6.      Rule 12(b)(6) of the Fed. R. Civ. P. provides that a motion to dismiss should be granted "where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).

7.      Recently, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court held that, pursuant to Fed. R. Civ. P. 8, a complaint must set forth sufficient factual matter (taken as true) to support the

---

1 The Second Amended Complaint actually includes two separate versions of Paragraphs 82-84, with the second set beginning after Paragraph 87 on page 23 of the Second Amended Complaint. The reference to 67-84 here is meant to end with the second version of Paragraph 84.
2 This reference is to the second version of Paragraphs 83-84, found on pages 23-24 of the Second Amended Complaint.

asserted claims for relief.  *See Bell Atlantic Corp. v. Twombly*, 125 S.Ct. 1955, 1965 (2007).  The Court specified that

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)….

*Id*. at 1964-65 (internal quotations and citations omitted).

8. Further, to satisfy Rule 8, the Eleventh Circuit has held that a complaint must contain either direct or inferential allegations respecting all material elements of a cause of action.  *See Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001).  Thus, "at a minimum, notice pleading requires that a complaint contain inferential allegations from which [the court] can identify each of the *material* elements necessary to sustain a recovery under some viable legal theory."  *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis in original).

9. In short, factual allegations cannot "stop [] short of the line between possibility and plausibility of entitle[ment] to relief."  *Twombly*, 127 S.Ct. at 1966.  Rather, to survive a motion to dismiss, a complaint must plead enough facts to "nudge [the] claims across the line from conceivable to plausible…"  *Id*. at 1974.

10. Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint fail to meet this standard.  Plaintiff's allegations of "compensatory bias" provide no information about what this term means with respect to who allegedly compensated whom, what form of compensation was received, what type of bias resulted, or how any alleged bias affected Plaintiff's due process rights.  More generally, with respect to all allegations against Defendants, Plaintiff has

---

3 This reference is also to the second version of Paragraphs 84 of the Second Amended Complaint.

failed to specify any facts which either directly or by inference state a plausible claim that entitles Plaintiff to relief.

11. Even if Plaintiff had pled sufficient facts to satisfy the pleading standards of *Twombly* and its progeny, Defendants' actions are entitled to absolute judicial immunity. *See Ex parte City of Greensboro*, 948 So. 2d 540, 542 (Ala. 2006) ("Judges acting in an official judicial capacity are entitled to absolute judicial immunity under Alabama law").

12. Judicial immunity covers not only the official actions of judges, but also the discretionary judicial acts of magistrates and clerks of court. *Id.* at 543. "This absolute immunity for acts within the jurisdiction of the judicial officer is extended even where the officer acts in error, maliciously, or in excess of his authority." *Id.* (internal quotations and citations omitted).

13. With the exception of the bald, undefined, and conclusory allegations of "compensatory bias" in Paragraphs 67-70, all actions alleged to have been taken by Defendants Nabers, Smithart, Segrest, and Anderson involve discovery orders, rulings on motions and sanctions, and the scheduling of hearings. These actions clearly fall within these Defendants' official judicial capacity. Thus, these Defendants are entitled to absolute judicial immunity.

14. Similarly, the actions alleged against Defendants Woodall, Pittman, and Byrd, involving the issuance of warrants, access to court records, and scheduling of hearings, were taken in their official capacity as clerks of the court and required the exercise of judgment and discretion. As a result, these Defendants are entitled to judicial immunity as well.

15. Accordingly, all claims against Defendants in this lawsuit should be dismissed in their entirety pursuant to Rule 12(b)(6).

16. In addition, to the extent Plaintiff's claims have been raised or could have been raised on appeal of Plaintiff's state court action, these claims are barred by res judicata, collateral estoppel,

and the Rooker-Feldman doctrine. *See, e.g., Industrial Communications and Electronics v. Monroe County*, 2005 WL 1253881 (11th Cir. 2005) (federal action dismissed where it sought to litigate claims "inextricably intertwined" with claims in prior state court action).

17. To the extent Plaintiff is seeking money damages from Defendants in their official capacity, the claims are also barred by state sovereign immunity. *See* Ala. Const. Art. I § 14; *see also Ex parte State Dept. of Human Resources*, 950 So. 2d 1165 (Ala. Civ. App. 2004) (stating that § 14 prevents suits against the state or against state agents in their official capacity when the result would have a direct impact on the State Treasury).

18. Defendants reserve the right to seek sanctions and recover attorneys' fees under Fed. R. Civ. P. 11 and 42 U.S.C. § 1988.

WHEREFORE, premises considered, Defendants Judge Bernard Smithart, Judge Larry K. Anderson, retired Judge Dale Segrest, former Chief Justice Drayton Nabers, Cynthia Pittman, Carla Henby Woodall, and Judy Byrd respectfully request this Court to dismiss them as Defendants with respect to all claims made in Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint. Defendants request such further relief as this Court may deem appropriate.

Respectfully submitted,

 /s/ John A. Smyth III
John A. Smyth III
Specially Appointed Deputy Attorney
General for the State of Alabama as counsel
for Defendants Judge Bernard Smithart,
Judge Larry K. Anderson, retired Judge Dale
Segrest, former Chief Justice Drayton
Nabers, Carla Henby Woodall, Cynthia
Pittman, and Judy Byrd

**OF COUNSEL:**
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2618
(205) 254-1000
Fax (205) 254-1999
jsmyth@maynardcooper.com

### CERTIFICATE OF SERVICE

      I hereby certify that the foregoing MOTION TO DISMISS COMPLAINT, FIRST AMENDED COMPLAINT, AND SECOND AMENDED COMPLAINT has been filed with the Clerk of this Court and that the Court's electronic filing system will send notification of such filing to all counsel/parties of record with the following exceptions to be notified via regular U.S. Mail, postage pre-paid:

Kathryn Bauman Rubenstein
P.O. Box 2243
Dothan, AL 36302


      On this 1st day of November 2007.

                                          /s/ John A. Smyth III
                                          OF COUNSEL