IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN BAUMAN RUBENSTEIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:07-CV-798-MHT |
| | ) |
| BETTY JO BAUMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO DISMISS

COME NOW, Sheriff Andy R. Hughes, Deputy Sheriff Cary LaDon Joyner, Deputy Sheriff Phillipe D. Kirksey and Deputy Sheriff James G. Ivey, Jr., Defendants in the above-styled cause, pursuant to Rule 12 of the Federal Rules of Civil Procedure and move this Honorable Court to dismiss this action for failure to state a claim upon which relief can be granted. In support hereof said Defendants assert and submit the following:

1. That Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Sheriff Andy R. Hughes, Officer Cary LaDon Joyner, Officer Phillipe D. Kirksey and Officer James G. Ivey, Jr. are entitled to the protection of qualified immunity on all of the Plaintiff's constitutional claims. See Lassiter v. Alabama A&M Univ., 28 F.3d 1146 (11th Cir 1994) (en banc); and Behrens v. Pellietier, 116 S. Ct. 834 (1996). "'[G]overnment officials performing discretionary functions are shielded from liability for civil damages in so far as their conduct does not violate clearly established constitutional rights of which a reasonable person should have known.'" Rich v. Dollar, 841 F.2d 1558, 1563 (11th Cir. 1988) (quoting Harlow v. Fitzgerald, 457 U. S. 800

1

(1982). In <u>Malley v. Briggs</u>, 475 U.S. 335 (1986), the Court held that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." \

3. Plaintiff is not entitled to any relief requested in the Complaint.

4. Plaintiff is not entitled to any award of punitive damages.

5. Defendants' assert that they are not "persons" within the meaning of 42 U.S.C. § 1983. The Plaintiff, by suing Defendants in their official capacity, is seeking damages from the State of Alabama. Neither a state, nor its officials, as sued in their official capacities are "persons" under 42 U.S.C. § 1983. <u>Will v. Michigan Dept. of State Police</u>, 109 S.Ct. 2304, 2312 (1989) and <u>Hafer v. Melo</u>, 502 U.S. 21, 22-23 (1991).

6. Said Defendants assert the defense of substantive or state law immunity under the law of the State of Alabama.

7. Said Defendants assert and plead sovereign immunity provided by Alabama Constitution 1901, §14.

8. Defendants assert that the allegations within the Complaint are insufficient to invoke the jurisdiction of this Court.

9. Plaintiff's Complaint does not adequately allege a violation of rights secured by the United States Constitution.

10. Plaintiff's complaint is due to be dismissed based on the absolute immunity given by Ala Code § 6-5-338. The Code of Alabama (1975 as amended) provides that:

> (a) Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state [or] a county or municipality thereof, or by an agency or institution, corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers

2

or other peace officers, and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties. Code of Alabama (1975) §6-5-338(a)

All of the alleged actions in the present case were relative to a law enforcement and quasi judicial functions and, were within the line and scope of the state officers law enforcement duties. Therefore, Defendants are entitled to total statutory immunity from any liability arising out of or based on the allegations of Plaintiff's complaint.

11. Plaintiff has failed to show that the injury inflicted upon her rose to the level of a constitutional violation that was so egregious that it exceeded the boundaries that would be applied under a tort law claim. Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

12. The Plaintiff purports to alleged violations of the First and Fourteenth Amendments of the U.S. Constitution and, by inference, relief is apparently sought through and under 42 U.S.C. § 1983. The Plaintiff fails to allege any facts to support her allegations. The two allegatory elements necessary for stating a 42 U.S.C. § 1983 claim are: 1) whether the conduct complained of was committed by a person acting under the color of state law; and 2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States. Parratt v. Taylor, 451 U.S. 527 (1981); Gomez v. Toledo, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980); Pepper v. Alexander, 599 F. Supp. 523 (D.N.M 1984). A § 1983 claim resting on the First or Fourteenth Amendment must first identify a protected life, liberty, or property

3

interest. Board of Regents v. Roth, 408 U.S. 564, 93 S.Ct. 2701 (1972) 33 L. Ed. 2d 548; Phillips v. Vandygriff, 711 F.2d 1217 (5th Cir. 1983).

