IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHRYN BAUMAN RUBENSTEIN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CIVIL CASE NO.: 1:07cv798-MHT |
| | ) | |
| BETTY JO BAUMAN, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## MOTION FOR SANCTIONS

COME NOW the Defendants, Marilyn Bauman Granger, Bennie Wayne Granger, Granger Limited, Inc., Barbara Bauman Kamensky and Allen E. Kamensky and respectfully move this Court for an Order pursuant to Rule 11 of the *Federal Rules of Civil Procedure* imposing sanctions against the Plaintiff, Kathryn Bauman Rubenstein, on the following grounds:

1.  In her Original Complaint, Plaintiff purported to assert against these Defendants a Federal Section 1983 case based on a supposed conspiracy "to defraud and deny Plaintiff her civil rights including due process in Houston County Circuit Court Case CV-02-5063 and the subsequent appeal before the Alabama Court of Civil Appeals and the Alabama Supreme Court."

2.  Marilyn Bauman Granger and Barbara Kamensky are Rubenstein's sisters and the daughters of Ted Bauman, whose Will and Trust were the basis of Rubenstein's initial lawsuit. Through their attorneys, Marilyn Bauman Granger and Barbara Bauman Kamensky successfully defended that lawsuit and it was ultimately dismissed pursuant to motions for summary judgment. The judgments were later affirmed on appeal. In

September of 2006, Rubenstein sued Marilyn Bauman Granger, Barbara Bauman Kamensky, their husbands (Allen Kamensky and Bennie Wayne Granger) and Wayne Granger's business, Granger Limited, Inc., alleging various conspiracy theories. Rubenstein removed that case to Federal Court and your Honor remanded it pursuant to several remand petitions. *See Kathryn Bauman Rubenstein v. Betty Jo Bauman, et al.* Case number 1:07-cv-00955-MHT. That suit was recently dismissed. Because Plaintiff could have asserted all of the claims in her original State Court action that she now asserts in this Court, those claims are barred by the doctrine of res judicata.

      3.      Simply being a Defendant in a lawsuit who prevails on the claims asserted in that lawsuit does not violate any Federal or State Constitutional Right. Even if the Plaintiff could somehow establish the violation of a federally protected right that could form the basis of a 1983 case, these Defendants are not State actors. Therefore, Plaintiff could not possibly establish the elements of a successful 1983 case. *See Marshall County Board of Education v. Marshall,* 992 F.2d 1171, 1174-1175 (11th Cir. 1994).

      4.      On or about September 17, 2007, these Defendants filed a Motion to Dismiss the Plaintiff's Original Complaint. Four days earlier, on September 13, 2007, Judge Capel issued an Order characterizing Plaintiff's Original and Amended Complaints as fatally defective and instructed Plaintiff to file a Second Amended Complaint no later than October 4, 2007 "which specifically states the wrongful acts committed by each Defendant, including the date and place of wrongdoing, the federal statute or constitutional provision that was violated by each act or wrongdoing and the specific injury or damage to Rubenstein as a result of each act or wrongdoing."

5. Plaintiff did not file her Second Amended Complaint until October 5, 2007, beyond the Court's deadline. In addition to being untimely, the Second Amended Complaint remains fatally defective as to these Defendants because although it identified them in the style and jurisdictional section, it failed to assert a cause of action against them (or even mention them) in the body of the pleading. Therefore, it necessarily failed to state with specificity the wrongful acts committed by these Defendants, the legal basis for any claims against these Defendants or the injury or damage suffered by Plaintiff as a result of these Defendants' conduct as required by the Order.

6. The Second Amended Complaint also fails to meet the minimum pleading requirements of Rule 8(a)(2) in that it lacks any statement of claim against these Defendants showing entitlement to relief.

7. In addition to Plaintiff's Complaint being legally deficient and wholly without merit, Defendants also contend that it was filed solely for the purpose of harassment.

8. Rubenstein's conduct in filing and maintaining her cause of action against these Defendants violates Rule 11(b) in that:

    a. Her cause of action is presented for the improper purpose of harassing these Defendants and needlessly increasing the cost of litigation;

    b. Her claims and legal contentions are not warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law; and

    c. Her allegations and factual contentions in the Complaint lack evidentiary support.

9.  Rubenstein has refused to dismiss her Complaint against these Defendants after being provided the required notice to do so pursuant to Rule 11(c)(1)(A).

WHEREFORE, based upon the foregoing, the Defendants request that this Court impose sanctions against Rubenstein as well as reasonable attorney's fees and expenses in presenting this motion.

