UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN BAUMAN RUBENSTEIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:07cv798-MHT |
| ) | |
| BETTY JO BAUMAN, et al., ) | |
| ) | |
| Defendants. ) | |

### SECOND MOTION TO DISMISS
### OF DEFENDANT, G. DAVID JOHNSTON

COMES NOW the defendant, G. David Johnston, ("Johnston"), by and through its undersigned attorney, and moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss this action against Johnston, and as grounds therefor submits the following:

1. Plaintiff has failed to comply with the September 13, 2007 order of the Honorable Judge Capel requiring the Plaintiff, by October 4, 2007, to file an Amended Complaint alleging with specificity the wrongful acts committed by each defendant, including date and place of each wrongdoing, to identify the federal statute or constitutional provision violated by defendant and to set forth the specific injury or damage to Plaintiff. On October 23, 2007, Plaintiff filed an Addendum to her Amended Complaint, adding no relevant specific allegations (hereinafter, "Amended Complaint shall include Plaintiff's Addendum thereto).

2. Plaintiff did not file her Amended Complaint within the required time period, and her Amended Complaint is fatally defective. Plaintiff did not make any specific allegations of wrongdoing against Johnston nor set forth any federal statutes or constitutional provisions which this defendant violated nor specify any injury or damage suffered by Plaintiff as a result of any action of

Johnston.

3. Plaintiff's Amended Complaint and her original Complaint, fail to state any statement of claim against Johnston, fail to satisfy even the minimal standard set by Rule 8(a)(2) insofar as Johnston is concerned and, therefore, are both legally deficient.

4. Rule 8(a)(3) requires that a complaint also contain "a demand for judgment for the relief the pleader seeks." See, *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir.1993) ("This requirement is not arduous - 'any concise statement identifying the remedies and the parties against whom relief is sought will be sufficient,' citing CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1255 at 366 (2d ed. 1990)).

5. Plaintiff has continued to file frivolous lawsuits with unsubstantiated claims, and this court may dismiss a complaint for failure to properly state a claim where it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. See, *Hardy v. Town of Hayneville*, 50 F. Supp. 2d 1176, 1183 (M.D. Ala. 1999).

6. In ruling on a Fed.R.Civ.P. Rule 12(b)(6) motion, "[d]ismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). In this case, because the Plaintiff did not plead any facts in support of a viable claim against Johnston or request any relief against Johnston, she failed to comply with the requirements of Fed.R.Civ.P. 8(a) and her Complaint, as amended, is fatally flawed. This Motion to dismiss Johnston as a defendant in this case pursuant to Fed.R.Civ.P 12(b)(6) for Plaintiff's failure to state a claim against Johnston is due to be granted.

Respectfully submitted this 19th day of November, 2007.

/S/   William W. Hinesley
William W. Hinesley
(ASB-4423-E65W)

Attorney for G. David Johnston

OF COUNSEL:

JOHNSTON, HINESLEY, FLOWERS, CLENNEY & TURNER, P.C.
291 North Oates Street
Post Office Box 2246
Dothan, Alabama   36302
Telephone: (334) 793-1115
Facsimile: (334) 793-6603

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system which will serve notification of such filing on the following: Wade H. Baxley, Esq., whb@rbnlaw.org, dm@rbmlaw.org, James D. Farmer, Esq., jdf@ffmlaw.com, anm@ffmlaw.com, Robert M. Girardeau, Esq., rmg@hfsllp.com, Steve G. McGowan, Esq., wula@aol.com, anlee04@hotmail.com, Virginia L. McInnes, Esq., vlm@ffmlaw.com, R. Cliff Mendeim, Esq., rcliffmendeim@graceba.net, Jere C. Segrest, Esq., jerecs@aol.com, Elizabeth Smithart, esmithart@yahoo.com, Joel Weatherford, Esq., jweatherford@fphw-law.com, Don P. Bennett, Esq., 2bennett@comcast.com, William L. Lee III, Esq., wlee3@leeandmcinish.com, Bethan L. Bolger, Esq., blb@rsjg.com, Gary C. Sherrer, Esq., gary@sjt-law.com, William W. Nichols, Esq., Wnichols@leeandmcinish.com, Gary C. Sherer, Esq., gary@sjt-law.com, debbie@sjt-law.com, Anne S. Sumblin, Esq., asumblin@oppcatv.com, Philip Dale Segrest, Jr., Esq., Philip.Segrest@SegrestLaw.com, Teresa.Huff@SegrestLaw.com.

I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed:

Ms. Kathryn Bauman Rubenstein
Post Office Box 2243
Dothan, Alabama 36302

Judy Byrd
407 Drake Drive
Dothan, AL 36303

Houston County DHR
3201 Ross Clark Circle, S.E.
Dothan, AL 36301

Mike Conway, Esq
360 N. Oates Street
Dothan, AL 36303

Richard Fox
Capital City Bank
P.O. Box 900
Tallahassee, FL 32302

Margaret Johnson
Houston County DHR
3201 Ross Clark Circle, S.E.
Dothan, AL 36301

Richard Ramsey III, Esq.
256 Honeysuckle Road
Suite 26
Dothan, AL 36305

Sandra Pittman
Houston County Court
114 N. Oates Street
Dothan, AL 36303

James Hamilton, Esq.
621 S. Hull Street
Montgomery, AL 36104

CB&T
901 N. Boll Weevil Circle
Enterprise, AL 36330

Carla Woodall
Houston County Circuit Court
114 N. Oates Street
Dothan, AL 36303

/S/   William W. Hinesley
Of Counsel