IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN BAUMAN RUBENSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:07cv798-MHT |
| ) | |
| BETTY JO BAUMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the Court are Defendants' twenty one Motions to Dismiss (Docs. #14, 15, 46, 67, 68, 83, 88, 102, 112, 125, 129, 130, 131, 132, 133, 134, 135, 136, 137, 142, 143), Motion for Judgment on the Pleadings (Doc. #130), Motion to Strike (Doc. #73), and Motion for Attorney's Fees (Doc. #137). For the reasons that follow, it is the RECOMMENDATION of the Magistrate Judge that the Court DISMISS with prejudice Plaintiff's Complaint as amended (Docs. #1, 3, & 108), for lack of subject matter jurisdiction based on the *Rooker-Feldman* and *Younger* abstention doctrines, and because the Court should decline to exercise supplemental jurisdiction over the state civil law claims. Therefore, the undersigned RECOMMENDS that Defendants' motions to Dismiss (Docs. #14, 15, 46, 67, 68, 83, 88, 102, 112, 125, 129, 130, 131, 132, 133, 134, 135, 136, 137, 142, 143), Motion for Judgment on the Pleadings (Doc. #130), and Motion to Strike (Doc. #73), be DENIED as moot. The undersigned also RECOMMENDS that the Motion for Attorney's Fees (Doc. #137) be DENIED.

## I. Procedural History

Plaintiff Kathryn Bauman Rubenstein (Rubenstein) filed her initial Complaint (Doc. #1) against the multitudinous Defendants on 4 September 2007. Her first Amended Complaint (Doc. #3) was filed 10 September 2007. On 12 September 2007, this case was referred to the undersigned for action or recommendation on all pretrial matters (Doc. #5). On 13 September 2007, this Court ordered (Doc. #13) Rubenstein to file a Second Amended Complaint due to what the Court deemed to be "fatal defects" in her First Amended Complaint (Doc. #3). Rubenstein filed her Second Amended Complaint (Doc. #108), one day late, on 5 October 2007. Out of a concern regarding the Court's possible lack of subject matter jurisdiction over this matter, the Court again ordered (Doc. #117) Rubenstein to provide the Court with specific evidence of the ongoing litigation in Houston County, Alabama. On 23 October 2007, Rubenstein filed an Addendum to the Second Amended Complaint (Doc. #126), attaching copies of various pleadings filed in Alabama state court.

Rubenstein's Complaint, as amended (Doc. #108), contains two counts. The first complains of a "deprivation of civil rights under the color of state law and a denial of due process." Claim two alleges legal negligence and breach of contract against two attorneys who Rubenstein retained in relation to her civil action in Houston County Alabama.

## II. Discussion

Rubenstein's claims center around her allegations that her father's will and trust documents were either forged or signed by her father while he was mentally incompetent

and/or under duress. *See* Complaint, as amended, (Doc. #108). At some point, in presumably 2002, Rubenstein filed Houston County civil action CV-02-5063 (CV-02-5063), contesting her father's will and trusts. *See* (Doc. #126-2). On 20 October 2006, Rubenstein removed CV-02-5063 to this Court. Case No. 1:06-cv-00955. This Court ordered that action remanded to the state court, because Rubenstein, as Plaintiff, could not properly remove the case to federal court. (Case No. 1:06-cv-00955, Doc. #25). It appears CV-02-5063 remains pending in state court, against Defendant Regions Bank, on claims of the breach of fiduciary duty, negligence, and wantonness. (Doc. #126-22). All other Defendants to CV-02-5063 were dismissed (Doc. #126-22), by the Houston County Circuit Court. Those dismissals were upheld on appeal to the Alabama Court of Civil Appeals (Case Nos. 2030112 & 2050386) and the Alabama Supreme Court (Case No. 1060660). *See* Doc. #126-23 & 126-24. Rubenstein's Complaint, as amended (Doc. #108), requests this Court to order either pre-trial discovery and trial in CV-02-5063, or to transfer the case to another court for pre-trial discovery and trial.

This Court informed Rubenstein that it may lack subject matter jurisdiction over her claims (Docs #13, 45 & 117), however, the Court did allow Rubenstein two amendments (Docs. # 3 & 108) and an addendum (Doc. #126) to the second amendment. After a thorough review of the record and the pleadings,[1] this Court has concluded that it does not have subject

---

[1] This Court liberally construes the complaints of *pro se* litigants. *Powell v. Lennon*, 914 F.2d 1459 (11th Cir. 1990) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*)).

