IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN BAUMAN RUBENSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:07cv798-MHT |
| ) | |
| BETTY JO BAUMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION**

Pending before the Court is Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. #149), to which several Defendants have objected (Doc. #151 & #152) or joined in the objections (Docs. #153-56). On 4 September 2007, Plaintiff filed her initial Complaint (Doc. #1). Her first Amended Complaint (Doc. #3) was filed 10 September 2007. On 12 September 2007, this case was referred to the undersigned for action or recommendation on all pretrial matters (Doc. #5). Plaintiff filed her Second Amended Complaint (Doc. #108) on 5 October 2007, and on 23 October 2007, she filed an Addendum to the Second Amended Complaint (Doc. #126).

On 3 December 2007, this Court recommended (Doc. #144) that Plaintiff's case be dismissed with prejudice for lack of subject matter jurisdiction and because the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. On 18 December 2007, Plaintiff filed a Motion to Extend Time to Respond (Doc. #146), which the Court liberally construed as a motion to extend the time to file objections. The Court granted

that motion. See Doc. #147. On 27 December 2007, rather than filing objections that specifically identify the findings in the Magistrate Judge's Recommendation to which she objects, Plaintiff filed a Motion for Leave to File Third Amended Complaint (Doc. #149). Specifically, Plaintiff seeks to add Jeffrey Daniel Bauman as a plaintiff, switch Betty Josephine Bauman from a defendant to a plaintiff, and add additional defendants.

First, Plaintiff admits in her Motion for Leave to File Third Amended Complaint (Doc. #149) she is not guardian for her mother Betty Josephine Bauman. She also fails to establish or even allege she is guardian for Jeffrey Daniel Bauman. Thus, Plaintiff has no standing to bring suit on behalf of either Betty Josephine Bauman or Jeffrey Daniel Bauman. *See Andrews v. Hotel Reed Nursing Home,* 167 F.Supp. 2d 1333, 1336 (S. D. Ala., 2001). Further, the Court notes Plaintiff may be engaging in the unlawful practice of law. *See id*. at n.2

Second, the Court's recommendation of dismissal in this case was based on a lack of subject matter jurisdiction and the Court's abstention from exercising supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's attempts to add defendants makes no change to this Court's analysis. As determined, the Court lacks subject matter jurisdiction over Plaintiff's claims and should abstain from extending supplemental jurisdiction over her state law claims. Therefore, granting Plaintiff's motion to amend would be futile and should be denied. *See Cockrell v. Sparks*, 2007 WL 4439739 (11th Cir. Dec. 20, 2007). For the above stated reasons, it is

2

ORDERED that Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. #149) is DENIED.

DONE this 8th day of January, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE