IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN BAUMAN RUBENSTEIN, | ) |
| PLAINTIFF, | ) |
| VS. | ) CIVIL CASE NO.: 1:07cv798-MHT |
| BETTY JO BAUMAN, et al., | ) |
| DEFENDANTS. | ) |

## SUPPLEMENTAL MOTION FOR SANCTIONS AND IMPOSITION OF FILING RESTRICTIONS

COME NOW the Defendants, Marilyn Bauman Granger, Bennie Wayne Granger, Granger Limited, Inc., Barbara Bauman Kamensky and Allen E. Kamensky (herein after "The Defendants") and respectfully submit this *Supplemental Motion for Sanctions and Imposition of Filing Restrictions* against Plaintiff, Kathryn Bauman Rubenstein, pursuant to Rule 11 of the *Federal Rules of Civil Procedure*. In support of this motion, the Defendants would show unto the Court as follows:

1.  In her Original Complaint filed September 4, 2007, Plaintiff named most of these Defendants in the style of her case, but alleged a cause of action in substance against Marilyn Granger only. Her allegations were that Mrs. Granger "refused to answer specific and necessary questions during her deposition as requested by Plaintiff." In her First Amended Complaint filed September 10, 2007, Plaintiff purported to assert against all of the Defendants a Federal Section 1983 case based on a supposed conspiracy "to defraud and deny Plaintiff her civil

rights including due process in Houston County Circuit Court Case CV-02-5063 and the subsequent appeals to the Alabama Court of Civil Appeals and the Alabama Supreme Court."

    2.    The Defendants filed a Motion to Dismiss the Plaintiff's Complaint on September 17, 2007 arguing, among other things, that the Defendants did not violate any of Plaintiffs' Constitutional rights, could not be liable under Section 1983 because they were not state actors, and any claim that Plaintiff had would be barred by the doctrine of *res judicata* because those claims could have been asserted in prior State Curt proceedings. Four days earlier, on September 13, 2007, Judge Capel issued an order characterizing the Plaintiffs' Original and Amended Complaints as fatally defective and instructed her to file a Second Amended Complaint no later than October 4, 2007 "which specifically states the wrongful acts committed by each Defendant, including the date and place of the wrongdoing, the Federal statute or Constitutional provision that was violated by each act or wrongdoing and the specific injury or damages to Rubenstein as a result of each act or wrongdoing."

    3.    Plaintiff did not file her Second Amended Complaint until October 5, 2007, beyond the Court's deadline. In addition to being late, the Second Amended Complaint remained fatally defective as to these Defendants because although it identified them in the style and jurisdictional section, it failed to assert a cause of action against them (or even mention them) in the body of the pleading. These Defendants were therefore forced to file a Second Motion to Dismiss

arguing that Plaintiff's Complaint necessarily failed to state with specificity the wrongful acts committed against these Defendants, the legal basis for any claim or the injury or damage suffered as required by Rule 8 of the *Federal Rules of Civil Procedure* and the Court's order.

4.     This Court recognized that the Plaintiff's pleadings were fatally deficient and recommended to Judge Thompson that her Complaints, as amended, be dismissed with prejudice for lack of subject matter jurisdiction based on the *Rooker-Feldman and Younger* abstention doctrines. (Doc. 144).

5.     Judge Capel ordered the parties to file any objections to these recommendations on or before December 17, 2007. (Doc. 144). None of the Defendants objected.

6.     On December 18, 2007, once again late, Plaintiff filed a *Motion to Extend Time to Respond* to Judge Capel's recommendations. (Doc. 146). Judge Capel granted the motion and gave Plaintiff until December 27, 2007 to file her objections. (Doc. 147).

7.     Instead of filing an objection, or even addressing any of the recommendations made by Judge Capel, Plaintiff attempted to file yet another Amended Complaint purporting to assert various new causes of action against existing and new Defendants on behalf of herself, her mother and brother. (Doc. 149).

8.     The respective Defendants were forced to file objections to the Amended Complaints, which the Court granted. (Doc. ___). Judge Thompson

later adopted Judge Capel's recommendations and dismissed Plaintiff's lawsuit with prejudice.

9. The Plaintiffs present lawsuit is not her first attempt to litigate with the Defendants. On April 2, 2002, Plaintiff filed a *pro se* Complaint contesting her father, Theodore Bauman's Last Will and Testament and seeking to set aside his revocable trust agreement on the grounds that when he executed the documents he was not of sound mind and was acting under duress and undue influence. The Defendants in the action included Betty Bauman (Ted Bauman's surviving spouse), Marilyn Bauman Granger and Barbara Bauman Kamensky (Plaintiff's sister) and Regions Bank (the Trustee of the revocable trust). *See Kathryn Bauman Rubenstein v. Betty Jo Bauman, et al.*, CV-02-5063, Circuit Court of Houston County. The Honorable Judge Larry Anderson presided over that lawsuit and, ultimately, granted summary judgment as to Plaintiff's claim that her father lacked testamentary capacity, duress and undue influence, leaving only a claim of forgery against the individual Defendants and the claim against Regions Bank. Rubenstein appealed that decision and the Court of Civil Appeals affirmed without opinion on September 24, 2004. *See Kathryn Bauman Rubenstein v. Betty Jo Bauman, et al.,* 119 So. 2d 328 (Ala.Civ.App. 2004). Thereafter, the case was handled by Judge Segrest.

10. The Defendants later moved for summary judgment as to the forgery claim, which Judge Segrest granted on December 7, 2005. Rubenstein appealed that case to the Alabama Court of Civil Appeals, which affirmed summary

judgment without opinion on October 27, 2006. *See Kathryn Bauman Rubenstein v. Betty Jo Bauman, et al.*, 2050386.

11. In September of 2006, Rubenstein filed an Amended Complaint in the CV-02-5063 case against Marilyn Bauman Granger, Barbara Bauman Kamensky, Alan Kamensky, Bennie Wayne Granger and Bennie Wayne Granger's business, Granger Limited, Inc., alleging various conspiracy-type theories. She also sued countless other defendants including circuit judges and their wives, appellate judges and their wives and attorneys involved in the case who had no conceivable liability to the Plaintiff. These Defendants were forced to file motion to dismiss and motion for sanctions under Alabama's Litigation Accountability Act.

12. When the Plaintiff got nowhere in the State court action against these Defendants, she attempted to remove her own case to the United States District Court for the Middle District of Alabama when there was no diversity of citizenship nor subject matter jurisdiction in the Federal court. The Defendants were forced to prepare and file remand petitions and Judge Thompson promptly remanded the case to the Circuit Court of Houston County. *See Kathryn Bauman Rubenstein v. Betty Jo Bauman, et al.,* Case No: 1:06-cv-00955-MHT.

13. On September 27, 2007, Judge Smithart, now the third State court judge[1] to preside over Plaintiffs' lawsuit, dismissed Plaintiff's Amended

---

[1] Plaintiff has now sued every State court judge who has presided over her lawsuit, almost every attorney involved in her lawsuit and the Chief Justice of the Alabama Supreme Court.

Complaint, Addendum to Amended Complaint and Second Addendum, found that the suits were frivolous and without merit and invited the parties to seek costs and attorney's fees pursuant to Alabama's Litigation Accountability Act. *See Exhibit A.*

14.     Predictably, Plaintiff has filed an appeal of the dismissals to the Alabama Court of Civil Appeals. *See Kathryn Bauman Rubenstein v. Betty Jo Bauman, et. al.,* Case No. 2070208.

15.     Plaintiff's Original and Amended Complaints in this case are, just like her similar State court action, legally deficient, wholly without merit and filed solely for the purpose of harassment and needlessly increasing the cost of litigation. Plaintiff's claims are not warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law and lacks evidentiary support. Therefore, the Plaintiff's pleadings violate Rule 11(b) of the *Federal Rules of Civil Procedure*.

16.     Counsel for the Defendants wrote the Plaintiff a letter as required by Rule 11(c)(1)(A) requesting that she withdraw her federal court complaints and Plaintiff failed or refused to comply.

17.     Due to Plaintiff's willful violation of Rule 11 and her repeated efforts to harass these Defendants with the filing of meritless pleadings, the Defendants respectfully ask the Court to impose sanctions against the Defendant, including reasonable attorney's fees and expenses and impose appropriate filing

restrictions to prevent the Plaintiff from using the Federal court system to further harass the Defendants.

WHEREFORE, based upon the foregoing, the Defendants request that this Court impose sanctions against the Defendant, including reasonable attorney's fees and expenses and impose appropriate filing restrictions to prevent the Plaintiff from using the Federal court system to further harass the Defendants.

Respectfully submitted,

> *s/William L. Lee, III*
> WILLIAM L. LEE, III        (LEE007)
> wlee3@leeandmcinish.com
>
> *s/William W. Nichols*
> WILLIAM W. NICHOLS        (NIC027)
> wnichols@leeandmcinish.com

**OF COUNSEL**:
LEE & McINISH, P.C.
*Attorneys for Defendants*
*Marilyn Bauman Granger,*
*Bennie Wayne Granger,*
*Granger Limited, Inc.,*
*Barbara Bauman Kamensky*
*and Allen E. Kamensky*
Post Office Box 1665
Dothan, Alabama 36302
Telephone (334) 792-4156
Facsimile (334) 794-8342

## CERTIFICATE OF SERVICE

I hereby certify that on **January 25, 2008**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Wade Hampton Baxley, Esq.
*Attorney for Lee & McInish, P.C., William L. Lee, III, Esq., Joel Weatherford, Esq, Farmer, Price, Hornsby & Weatherford, L.L.P., Lexa Dowling, Esq.,   Jere Segrest, Esq.*
mailto:whb@rbmlaw.org, mailto:dm@rbmlaw.org

Don P. Bennett, Esq.
*Attorney for Pitcher & Associates, Nanette Pitcher, Deep South Investments, Dianne Ream, D.Ream Properties, Arthur Medley, Faye Ferrell, M.D. & Doug McKeown, Ph.D.*
mailto:2bennett@comcast.net

Bethany L. Bolger, Esq.
*Attorney for Tommy Scarborough, Esq.*
mailto:blb@rsjg.com

Jack Michael Conaway, Esq.
*Attorney for Lexa Dowling, Esq.*
mailto:jmclaw@graceba.net

James Davis Farmer, Esq.
*Attorney for PeopleSouth Bank & Midsouth Bank*
mailto:jdf@ffmlaw.com, mailto:anm@ffmlaw.com

Robert Merrill Girardeau, Esq.
*Attorney for Ross Kennedy and McDaniel & Associates*
mailto:rmg@hfsllp.com, mailto:shb@hfsllp.com

William Wallace Hinesley, Esq.
*Attorney for G. David Johnston & Johnston, Hinesley, Flowers & Clenny, P.C.,*
mailto:whinesley@jhfc-law.com, mailto:mchancey@jhfc-law.com

Steve G. McGowan, Esq.
*Attorney for Ann Chandler & Marie W. Bauman*
mailto:wula@aol.com, mailto:anlee04@hotmail.com

Virginia Lynn McInnes, Esq.
*Attorney for PeopleSouth & Midsouth Bank*
mailto:vlm@ffmlaw.com

R. Cliff Mendheim, Esq.
*Attorney for Tom Zeigenfelder, Zeigooley, Inc., & Wallace Colley,*
mailto:rcliffmendheim@graceba.net

F. Chadwick Morriss, Esq.
*Attorney for Tommy Scarborough, Esq.*
mailto:fcm@rsjg.com
Richard H. Ramsey, III, Esq.
*Attorney for James D. Hamlett*
mailto:tara@ramseycourt.biz

Jere C. Segrest, Esq.
*Attorney for Betty Jo Bauman*
mailto:jerecs@aol.com

Philip Dale Segrest, Jr., Esq.
*Attorney for Dale Segrest*
mailto:Philip.Segrest@SegrestLaw.com

T. Grant Sexton, Jr., Esq.
*Attorney for Tommy Scarborough, Esq.*
mailto:gsexton@rsjg.com

Gary Clayborn Sherrer, Esq.
*Attorney for Officer Joiner, Officer Ivey, Officer Kirksey, Houston County Sheriff's Department & Sheriff Andy Hughes*
mailto:gary@sjt-law.com, mailto:Debbie@sjt-law.com;

John Albert Smyth, III, Esq.
*Attorney for Sandra K. Anderson, Judge Larry K. Anderson, Mrs. Philip Dale Segrest, Judge Dale Segrest, Chief Justice Drayton Nabers, Fairfax Nabers, Judge Bernard Smithart, Elizabeth Smithart, Judy Byrd, Cynthia Pittman, Carla H. Woodall*
mailto:jsmyth@maynardcooper.com, mailto:ccoggin@maynardcooper.com

Joseph E. Stott, Esq.
*Attorney for James D. Hamlett, Esq.*
mailto:jstott@sssandf.com

Anne Stone Sumblin, Esq.
*Attorney for CB&T*
mailto:asumblin@oppcatv.com

Joel Weatherford, Esq.
*Attorney for Regions Bank, Brian Brickhaus, Richard Fox, Robert Birmingham, Pat Black, Boyd Horn, Carl E. Jones, D. Bryan Jordan*

mailto:jweatherford@fphw-law.com, mailto:pphillips@fphw-law.com;

    I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and property addressed to the following non-CM/ECF participants:

Houston County DHR
P.O. Box 2027
Dothan, AL  36302-2027

Kathryn Bauman Rubenstein
P.O. Box 2243
Dothan, AL 36302

    */s/William W. Nichols*
    Of Counsel