IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN BAUMAN RUBENSTEIN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CIVIL CASE NO.: 1:07cv798-MHT |
| ) | |
| BETTY JO BAUMAN, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

**MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO RULE 11 AND FUTURE FILING RESTRICTIONS**

COME NOW the Defendants, Marilyn Bauman Granger, Bennie Wayne Granger, Granger Limited, Inc., Barbara Bauman Kamensky and Allen E. Kamensky (herein after "The Defendants") and respectfully submit the following Memorandum Brief in support of their supplemental motion for sanctions.

**I.     INTRODUCTION.**

Kathryn Rubenstein has attempted to litigate against some or all of these Defendants in state trial court, state appellate court and federal court meritless and frivolous claims in twelve (12) different ways:

1.     Original Complaint against Marilyn Granger and Barbara Bauman Kamensky in State court;

2.     Appeal to Court of Civil Appeals regarding dismissal of duress and lack of testamentary capacity claims;

    3.    Appeal to Court of Civil Appeals regarding dismissal of a forgery claim;

    4.    Amended Complaint in state court against all of the Defendants alleging various conspiracy theories to defraud her out of her inheritance;

    5.    An Addendum to the Amended Complaint;

    6.    A Second Addendum to the Amended Complaint;

    7.    Removal of the State court action to Federal court;

    8.    An appeal to the Court of Civil Appeals regarding the dismissal of her Amended State court Complaint;

    9.    Original Complaint in Federal court;

    10.    Amended Complaint in Federal court;

    11.    Second Amended Complaint in Federal court; and

    12.    Attempted Third Amended Complaint.

The Plaintiff is aware of the baseless nature of her claims as a result of the dismissals of her lawsuits, all of which have thus far been affirmed on appeal. These Defendants now respectfully request that this court sanction the Plaintiff pursuant to *Federal Rule of Civil Procedure* 11(b)(2) and (3) because she filed and continued to prosecute claims lacking both factual and legal bases and pursuant to *Federal Rule of Civil Procedure* 11(b)(1) because she prosecuted these claims for the improper purpose of harassment.

## II.   ARGUMENTS AND AUTHROITIES.

Rule 11 sanctions are properly assessed when: (1) "a party files a pleading that has no reasonable factual basis"; (2) "when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law"; or (3) "when the party files a pleading in bad faith or an improper purpose." *Worldwide Prime Mates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996); *Fed.R.Civ.P.* 11(b). In the present case, Plaintiff filed her Original and Amended Complaints in Federal court without a reasonable factual or legal basis, as demonstrated not only by the lack of facts supporting her conclusory allegations, but also by the previous opinions of the State court dismissing her related suits for failure to state a claim and recommending sanctions because of the suit. Moreover, the Plaintiff filed and continued to prosecute the present action in bad faith for the improper purpose of harassment.

### A.   *Sanctions are warranted because the Federal pleadings lack a reasonable factual or legal basis.*

To determine whether the imposition of sanctions is warranted, courts conduct a two-step inquiry. *Bryne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001). First, courts consider "whether the party's" claims are objectively frivolous." Id. Second, courts consider "whether the person who signed the pleadings should have been aware that they were frivolous." Id.

**1.     Plaintiff's pleadings are objectively frivolous.**

A claim is objectively frivolous if it lacks a reasonable factual or legal basis. *See In re Mroz*, 65 F.3d 1567, 1573 (11th Cir. 1995). A Complaint is factually groundless and merits sanctions where the Plaintiff has absolutely no evidence to support her allegations. Id. In Plaintiff's Original Complaint, she named all of the Defendants in the style of the case, but alleged a cause of action in substance against Marilyn Granger only. Her allegations were that Mrs. Granger "refused to answer specific and necessary questions" during her deposition in the State court action. The Plaintiff raised a similar issue to the State court judge presiding over the case and he denied it. Thus, Plaintiff was aware that she had no legal basis for the claim. Also, Plaintiff's failure to assert in the body of her Complaint any cause of action against the other Defendants indicates that she lacked a reasonable factual basis upon which to pursue claims against them.

In her First Amended Complaint, Plaintiff dropped the above allegations altogether and instead asserted that these Defendants somehow engaged in a conspiracy to "defraud and deny plaintiff her civil rights including due process in Houston County Circuit Case No. CV-2002-5063" and the subsequent appeals to the Alabama Court of Civil Appeals and Alabama Supreme Court. Plaintiff sued by amended complaint most of these Defendants in CV-02-5063 alleging various conspiracies to defraud her out of her inheritance from her father. At the time that

amended complaint was filed, the trial court had already dismissed any claims that the Will and Trust documents were forged or that the documents were executed due to undue duress or while he was incapacitated. Those dismissals were affirmed on appeal. Thus, at the time of her amended complaint, Plaintiff knew she had no legal or factual basis to support that the Defendants had done anything wrong in relation to the Plaintiff's inheritance. Yet, Plaintiff continued to maintain her theories against the Defendants until they were dismissed by the State court.

When Plaintiff amended her Complaint in Federal court to allege fraud and conspiracy to deny her civil rights in the State court action, she knew very well that there was no legal or factual basis for it. If she had any doubt, it was dispelled by the motions to dismiss filed by the Defendants, the Rule 11 letter sent by the undersigned counsel and Judge Capel's order of September 13, 2007 characterizing the complaint as fatally defective and ordering her to file a second amended complaint "which specifically states the wrongful acts committed by each defendant, including the date and place of the wrongdoing, the federal statute or constitutional provision that was violated by each act or wrong doing and the specific injury or damages to Rubenstein as a result or wrongdoing."

Plaintiff either refused or was incapable of complying with the Judge's Order, and rather than file an Amended Complaint that stated a cause of action against the Defendants, she simply kept them in the suit and removed any theories

of recovery against them in the body of the Complaint. This forced the Defendants to once again file a Motion to Dismiss. Thus, Plaintiff had to know that she lacked any factual or legal basis to keep these Defendants in the lawsuit. That knowledge was then confirmed by Judge Capel's Order recommending dismissal which Rubenstein failed or refused to oppose. Indeed, even after being given an extension of time to finally explain her cause of action in a way that did not run afoul of federal law, plaintiff attempted to file another Complaint asserting essentially the same baseless claims that had already been rejected by your Honor – this time on behalf of herself, her mother and her brother. Not only did this latest pleading violate Rule 11, it was tantamount to practicing law without a license which is arguably a crime in Alabama. Once again, the parties were forced to spend time and money responding to the pleading.

**2.     Plaintiff should have been aware that Plaintiff's pleadings were frivolous.**

The second prong for awarding sanctions is whether the person who signed the pleading should have been aware that they were frivolous. *Byrne*, 261 F.3d at 1105. When filing a pleading in Federal court, an attorney (or unrepresented party) certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable and is not presented for any improper purpose. Id.; *Fed.R.Civ.P.* 11(b). Whether conduct was reasonable at the time the pleading was submitted depends on the following factors: (1) how

much time was available to the signer for investigation of the facts; (2) whether the signer has to rely on the client for information as to the underlying facts; (3) whether the pleading was based upon a plausible few of the law; and (4) whether the signer was relying on another member of the bar. *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987).

In this case, the Plaintiff had from 2002, when she filed her State court action, to determine that these Defendants had done nothing wrong to warrant being repeatedly sued. The State court dismissed every allegation against these Defendants and those dismissals were, to the extent appealed, always affirmed. Judge Smithart specifically found that the State court Complaint, as amended, violated the Alabama Litigation Accountability Act and agreed to impose sanctions against the Plaintiff.

Rubenstein represents herself *pro se* and, therefore, did not have to rely on any other attorney or anyone's memory except her own. Moreover, it is clear that Plaintiff's Original and Amended Complaints in the present Federal court action were not based on a plausible view of law. Her State court actions that have been made the basis of her Federal suit were dismissed and her Original, First and Second Amended Complaints were deemed fatally defective by this Court. Instead of giving up, Plaintiff attempted to file a Third Amended Complaint with theories virtually identically to those already rejected.

Given the consistent history of previous dismissals in State court and this Court's criticism of Plaintiff's federal pleadings, Plaintiff's conduct in filing and continuing to litigate this case was unreasonable. Sanctions are, therefore, warranted and necessary to fulfill the purposes of Rule 11(b)(2) and (3), including preservation of the limited resources of the federal judicial system and prevention of baseless litigation. *See Pelletier v. Zweiful*, 921 F.2d 1465, 1522 (11th Cir. 1991).

**B.   Sanctions are warranted because Rubenstein filed her pleadings for an improper purpose.**

The *Federal Rules of Civil Procedure* also authorizes the imposition of sanctions when a party files a pleading for any improper purpose such as to harass, cause unnecessary delay or needlessly increase the cost of litigation. *Fed.R.Civ.P.* 11(b)(1); *See also Pelletier v. Zweiful*, 921 F.2d at 1514. (Sanctions are warranted "when a party files a pleading in bad faith for an improper purpose"). "Improper purpose may be shown by excessive persistence in pursuing a claim or defense in the face of repeated adverse rulings. . . . Rule 11 is intended to reduce frivolous claims and to deter costly meritless maneuvers, thereby eliminating delay, and reducing the cost of litigation." *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1448 (11th Cir. 1998). The Plaintiff's filing and continued litigation of her Original and Amended Complaints in this Court, when her nearly identical State court action was dismissed and determined to be a violation of the

Alabama Litigation Accountability Act, and when her Federal case was found to be fatally defective, can only be attributed to filing a pleading for the improper purpose of harassing these Defendants and their co-Defendants. Rubenstein's persistence in pursuing claims that are known to be baseless amounts to an improper purpose. Therefore, sanctions are warranted under Rule 11(b)(1).

### C. This Court should impose filing restrictions against the Plaintiff.

Given Rubenstein's repeated efforts to pursue frivolous, harassing and meritless claims against these Defendants in State court, State Appeals court and Federal court, it is appropriate for the Court to impose restrictions on her ability to file future pleadings. *See e.g. Los Angeles Home-Owners Aid, Inc. v. Lundahl*, 2006 WL 2459371 (Slip Copy) (D. Utah 2006) (requiring clerk of court to collect new complaints filed by plaintiff, forward them to a magistrate for review, have the magistrate determine if the complaint is without merit, duplicative or frivolous, and have the magistrate forward his recommendations to the chief judge who must then give his consent to the filing of the complaint); *Stewart v. United States of America,* 134 F.3d 383 (10th Cir. 1998) (recognizing that a litigant has no absolute or unconditional right to the courts, particularly with regard to frivolous or vexatious actions and ordering the clerk to refer plaintiff's future complaints to a magistrate judge for review). *See also Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993) (recognizing that the only restriction this Circuit has placed upon injunctions designed to protect against abusive and vexatious litigation is that a

litigant cannot be completely foreclosed from <u>any</u> access to the courts as well as recognizing that considerable discretion is reposed in the District Court as it relates to pre-filing restriction orders).

### III. CONCLUSION.

"In filing a pleading in federal court, an attorney (or unrepresented party) certifies that he or she has conducted a reasonable inquiry and the pleading is well grounded in fact, legally tenable and is not presented for any improper purpose." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). The Plaintiff has repeatedly prosecuted claims lacking both a factual and legal basis and is aware of the baseless nature of the claims. Furthermore, she prosecuted these claims for the improper purpose of harassing the Defendants.

WHEREFORE, the Defendants respectfully request that this Court impose all available sanctions under Rule 11 upon the Plaintiff, including attorney's fees, costs and any other nonmonetary remedy sufficient to punish the Plaintiff for filing her baseless pleadings and to prevent her from filing such pleadings in the future. Defendants also request that this Court impose the following filing restrictions upon the Plaintiff:

1. That the Clerk forward all future complaints filed by the Plaintiff to a Magistrate for review;

2. The Magistrate is to determine if the Complaint is meritless, duplicative or frivolous;

3. Have the Magistrate forward his recommendations to the Chief Judge; and

4. Have the Chief Judge ultimately give his consent to the filing of the Complaint.

Respectfully submitted,

/s/William L. Lee, III
WILLIAM L. LEE, III        (LEE007)
wlee3@leeandmcinish.com


/s/William W. Nichols
WILLIAM W. NICHOLS       (NIC027)
wnichols@leeandmcinish.com

**OF COUNSEL**:
LEE & McINISH, P.C.
*Attorneys for Defendants*
*Marilyn Bauman Granger,*
*Bennie Wayne Granger,*
*Granger Limited, Inc.,*
*Barbara Bauman Kamensky*
*and Allen E. Kamensky*
Post Office Box 1665
Dothan, Alabama 36302
Telephone (334) 792-4156
Facsimile (334) 794-8342


## CERTIFICATE OF SERVICE

I hereby certify that on **January 25, 2008**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Wade Hampton Baxley, Esq.
*Attorney for Lee & McInish, P.C., William L. Lee, III, Esq., Joel Weatherford,*

*Esq, Farmer, Price, Hornsby & Weatherford, L.L.P., Lexa Dowling, Esq.,   Jere Segrest, Esq.*
mailto:whb@rbmlaw.org, mailto:dm@rbmlaw.org

Don P. Bennett, Esq.
*Attorney for Pitcher & Associates, Nanette Pitcher, Deep South Investments, Dianne Ream, D.Ream Properties, Arthur Medley, Faye Ferrell, M.D. & Doug McKeown, Ph.D.*
mailto:2bennett@comcast.net

Bethany L. Bolger, Esq.
*Attorney for Tommy Scarborough, Esq.*
mailto:blb@rsjg.com

Jack Michael Conaway, Esq.
*Attorney for Lexa Dowling, Esq.*
mailto:jmclaw@graceba.net

James Davis Farmer, Esq.
*Attorney for PeopleSouth Bank & Midsouth Bank*
mailto:jdf@ffmlaw.com, mailto:anm@ffmlaw.com

Robert Merrill Girardeau, Esq.
*Attorney for Ross Kennedy and McDaniel & Associates*
mailto:rmg@hfsllp.com, mailto:shb@hfsllp.com

William Wallace Hinesley, Esq.
*Attorney for G. David Johnston & Johnston, Hinesley, Flowers & Clenny, P.C.,*
mailto:whinesley@jhfc-law.com, mailto:mchancey@jhfc-law.com

Steve G. McGowan, Esq.
*Attorney for Ann Chandler & Marie W. Bauman*
mailto:wula@aol.com, mailto:anlee04@hotmail.com

Virginia Lynn McInnes, Esq.
*Attorney for PeopleSouth & Midsouth Bank*
mailto:vlm@ffmlaw.com

R. Cliff Mendheim, Esq.
*Attorney for Tom Zeigenfelder, Zeigooley, Inc., & Wallace Colley,*
mailto:rcliffmendheim@graceba.net

F. Chadwick Morriss, Esq.
*Attorney for Tommy Scarborough, Esq.*
mailto:fcm@rsjg.com
Richard H. Ramsey, III, Esq.
*Attorney for James D. Hamlett*
mailto:tara@ramseycourt.biz

Jere C. Segrest, Esq.
*Attorney for Betty Jo Bauman*
mailto:jerecs@aol.com

Philip Dale Segrest, Jr., Esq.
*Attorney for Dale Segrest*
mailto:Philip.Segrest@SegrestLaw.com

T. Grant Sexton, Jr., Esq.
*Attorney for Tommy Scarborough, Esq.*
mailto:gsexton@rsjg.com

Gary Clayborn Sherrer, Esq.
*Attorney for Officer Joiner, Officer Ivey, Officer Kirksey, Houston County Sheriff's Department & Sheriff Andy Hughes*
mailto:gary@sjt-law.com, mailto:Debbie@sjt-law.com;

John Albert Smyth, III, Esq.
*Attorney for Sandra K. Anderson, Judge Larry K. Anderson, Mrs. Philip Dale Segrest, Judge Dale Segrest, Chief Justice Drayton Nabers, Fairfax Nabers, Judge Bernard Smithart, Elizabeth Smithart, Judy Byrd, Cynthia Pittman, Carla H. Woodall*
mailto:jsmyth@maynardcooper.com, mailto:ccoggin@maynardcooper.com

Joseph E. Stott, Esq.
*Attorney for James D. Hamlett, Esq.*
mailto:jstott@sssandf.com

Anne Stone Sumblin, Esq.
*Attorney for CB&T*
mailto:asumblin@oppcatv.com

Joel Weatherford, Esq.
*Attorney for Regions Bank, Brian Brickhaus, Richard Fox, Robert Birmingham, Pat Black, Boyd Horn, Carl E. Jones, D. Bryan Jordan*
mailto:jweatherford@fphw-law.com, mailto:pphillips@fphw-law.com;

   I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and property addressed to the following non-CM/ECF participants:

  Houston County DHR
  P.O. Box 2027
  Dothan, AL  36302-2027

  Kathryn Bauman Rubenstein
  P.O. Box 2243
  Dothan, AL 36302

           */s/William W. Nichols*
           Of Counsel