IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

KATHRYN BAUMAN RUBENSTEIN,    )
                                                      )
                     Plaintiff,                   )
                                                      )
v.                                                    )        CIVIL ACTION NO. 1:07cv798-MHT
                                                      )
BETTY JO BAUMAN, *et al.*,             )
                                                      )
                     Defendants.              )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the Court are two motions for sanctions pursuant to Rule 11 of the
Federal Rules of Civil Procedure, filed by Defendants Granger Limited, B. Wayne Granger,
Marilyn Bauman Granger, Alan E. Kamensky, Barbara Bauman Kamensky, Michael
Conaway, Lexa Dowling, Farmer, Price, Hornsby & Weatherford, LLP, Lee & McKinish,
P.C., William L. Lee, III, Jere Segrest, and Joel Weatherford.  (Docs. #138 & 145).
Defendants Granger Limited, B. Wayne Granger, Marilyn Bauman Granger, Alan E.
Kamensky, and Barbara Bauman Kamensky also filed supplemental motion for sanctions.
(Doc. #163).  Defendants' motions "request that this Court impose sanctions against
Rubenstein as well as reasonable attorney's fees and expenses in presenting this motion."
(Docs. #138 at 4, Doc. #145 at 3).  On 4 March 2008, this Court held a hearing on the
motions. Upon consideration of the motions, the evidence presented during the hearing, and
the record as a whole, the undersigned RECOMMENDS that the motions for sanctions be
GRANTED IN PART and DENIED IN PART.

## I.     DISCUSSION

The purpose of Rule 11 sanctions is to deter the filing of groundless or frivolous

lawsuits.  Fed. R. Civ. P. 11 (advisory committee notes).  By filing a Complaint in federal

Court, a Plaintiff certifies:

> that to the best of the person's knowledge, information, and belief, formed
> after an inquiry reasonable under the circumstances: (1) it is not being
> presented for any improper purpose, such as to harass, cause unnecessary
> delay, or needlessly increase the cost of litigation; (2) the claims, defenses,
> and other legal contentions are warranted by existing law or by a nonfrivolous
> argument for extending, modifying, or reversing existing law or for
> establishing new law; (3) the factual contentions have evidentiary support or,
> if specifically so identified, will likely have evidentiary support after a
> reasonable opportunity for further investigation or discovery; and (4) the
> denials of factual contentions are warranted on the evidence or, if specifically
> so identified, are reasonably based on belief or a lack of information.

*Id*.  "Rule 11 requires district courts to impose 'appropriate sanctions,' after notice and a

reasonable opportunity to respond, where an attorney or party submits a pleading to the court

that:  (1) is not well-grounded in fact, i.e., has no reasonable factual basis;  (2) is not legally

tenable;  or (3) is submitted in bad faith for an improper purpose." *Riccard v. Prudential*

*Ins. Co.*, 307 F.3d 1277, 1295 (11th Cir. 2002);  *see Didie v. Howes*, 988 F.2d 1097, 1104

(11th Cir. 1993).

In the Motions for Sanctions, Defendants argue Plaintiff's claims: (1) were presented

for the purpose of harassing and increasing costs of litigation; (2) were not warranted by

existing law; and (3) were without factual basis and evidentiary support. The Court will

address these arguments in the order expressed by the Eleventh Circuit in *Riccard*.

A.    **Without Factual Basis**

This case was dismissed at an early stage based on the Court's lack of subject-matter jurisdiction.  Thus, the Court has made no findings of fact on which to determine whether Plaintiff's claims had any reasonable, factual basis.

B.    **Not Legally Tenable**

"This [C]ourt requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous;  and (2) whether the person who signed the pleadings should have been aware that they were frivolous."  *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001) (*quoting Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)).  The Court applies an objective standard to assess conduct under Rule 11.  *Riccard*, 307 F.3d at 1294.

Plaintiff's claims were based on her belief that her father's will and trust documents were either forged, or signed by her father while he was mentally incompetent and/or under duress.  *See* Complaint, as amended, (Doc. #108).  Plaintiff's specific § 1983 claim was that a confederacy of Dothan residents, spun a deep and tangled web of fraud and conspiracy to deprive Plaintiff of her father's estate.  This list of conspirators included Plaintiff's own family, banks, lawyers, law firms, judges and their wives, and private companies.

Plaintiff's claims were objectively frivolous.  Although the Court dismissed Plaintiff's claims for lack of subject-matter jurisdiction based on the *Rooker-Feldman* and *Younger* doctrines, none of the Defendants who filed these Rule 11 motions were state actors and subject to suit under § 1983.  Further, Plaintiff failed to offer any basis for the

conspiracy, but rather, made wild accusations against persons such as the wives of former Alabama Supreme Court Justices, who appear to have nothing to do with this case.

It is also clear that Plaintiff should have known her claims were frivolous had she "made a reasonable inquiry." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). In determining whether Plaintiff should have discovered the frivolous nature of her claims, the Court must take into account her *pro se* status. *Harris v. Heinrich*, 919 F.2d 1515, 1516 (11th Cir. 1990) ("Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable."); *see also Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2nd Cir. 1989) ("While it is true that Rule 11 applies both to represented and *pro se* litigants, the court may consider the special circumstances of litigants who are untutored in the law.").

It is clear that despite her *pro se* status, Plaintiff would have known her claims were frivolous had she conducted the reasonable inquiry required under Rule 11. As the Court noted in the Recommendation (Doc. #144), there were numerous bases of dismissal for this case besides dismissal for lack of subject-matter jurisdiction, including: absolute judicial and quasi-judicial immunity; Eleventh Amendment immunity; and *res judicata*. (Doc. #144 at 4). Had Plaintiff conducted even a minimal inquiry, much less a reasonable one, she would have determined her claims were frivolous. Therefore, the undersigned finds Plaintiff's claims are objectively frivolous and she should have known they were frivolous. Accordingly, sanctions are warranted.

**C.     Submitted in bad faith for an improper purpose**

"[I]f, after dismissing a party's claim as baseless, the court finds that the party []
failed to conduct a reasonable inquiry into the matter, then the court is obligated to impose
sanctions even if the [party] had a good faith belief that the claim was sound." *Byrne,* 261
F.3d at 1105-06.  Thus, the Court need not determine whether Plaintiff filed this case "for
the improper purpose of harassing these Defendants and needlessly increasing the cost of
litigation."  (Doc. #138).

**D.     Sanctions**

Under Rule 11 , a district court "'shall' or *must* impose sanctions for a violation."
*Didie,* 988 F.2d at 1104.  Defendants requested the Court "impose sanctions against
Rubenstein as well as reasonable attorney's fees and expenses in presenting this motion."
(Docs. #138 at 4, #145 at 3).  At the hearing, Defendants also requested Plaintiff be required
to submit any future federal pleadings to the Court for pre-screening prior to filing.

In determining whether to impose an award of attorney's fees as part of Rule 11
sanctions, the district court must consider the resources of the party subject to sanctions. *See*
*Baker*, 158 F.3d at 528.  At the hearing, the Court inquired into Plaintiff's ability to pay
attorney's fees or monetary sanctions under Rule 11.  Plaintiff stated she is unemployed and
receives approximately seven-hundred, forty-nine dollars a month in Social Security
disability payments.  Plaintiff  also stated she has no other income, and she has short term
memory loss due to a heart attack she suffered, which left her in a coma for four days.

5

Based on Plaintiff's representations, the undersigned does not find Plaintiff has the resources to pay either attorney's fees or any monetary sanctions the Court might impose.

Further, the Court does not find it appropriate to impose a filing restriction on Plaintiff, whereby all of her future filings in this Court would be pre-screened prior to filing. Such a restriction should "be used only in extreme situations as the court has a wide range of lesser sanctions that will not deprive the litigant of his or her day in court." *Donaldson v. Clark*, 819 F.2d 1551, 1557 n.6 (11th Cir. 1987).

"Although the sanctions most commonly imposed are costs and attorney's fees, the selection of the type of sanction to be imposed lies with the district court's sound exercise of discretion." *Riccard*, 307 F.3d at 1295. The Court has determined Plaintiff's claims were frivolous and had she made a reasonable inquiry into her claims she would have known they were frivolous. Thus, the Court finds requiring Plaintiff to engage in a proper Rule 11 inquiry into her various claims and the law surrounding them to be an appropriate sanction.[1]

Therefore, the Court will require Plaintiff to read the following cases and statutes:

1. Rule 11 of the Federal Rules of Civil Procedure;
2. 42 U.S.C.A. § 1983 (2000);
3. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983);
4. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923);
5. *Younger v. Harris*, 401 U.S. 37 (1971);

---

[1] Courts have imposed creative requirements in imposing Rule 11 sanctions, including "legal education sanctions." *See U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore*, 406 F.3d 465 (7th Cir. 2005) (requiring all attorneys in a law firm to attend a 16 hour civil procedure course); *see also Huettig & Schromm, Inc. v. Landscape Contractors Council,* 582 F. Supp. 1519 (N.D. Cal. 1984) (requiring errant attorney to circulate the court's opinion finding him in violation of Rule 11 to every member of his firm).

6. *Williams v. Adkinson*, 792 F. Supp. 755 (M.D. Ala. 1992);
7. *Simmons v. Conger*, 86 F.3d 1080 (11th Cir. 1996) (Judicial Immunity);
8. *Roland v. Phillips*, 19 F.3d 552, 555-556 (11th Cir. 1994) (Quasi-judicial immunity).

The Court believes that after reading these cases and statutes, Plaintiff will have a better understanding of the law, which will serve as a deterrence to any future frivolous suits. *See Baker*, 158 F.3d at 528 ("[D]eterrence remains the touchstone of the Rule 11 inquiry."). The Court also finds that a formal reprimand is an appropriate sanction. *See e.g., McCampbell v. KPMG Peat Marwick*, 982 F. Supp. 445 (N.D. Tex. 1997) (denying motion for monetary sanctions and instead issuing a formal reprimand to *pro se* litigant). A formal reprimand will "deter repetition of the conduct or comparable conduct by others similarly situated" to Plaintiff. Fed. R. Civ. P. 11(c)(4). Accordingly the Court recommends the District Court formally reprimand Plaintiff for not conducting a reasonable inquiry into the legal basis for her claims, and warn her that future litigation against the same Defendants may result in the imposition of more sever sanctions.

## II.   CONCLUSION

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that Defendants' Motions for Sanctions (Docs. #138, 145, 163) be GRANTED IN PART and DENIED IN PART. The Magistrate Judge RECOMMENDS Rule 11 sanctions be imposed in the form of requiring Plaintiff to read and review the above stated cases and statutes, and within thirty (30) days of the District Court's order concerning this recommendation, Plaintiff shall file a sworn affidavit affirming she has complied with the

Court's sanctions.  The Magistrate Judge also RECOMMENDS Plaintiff be formally reprimanded for not conducting a reasonable inquiry into the legal basis for her claims, and warned that future litigation against the same Defendants may result in the imposition of more severe sanctions.  It is

 further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **23 April 2008**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 10th day of April, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE