IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
KATHRYN BAUMAN RUBENSTEIN,  )
                            )
     Plaintiff,             )
                            )        CIVIL ACTION NO.
     v.                     )        1:07cv798-MHT
                            )            (WO)
BETTY JO BAUMAN, et al.,    )
                            )
     Defendants.            )
```

OPINION AND ORDER

Plaintiff Kathryn Bauman Rubenstein brought this lawsuit against 63 defendants under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983. Twelve of the defendants moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure, and this case is currently before the court on the 12 defendants' objections to the magistrate judge's recommendation that the court not award monetary sanctions or impose a filing restriction. For the following reasons, the magistrate

judge's recommendation is rejected as to an award of monetary sanctions and is adopted in all other respects.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), magistrate judges may "hear and determine any pretrial matter pending before the court," with eight enumerated exceptions.  For "a pretrial matter not dispositive of a claim or defense of a party," the district judge sets aside or modifies the order only if it is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  If the motion is dispositive, however, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  See also 28 U.S.C. § 636(b); United States v. Raddatz, 447 U.S. 667, 673-84 (1980).

2

## II. BACKGROUND

In September 2007, Rubenstein filed this suit against a large number of individuals and businesses, asserting violations of her rights arising from a state-court case concerning her father's estate. Before this court dismissed the suit for lack of subject-matter jurisdiction under the Rooker-Feldman and Younger abstention doctrines, Rubenstein v. Bauman, 2008 WL 150057 (M.D. Ala. 2008), 12 of the defendants moved for Rule 11 sanctions against Rubenstein on the grounds that the complaint wholly lacked merit and was filed solely for the purpose of harassment. On April 10, 2008, the magistrate judge recommended that sanctions be imposed because Rubenstein's claims "were objectively frivolous." Recommendation (Doc. No. 177), at 3. The magistrate judge noted that if Rubenstein, despite her pro se status, had conducted the required reasonable inquiry, she would have known that her claims were frivolous and would have known that her case would have been dismissed

3

because of absolute judicial and quasi-judicial immunity, Eleventh Amendment immunity, res judicata, and the inapplicability of § 1983 to non-state actors, as well as lack of subject-matter jurisdiction. <u>Id</u>. at 4.

As sanctions for Rubenstein's Rule 11 violation, the 12 defendants sought monetary sanctions (including attorney's fees and expenses) and a requirement that Rubenstein submit future pleadings to the court for screening prior to filing. Because Rubenstein is unemployed and her only income consists of approximately $ 750 per month in Social Security disability payments, the magistrate judge declined to award monetary sanctions. <u>Id</u>. at 6. The magistrate judge also found that a filing restriction would be inappropriate. <u>Id</u>. Instead, he recommended that Rubenstein receive a formal reprimand and that she be required to read statutes and cases about Rule 11 and her various claims, so that her newfound understanding of the law would deter future frivolous filings. <u>Id</u>. at 6-7.

On April 18, 2008, the 12 defendants filed objections to the magistrate judge's recommendation that no monetary sanctions or filing restriction be imposed.  In the meantime, on May 13, 2008, Rubenstein informed the court that she had complied with the reading requirement.


## III. DISCUSSION

Applying either a clearly erroneous or de novo standard of review, the court adopts the magistrate judge's finding that sanctions against Rubenstein under Rule 11 of the Federal Rules of Civil Procedure are appropriate, but the court disagrees with the magistrate judge as to the type of sanctions that should be imposed.


### A.

Because the "central goal" of Rule 11 is deterrence, Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990), the district court has broad authority to impose a sanction tailored to the particular facts of the case.

See <u>Donaldson v. Clark</u>, 819 F.2d 1551, 1557 (11th Cir. 1987) ("[T]he selection of the type of sanction to be imposed lies within the district court's sound exercise of discretion."). One of the factors to be considered in fashioning appropriate sanctions is the financial ability of the sanctioned party. <u>Baker v. Alderman</u>, 158 F.3d 516, 529 (11th Cir. 1998). Importantly, the purpose is not merely punitive; a Rule 11 sanction must be "limited to what is sufficient to deter repetition of such conduct." <u>Riccard v. Prudential Ins. Co.</u>, 307 F.3d 1277, 1295 (11th Cir. 2002).

The magistrate judge's proposed formal reprimand and reading assignment, while not inappropriate Rule 11 sanctions, are clearly inadequate by themselves to deter future frivolous filings here. They amount to no more than a symbolic slap on the wrist and a mere homework assignment. (It is also not lost on the court that Rubenstein quickly and, apparently, easily complied the reading requirement--indeed, she did so even before entry

of an order requiring such, and she then eagerly
announced her compliance.)    While Rule 11 does not
require the imposition of a monetary sanction,
see Donaldson, 819 F.2d at 1557 ("Rule 11 neither
expressly permits nor expressly forbids the imposition of
a financial penalty."), the court finds that, under these
circumstances, some kind of monetary sanction must be
imposed for the Rule 11 sanctions to serve their
deterrent purpose.    Rubenstein's claims were objectively
frivolous.    Furthermore, in addition to Rubenstein's
history of repetitive filing in state court, this is the
second time Rubenstein has frivolously brought a lawsuit
in federal court, Rubenstein v. Bauman, 2006 WL 3147671
(M.D. Ala. 2006); her filing history demonstrates a
willingness to use the courts as an instrument of
harassment.    Nothing in the magistrate judge's proposed
sanctions will realistically discourage her from filing
another frivolous claim as an instrument of harassment.

    While Rubenstein's income is modest, nothing in the

7

record indicates that she cannot pay anything at all--or, put another way, that she cannot afford to pay any monetary sanction, no matter how small.  That she has a limited income should not give her, in effect, the unbridled right to harass others with frivolous lawsuits without fear of any significant sanction.  Instead, this court is convinced that reaching into Rubenstein's wallet, even if that wallet is somewhat small, is the only effective way truly to get her attention and stop her abusive conduct.  Here, the Rule 11 violator's financial circumstances should limit the amount of the award against her, not prevent the imposition of such an award. Cf. Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911, 917 (11th Cir. 1982) (in context of attorney's fees for successful defendants in case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e through 2000e-17, a "fee must be assessed which will serve the deterrent purpose of the statute, and no fee will provide no deterrence").

The court therefore finds that, because the magistrate judge's proposed formal reprimand and reading assignment are by themselves clearly inadequate deterrents in this instance and because Rubenstein's financial circumstances should limit, not prevent, monetary sanctions against her, monetary sanctions should also be imposed against her; the court further finds that here the appropriate form of monetary sanctions is attorney's fees and expenses. See Cooter & Gell, 496 U.S. at 393 (a Rule 11 sanction "may, but need not, include payment of the other party's expenses").

## B.

The magistrate judge was correct, however, in declining to impose a filing restriction on Rubenstein. There is no question that a person can be restricted from filing frivolous and vexatious lawsuits so long as she is not "completely foreclosed from any access to the court." Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir.

1986) (en banc).  But drastic remedies such as this "are to be used only in extreme situations as the court has a wide range of lesser sanctions that will not deprive the litigant of his or her day in court."  <u>Donaldson</u>, 819 F.2d at 1557 n.6.  Even if Rubenstein has a history of baseless filings in state court, this is only the second time she has done so in federal court.  She therefore has not yet behaved in a way suggesting that "injunctive relief is the only means that offers any chance of preventing further harassment, ... further clogging of the judicial machinery with meritless pleadings, and further overloading of already overloaded court dockets." <u>Riccard</u>, 307 F.3d at 1295.

Rubenstein is, however, now on notice that such a restriction may be imposed if her abusive filing continues.

* * *

For the foregoing reasons, it is ORDERED as follows:

(1) Defendants Granger Limited, B. Wayne Granger, Marilyn Bauman Granger, Alan E. Kamensky, Barbara Bauman Kamensky, Michael Conaway, Lexa Dowling, Farmer, Price, Hornsby & Weatherford, LLP, Lee & McKinish, P.C., William L. Lee, III, Jere Segrest, and Joel Weatherford's objections (Doc. No. 178):

(A) Are sustained with respect to their request for monetary sanctions under Fed. R. Civ. P. 11 against plaintiff Kathryn Bauman Rubenstein; and

(B) Are overruled with respect to their request for the imposition of a filing limitation.

(2) The magistrate judge's recommendation (Doc. No. 177):

(A) Is rejected to the extent that it found that monetary sanctions would be inappropriate under Fed. R. Civ. P. 11 against plaintiff Rubenstein; and

(B) Is adopted in all other respects, including the recommendation that plaintiff Rubenstein has violated Fed. R. Civ. P. 11; that a formal reprimand and reading

11

assignment are appropriate; and that the imposition of a filing limitation is inappropriate at this time.

(3) Said defendants' motions for sanctions (Doc. Nos. 138, 145, & 163):

(A) Are, to the extent they request monetary sanctions, referred back to the magistrate judge for further proceedings consistent with this opinion and order; and

(B) Are, in all other respects, granted to the extent the relief requested is approved in this order and opinion, and denied to the extent the relief requested is disapproved in this order and opinion.

(4) Not until after the magistrate judge has entered a supplemental recommendation on the issue of monetary sanctions will the court enter a final order imposing all appropriate sanctions under Fed. R. Civ. P. 11 against plaintiff Rubenstein.

DONE, this the 15th day of May, 2008.

    /s/ Myron H. Thompson    
UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1.    **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a)    **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b)    **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c)    **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d)    **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e)    **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

*Rev.: 4/04*

2.    <u>**Time for Filing**</u>: The timely filing of a notice of appeal is mandatory and jurisdictional. <u>Rinaldo v. Corbett</u>, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a)    **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b)    **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c)    **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d)    **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e)    **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.    <u>**Format of the notice of appeal:**</u> Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See</u> also Fed.R.App.P. 3(c). A <u>pro se</u> notice of appeal must be signed by the appellant.

4.    <u>**Effect of a notice of appeal:**</u> A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).