13.  The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim that will give the Defendants fair notice of what the Plaintiff's claim is and the ground upon which it rests." Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957). Even under the notice rules of pleading, the complaint must state a cause of action sufficient to affirmatively show that the Plaintiff is entitled to relief for

> [i]t is not enough to indicate merely that the plantiff has a grievance but sufficient detail must be given so that the Defendant, and the Court, can obtain a fair idea of what the Plaintiff is complaining, and can see that there is some legal basis for recovery.

Moore's Federal Practice, § 8.13 (2d Ed. 1984).

Plaintiff's complaint is due to be dismissed as Plaintiff's complaint fails to state a short and plain statement of the claim that will give the Defendants fair notice of what the Plaintiff's claim is and the grounds upon which it rests. In Williams v. City of Mobile, 1994 U.S. Dist. LEXIS 1574 (S.D. Ala. 1994), the trial court applying the 'short and plain statement of the claim showing that the pleader is entitled to relief" standard set forth in Fed. R. Civ. P. 8(a), held that in order for a Plaintiff to state a claim under §1983, "a causal connection must be demonstrated between each Defendants' action, orders, customs, or policies and a deprivation of the Plaintiff's federal rights." (citations omitted). Plaintiff's complaint in the case at bar is so vague that Defendants are not sufficiently put on notice of what alleged action or inaction of said Defendants allegedly caused the damages or injury the Plaintiff purports to claim..

4

14. In civil rights actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. Fullman v. Graddick, 739 F.2d 553 (11th Cir. 1984). See also, Burnett v. Short, 441 F.2d 405 (5th Cir. 1971); Geudry v. Ford, 431 F.2d 660 (5th Cir. 1970); Granville v. Hunt, 411 F.2d 9 (5th Cir. 1969). None of the Plaintiffs' claims are stated with sufficient particularity to withstand a motion to dismiss. The Plaintiff has failed to allege a cause of action in this case and therefore her case must fail.

15. As alleged in Plaintiff's Second Amended Complaint, it is not possible for the Defendants to know which allegations of fact are intended to support which claim for relief. See Anderson v. Central Florida Community College, 77 f.3d 364 (11th Cir. 1996) where the Eleventh Circuit addressed this issue and in footnote 5 of its opinion states that "[o]n examining those pleadings, the court, acting sua sponte, should have struck the Plaintiff's complaint, and the Defendants' answer, and instructed Plaintiff's counsel to file a more definite statement."

16. Plaintiff's Complaint against the Defendants is a quintessential "shotgun" pleading. The Complaint makes numerous allegations and, regardless of their relevance, incorporates them into several counts, and then follows the counts with a general prayer for relief directed to no particular count or paragraph of the Complaint. Plaintiff's complaint fails to allege any specific facts relating to any action or inaction of Defendants other than broad and conclusory allegations of wrongdoing. In GRJ Investment, Inc. v. County of Escambia County, Florida, 132 F.3d 1359 (11th Cir. 1998), the Court held that

> "[t]he lack of any allegations in the complaint ... tending to show a purposeful discrimination ... is not supplied by the opprobrious epithets "willful" and "malicious" ..., or by characterizing [the Defendant's actions] as an unequal, unjust,

5

and oppressive administration of the laws ... These epithets disclose nothing as to the purpose or consequences of [the Defendant's actions] ...."

Plaintiff's "Prayer for Relief" is similarly flawed. It is impossible for the Defendants to determine which Defendant, paragraph or count of the Complaint each paragraph of the "Prayer for Relief" is intended to address or if each paragraph relates to all of Plaintiff's claims against all of the Defendant's.

17.  The allegations contained in Plaintiff's Complaint against the Defendants, sued in their individual capacity, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See <u>Oladeinde v. City of Birmingham</u>, 963 F.2d 1481, 1485 (11th Cir. 1992); <u>Arnold v. Board of Educ. of Escambia County</u>, 880 F.2d 305, 309 (11th Cir. 1989).

18.  The Plaintiff's Complaint does not allege that Sheriff Hughes or any one of the Defendants' participated directly in any alleged constitutional violation, nor are there any allegations of an affirmative causal link between Sheriff Hughes' or any Defendants' alleged conduct and the alleged constitutional deprivation. See <u>Hardin v. Hayes</u>, 957 F.2d 845, 848 (11th Cir. 1992); and <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990). In <u>Hardin v. Hayes</u>, 957 F.2d 845, 848 (11th Cir. 1992), the court held that

> A supervisor may be liable under section 1983 if he or she participates directly in acts constituting a constitutional violation, or if the challenged actions are causally connected to a constitutional violation, H.C. v. Jarrard, 786 F.2d 1080, 1086-87 (11th Cir.1986). However, the record before us, viewed in the light most favorable to Hardin, reflects no action by Chief Morris that violated the Decedent's constitutional rights....Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability. See Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir.1986). Supervisory officials "cannot be held liable under section 1983 for having the 'mere right to control without any control or

6

direction having been exercised.'" Gilmere v. Atlanta, 774 F.2d 1495, 1504 (11th Cir.1985) (en banc), cert. denied, 476 U.S. 1115, 106 S. Ct. 1970, 90 L. Ed. 2d 654 (1986) (quoting Monell, 436 U.S. at 694 n. 58, 98 S. Ct. at 2037 n. 58).

19.   In Gilmere v. City of Atlanta, 774 F2d 1495, 1500 (11th Cir. 1985), the Court defined procedural due process claims as those which "challenge the adequacy of the procedures used by the government in deciding how to treat individuals," and defined substantive due process claims as those which "allege that certain governmental conduct will remain unjustified even if it were with regard to procedural due process claims, the Court in Gilmere, supra, refers to the Supreme Court case of Parrot v. Taylor, 451 U.S. 526, 101 S.Ct. 1908, 68 L.Ed. 2d 820 (1981), in which the Supreme Court found no §1983 claim because their existed an adequate remedy under state law. The Plaintiff cannot recover against Defendants in this case because Alabama law provides sufficient due process remedies for the allegations made by Plaintiff herein and such remedies are constitutionally adequate.

The Court in Gilmere, supra, went on to further define a substantive due process violation as a violation arising out of instances where government engages in

> "actions which offend the canons of decency and fairness which express the notions of justice of English speaking peoples even toward those charged with the most heinous offenses....[t]hat substantive due process is violated by state conduct that shocks the conscience or constitutes force that is brutal and such as to offend even hardened sensibilities." Gilmere, 774 F.2d at 1500.

Applying the above cited law to the case at bar, Defendants Motion to Dismiss is due to be granted. Plaintiff has alleged at best causes of action under state law and would have this court treat them as constitutional violations simply because, the Defendant was also a state official.  Absent a substantive due process claim as set out in Gilmere, supra, the law is clear that an alleged common law tort does not become a constitutional violation simply because a Defendant is a state official.

7

20. Plaintiff is not entitled to any relief requested in the Complaint.

21. Defendants affirmatively aver that Plaintiff cannot recover based upon Plaintiff's conclusory, unsupported, bareboned and vague allegations against Defendants as they are unsupported by fact or law.

22. Should the Plaintiff's Complaint be construed to state claims under Alabama law, all state claims against Defendants in their official capacity are barred because the Eleventh Amendment to the United States Constitution prohibits federal courts from hearing state law claims against state officials under the Doctrine of Pendant Jurisdiction. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 117-121 (1984).

23. All federal claims against Defendants in their official capacity are barred by the Eleventh Amendment of the United States Constitution. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S. Ct. 900, 79 L.Ed., 2d 67 (1984).

24. Defendants assert that in this action, they are afforded absolute quasi-judicial immunity in both their individual and official capacities, as they are themselves integral parts of the judicial process, that is, officers of the court enforcing and following the orders and directives of the Twentieth Judicial Circuit Court in Houston County, Alabama. Roland v. Phillips, 19 F.3d 552 (11th Cir. 1994).

25. Defendants assert the truth as a defense in this case.

26. Should the Plaintiff's Complaint be construed to claim punitive damages, Plaintiff is not entitled to punitive damages. Plaintiff's claims for punitive damages are barred by federal law and by the provisions of *Ala. Code §§ 6-11-20, 6-11-21, 6-11-26 and 6-11-27.*

27. Defendants are entitled to immunity under state law from any state law claims

deemed to be asserted by the Plaintiff. *See* Ex parte Thomas J. Purvis (re: Ackers v. Mobile County, et al.) 689 So.2d 794 (Ala. 1996) and Alexander v. Hatfield, 652 So.2d 1142 (1994).

28. With regard to any state law claims, Defendants assert absolute state law immunity with regard to all state law claims deemed to be asserted against them in their official and individual capacities. *See* Ex parte Jason Lowell Blankenship, 893 So.2d 303 (Ala. 2004) (Where the Alabama Supreme Court held that not only should the case involving state law claims have been dismissed by the trial court, but also that the court did not have "subject matter jurisdiction" to do anything but dismiss the case.)

29. To the extent that Plaintiff's claims are premised upon a *respondeat superior* theory, said claims are due to be dismissed because the Plaintiff cannot recover for claims which are premised upon a *respondeat superior* theory. *See* White v. Birchfield, 582 So.2d 1085 (Ala. 1991); and Hardin v. Hayes, 957 F.2d 845 (11th Cir. 1992).

30. Plaintiff's Complaint does not contain sufficient allegations of an affirmative causal link between the Defendants alleged conduct and the alleged constitutional deprivation. *See* Hardin v. Hayes, 957 F.2d 845, 848 (11th Cir. 1992); and Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). Furthermore, there is no casual relation between the alleged acts of the Defendants and any injury or damage allegedly suffered by the Plaintiff.

31. Plaintiff's injuries and damages, if any, were a result or consequence of supervening, independent or intervening conduct, events or acts by other persons or entities over whom Defendants had no control or right of control.

32. Plaintiff cannot recover for claims under *§ 1983* and *§ 1985,* against the Defendants' in their official capacities and are due to be dismissed for lack of subject matter jurisdiction, as such

are barred by the Eleventh Amendment to the United States Constitution.

33. Plaintiff's claims asserted against Defendants' in their official capacities are, in essence, a suit against the State of Alabama, such suit is due to be dismissed against the State pursuant to Rule 12(b)(4) and rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficiency of process and insufficiency of service of process.

34. No facts have been alleged sufficient to state a claim against the State of Alabama.

35. Plaintiff cannot recover on Plaintiff's conclusory, unsupported, bareboned and vague allegations against Defendants which are unsupported by fact or law.

36. The Plaintiff's claims are barred by the doctrines of latches, waiver, res judicata, collateral estoppel and/or judicial estoppel.

37. The claims against Defendants are barred by the applicable statue of limitations.

38. Plaintiff's own actions or inactions caused or contributed to her damages.

39. Defendants breached no duty owed to the Plaintiff.

40. The Defendant denies that any conduct on Defendants part was the proximate cause of Plaintiff's claimed injuries and damages.

41. Defendants assert that Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to 42 U.S.C. Section 1988 to award said Defendants reasonable attorneys fees and costs incurred in the defense of this case.

WHEREFORE, said Defendants respectfully move this Honorable Court for an order pursuant to Rule 12 of the Federal Rules of Civil Procedure, dismissing Plaintiff's claims against said Defendants.

Respectfully submitted this the 2nd day of November, 2007.

> s/Gary C. Sherrer
> Gary C. Sherrer
> Bar Number: SHE016
> Attorney for Defendants Sheriff Andy R. Hughes, Officer Cary LaDon Joyner, Officer Phillipe D. Kirksey and Officer James G. Ivey, Jr.

OF COUNSEL

SHERRER, JONES & TERRY, P.C.
335 West Main Street
Dothan, Alabama 36301
Phone: (334) 678-0100
Fax: (334) 678-0900
E-mail: gary@sjt-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel/parties of record with the following exceptions to be notified via regular U.S. Mail, postage pre-paid:

Kathryn Bauman Rubenstein
P.O. Box 2243
Dothan, AL 36302

> s/Gary C. Sherrer
> Of Counsel