Respectfully submitted,

> *s/William L. Lee, III*
> WILLIAM L. LEE, III   (LEE007)
> wlee3@leeandmcinish.com
>
> *s/William W. Nichols*
> WILLIAM W. NICHOLS   (NIC027)
> wnichols@leeandmcinish.com

**OF COUNSEL**:
LEE & McINISH, P.C.
*Attorneys for Defendants*
*Marilyn Bauman Granger,*
*Bennie Wayne Granger,*
*Granger Limited, Inc.,*
*Barbara Bauman Kamensky*
*and Allen E. Kamensky*
Post Office Box 1665
Dothan, Alabama 36302
Telephone (334) 792-4156
Facsimile (334) 794-8342

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Wade Hampton Baxley, Esq.
*Attorney for Lee & McInish, P.C., William L. Lee, III, Esq., Joel Weatherford, Esq, Farmer, Price, Hornsby & Weatherford, L.L.P., Lexa Dowling, Esq.,  Jere*

*Segrest, Esq.*
mailto:whb@rbmlaw.org, mailto:dm@rbmlaw.org

Don P. Bennett, Esq.
*Attorney for Pitcher & Associates, Nanette Pitcher, Deep South Investments, Dianne Ream, D.Ream Properties, Arthur Medley, Faye Ferrell, M.D. & Doug McKeown, Ph.D.*
mailto:2bennett@comcast.net

Bethany L. Bolger, Esq.
*Attorney for Tommy Scarborough, Esq.*
mailto:blb@rsjg.com

Jack Michael Conaway, Esq.
*Attorney for Lexa Dowling, Esq.*
mailto:jmclaw@graceba.net

James Davis Farmer, Esq.
*Attorney for PeopleSouth Bank & Midsouth Bank*
mailto:jdf@ffmlaw.com, mailto:anm@ffmlaw.com

Robert Merrill Girardeau, Esq.
*Attorney for Ross Kennedy and McDaniel & Associates*
mailto:rmg@hfsllp.com, mailto:shb@hfsllp.com

William Wallace Hinesley, Esq.
*Attorney for G. David Johnston & Johnston, Hinesley, Flowers & Clenny, P.C.,*
mailto:whinesley@jhfc-law.com, mailto:mchancey@jhfc-law.com

Steve G. McGowan, Esq.
*Attorney for Ann Chandler & Marie W. Bauman*
mailto:wula@aol.com, mailto:anlee04@hotmail.com

Virginia Lynn McInnes, Esq.
*Attorney for PeopleSouth & Midsouth Bank*
mailto:vlm@ffmlaw.com

R. Cliff Mendheim, Esq.
*Attorney for Tom Zeigenfelder, Zeigooley, Inc., & Wallace Colley,*
mailto:rcliffmendheim@graceba.net

F. Chadwick Morriss, Esq.
*Attorney for Tommy Scarborough, Esq.*

mailto:fcm@rsjg.com
Richard H. Ramsey, III, Esq.
*Attorney for James D. Hamlett*
mailto:tara@ramseycourt.biz

Jere C. Segrest, Esq.
*Attorney for Betty Jo Bauman*
mailto:jerecs@aol.com

Philip Dale Segrest, Jr., Esq.
*Attorney for Dale Segrest*
mailto:Philip.Segrest@SegrestLaw.com

T. Grant Sexton, Jr., Esq.
*Attorney for Tommy Scarborough, Esq.*
mailto:gsexton@rsjg.com

Gary Clayborn Sherrer, Esq.
*Attorney for Officer Joiner, Officer Ivey, Officer Kirksey, Houston County Sheriff's Department & Sheriff Andy Hughes*
mailto:gary@sjt-law.com, mailto:Debbie@sjt-law.com;

John Albert Smyth, III, Esq.
*Attorney for Sandra K. Anderson, Judge Larry K. Anderson, Mrs. Philip Dale Segrest, Judge Dale Segrest, Chief Justice Drayton Nabers, Fairfax Nabers, Judge Bernard Smithart, Elizabeth Smithart,*
mailto:jsmyth@maynardcooper.com, mailto:ccoggin@maynardcooper.com

Joseph E. Stott, Esq.
*Attorney for James D. Hamlett, Esq.*
mailto:jstott@sssandf.com

Anne Stone Sumblin, Esq.
*Attorney for CB&T*
mailto:asumblin@oppcatv.com

Joel Weatherford, Esq.
*Attorney for Regions Bank, Brian Brickhaus, Richard Fox, Robert Birmingham, Pat Black, Boyd Horn, Carl E. Jones, D. Bryan Jordan*
mailto:jweatherford@fphw-law.com, mailto:pphillips@fphw-law.com;

       I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and property addressed to the following

non-CM/ECF participants:

Judy Byrd
407 Drake Drive
Dothan, AL 36305

Houston County DHR
P.O. Box 2027
Dothan, AL 36302-2027

Cynthia Pittman
P.O. Drawer 6406
Dothan, AL 36302

Kathryn Bauman Rubenstein
P.O. Box 2243
Dothan, AL 36302

Carla H. Woodall
Houston County Circuit Clerk
P.O. Drawer 6406
Dothan, AL 36302

*s/William W. Nichols*
Of Counsel