3

matter jurisdiction over Rubenstein's claims under count one of her Complaint as amended (Doc. #108),[2] under the *Rooker-Feldman* and *Younger* abstention doctrines[3] and the Court declines pendent jurisdiction over the claims in count two.

### A. *Rooker-Feldman*

As was previously warned (Doc. #13, 45 & 117), this Court lacks subject matter jurisdiction where a plaintiff merely seeks review of the final determination of a state judicial proceeding. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Review of final judgments of state court judicial proceedings is reserved for the Supreme Court of the United States. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Siegel v. LePore*, 234 F.3d 1163 (11th Cir. 2000); 28 U.S.C. § 1257. This is what is commonly referred to as the *Rooker-Feldman* doctrine.

*Rooker-Feldman* applies when four criteria are met:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

---

[2] "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking"... and "[i]f the court finds that it does not have subject matter jurisdiction, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) (citations omitted).

[3] The Court notes there are numerous bases for dismissal of the federal claims, including lack of subject matter over non-state actors in the § 1983 claims, absolute judicial and quasi-judicial immunity, eleventh amendment immunity, and *res judicata*, but the court finds that the *Rooker-Feldman* and *Younger abstention* doctrines are most appropriate.

4

*Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1265-66 n. 11 (11th Cir. 2003) (citations omitted). "[A] party's ability to raise a claim on appeal constitute[s] a reasonable opportunity to raise the claim." *Blue Cross & Blue Shield of Md., Inc. v. Weiner*, 868 F.2d 1550, 1555 (11th Cir.1989) (citing *Wood v. Orange County*, 715 F.2d 1543, 1548 (11th Cir.1983)).

There is no question Rubenstein is the same party here as she was/is in CV-02-5063. There also has been a final ruling or judgment on the merits of her claims[4] as to all parties, except Regions Bank. (Doc. #126-22). It is further clear Rubenstein had reasonable opportunity to raise her federal claims in state court. It matters not that Rubenstein has couched her claims as a civil rights violation, *Williams v. Adkinson*, 792 F.Supp. 755, 761-62 (M. D. Ala. 1992),[5] nor that she has claimed the judgment against her was fraudulently obtained. *Rice v. Grubbs*, 158 Fed. Appx. 163, 165 (11th Cir. 2005) (stating that the Eleventh Circuit has not recognized a fraud exception to the *Rooker-Feldman* doctrine). If Rubenstein believed the Houston County Circuit Court deprived her of her civil rights, she could have (and may have) raised those claims to the Alabama courts of appeal, then ultimately sought review in the United States Supreme Court. *See Feldman*, 460 U.S. at 482-83, 103; *see also* 28 U.S.C. § 1257. However, a district court may not review the final judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280,

---

[4] Under Alabama law, a dismissal is a judgment on the merits. Ala. R. Civ. P. 41(b).

[5] "A section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court." *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988)

291-92 (2005).

Finally, "[a] federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (*en banc*) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). It is clear from the Complaint, as amended (Doc. #108), that Rubenstein's federal claims would only succeed to the extent that the state wrongly decided the issues before it. Rubenstein's entire Complaint, as amended (Doc. #108), and the relief she seeks, centers around the state court's denial of discovery motions, motions to continue, and the dismissal of parties and claims. *See* Doc. #108.

This case is an attempt by Rubenstein to obtain review and reversal of the state court's decisions, which *Rooker-Feldman* prohibits. Therefore, this Court lacks subject matter jurisdiction over the claims in count one of her Complaint, as amended (Doc. #108), as to all Defendants save Regions Bank.

**B. Younger Abstention**

The abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), reaffirmed the "strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex County Ethics Comm. v. Garden*, 457 U.S. 423, 431 (1982). "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Id*. at 432. "Where vital state

6

interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.'" *Id*. (quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979)). "The question . . . is threefold: first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex County Ethics Comm.,* 457 U.S. at 432).

Here, all three factors require this Court abstain from exercising jurisdiction over the claims under count one. First, Rubenstein has requested this Court grant discovery and a trial on CV-02-5063, which would clearly interfere with the pending proceeding in state circuit court. Second, "federal courts have long recognized an important state interest in the 'orderly and just distribution of a decedent's property at death.'" *Williams,* 792 F.Supp. at 766 (Thompson, J.) (quoting *Reed v. Campbell*, 476 U.S. 852, 855 (1986)). Third, Rubenstein has and has had opportunity to raise constitutional challenges to her claims in state court. Therefore, because the *Younger* abstention doctrine applies, the Court is required to abstain from exercising jurisdiction over the claims against Regions Bank in count one. Accordingly, all federal claims in the Complaint, as amended (Doc. #108), are due to be dismissed.

### C. Pendent Jurisdiction

Count two of Rubenstein's Complaint, as amended (Doc. #108), alleges legal negligence and breach of contract by Richard Ramsey and James Hamilton, two attorneys

who represented Rubenstein in CV-02-5063, in both Houston County Circuit Court and on appeal. These are state claims, are pled as state claims (Doc. #108), and rely solely on Alabama law. Therefore, Rubenstein seeks to invoke the pendent jurisdiction of this Court to consider these state tort claims.

The exercise of this Court's supplemental jurisdiction would be inappropriate. For a federal court to exercise pendent or supplemental jurisdiction over state law claims, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414 (11th Cir. 1984) (quoting *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir. 1981), (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966))). The exercise of this jurisdiction is discretionary. *Id.* at 726. "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428. In view of the Court's determination that it lacks subject matter jurisdiction over Rubenstein's federal claims, the pendent state law claims in count two are also due to be dismissed. *Gibbs,* 383 U.S. at 726 ("[I]f the federal claims are dismissed prior to trial . . . the state claims should be dismissed as well."); *see also Ray v. Tenn. Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

### D. Attorney's Fees

Also pending before this Court, contained in the law enforcement officer Defendants'

8

Motion to Dismiss (Doc. #137)[6], is a request for the award of attorney's fees, pursuant to 42 U.S.C. § 1988. The award of attorney's fees to a prevailing defendant in a § 1983 action is within the discretion of the district court. 42 U.S.C. § 1988. However, "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

As the *Hughes* court explained, like Title VII claims, "assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of" civil rights claims. *Id*. at 14-15. Further, the *Hughes* court instructed that the limitations of assessing attorney's fees in a civil rights case brought under § 1983 apply with special force to persons acting *pro se*. *Id*. at 15 ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims . . . even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit.").

The Court is fully aware of Defendant's frustrations over this litigation. However, Rubenstein did comply when the Court instructed her to refrain from filing any further motions pending the Court's review of subject-matter jurisdiction (Doc. #13). She also complied when the Court ordered (Doc. #117) that she provide information concerning the

---

[6] The Court also notes that several other defendants have indicated that they intend to seek attorney's fees and motions for sanctions pending the dispossession of their motions to dismiss.

litigation in CV-02-5063 (Doc. #126), which provided the basis for this dismissal, and she did not object when this Court denied her motion for a preliminary injunction (Doc. #45).

Therefore, after carefully considering Rubenstein's claims, her conduct in this case, the early stage of this litigation, the inconvenience to the parties, and weighing the possible chilling effect on the enforcement of civil rights, by awarding attorney's fees to a defendant in a § 1983 civil rights action, the Court has determined that Defendant's motion for attorney's fees pursuant to § 1988 (Doc. #137) is due to be denied. *See Martin v. Heckler*, 733 F.2d 1499, 1502 (11th Cir. 1984) ("The special circumstances proviso of the prevailing party rule gives the Court discretion to deny attorney's fees awards where equitable considerations dictate an award should not be made.").

### III. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Court DISMISS with prejudice Plaintiff's Complaint as amended (Docs. #1, 3, & 108), for lack of subject matter jurisdiction based on the *Rooker-Feldman* and *Younger* abstention doctrines, and because the Court should decline to exercise supplemental jurisdiction over the state civil law claims. Therefore, the undersigned RECOMMENDS that Defendants' motions to Dismiss (Docs. #14, 15, 46, 67, 68, 83, 88, 102, 112, 125, 129, 130, 131, 132, 133, 134, 135, 136, 137, 142, 143), Motion for Judgment on the Pleadings (Doc. #130), and Motion to Strike (Doc. #73), be DENIED as moot. The undersigned also RECOMMENDS that the Motion for Attorney's Fees (Doc. #137) be DENIED. The undersigned further

RECOMMENDS this case, with respect to the motion for sanctions pursuant to Rule 11 of the Fed. R. Civ. Pro. (Doc. #138), be referred back to the undersigned for additional proceedings. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before December 17, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 3rd day of December, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE