IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHRYN BAUMAN RUBENSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:07cv798-MHT |
| | ) | |
| BETTY JO BAUMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Prior to Judgment, Defendants Granger Limited, B. Wayne Granger, Marilyn Bauman Granger, Alan E. Kamensky, Barbara Bauman Kamensky, Michael Conaway, Lexa Dowling, Farmer, Price, Hornsby & Weatherford, LLP, Lee & McKinish, P.C., William L. Lee, III, Jere Segrest, and Joel Weatherford filed Motions for Sanctions pursuant to Rule 11. (Docs. #138 & 145). Defendants Granger Limited, B. Wayne Granger, Marilyn Bauman Granger, Alan E. Kamensky, and Barbara Bauman Kamensky also filed a Supplemental Motion for Sanctions. (Doc. #163). Following a hearing on the Motions, the undersigned declined to impose financial sanctions on Plaintiff, finding she lacked "the resources to pay either attorney's fees or any monetary sanctions the Court might impose." (Doc. #177 at 6). Instead, the undersigned recommended the District Court impose Rule 11 sanctions against Plaintiff in the form of a formal reprimand and a requirement to read case law and statutes relevant to the claims made in Plaintiff's

frivolous law suit.[1]  Defendants objected to the Recommendation and requested the District Court award attorney's fees and impose filing restrictions on Plaintiff.  (Doc. #178).  On 15 May 2008, the District Court entered an Order adopting the Recommendation in part and rejecting it in part.  (Doc. #185).  Specifically, the District Court adopted the Recommendation in all respects, save the failure to award Defendants attorney's fees, finding this Court's "proposed formal reprimand and reading assignment, while not inappropriate Rule 11 sanctions, are clearly inadequate by themselves to deter future frivolous filings here."  (Doc. #185 at 6).

The undersigned found Plaintiff was unable to pay attorney's fees based on Plaintiff's financial status and because the "resources of the party to be sanctioned are relevant to the determination of the amount of sanctions to be imposed."  *Baker v. Alderman*, 158 F.3d 516, 528 (11th Cir. 1998).  At the hearing, it was established Plaintiff receives $750.00 a month in social security disability payments and according to Defendants may receive up to $10,000.00 a year from a trust.  Although no evidence was presented to the undersigned regarding the trust, taking Defendants' assertion as true, at most, it appears Plaintiff receives $19,000.00 a year in income.

The District Court found the non-monetary sanctions recommended by the

---

[1] "What [are] 'appropriate [Rule 11 sanctions]' may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances. Whatever the ultimate sanction imposed, the district court should utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose." *Thomas v. Capital Sec. Serv. Inc.*, 836 F.2d 866, 877-78 (5th Cir. 1988).

undersigned insufficient and instructed that "some kind of monetary sanction must be imposed for the Rule 11 sanctions to serve their deterrent purpose." (Doc. #185 at 7). In light of this mandate, the Court ordered (Doc. #186) Plaintiff to file, under seal, evidence of her financial condition. The Court further ordered Defendants to "provide the Court with sworn affidavits detailing legal fees and expenses incurred as a result of this case." (Doc. #186 at 1-2). Rather than provide the Court a detailed account of the legal fees and expenses incurred in this case, Defendants merely filed a "[s]ummary of billing," which listed the total number of hours billed, hourly rates, and expenses. (*See* Docs. #188 at 5 & 189 Exh. #2). In total, Defendants seek $21,419.79 in attorney's fees and costs.

The Court requested Defendants submit **detailed** billing statements, not summaries, because of the Court's obligation to "inquire as to the extent to which the nonviolating party's expenses could have been avoided, or mitigated, and reduce or increase the award accordingly." *Baker*, 158 F. 3d at 528. A "court's order on attorney's fees must allow meaningful review - the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation. If the court disallows hours, it must explain which hours are disallowed and show why an award of these hours would be improper." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988) (internal citation omitted). Defendants' summary statements are insufficient to allow the Court to conduct a proper inquiry into the reasonableness of the attorney's fees.

3

Fortunately, the resolution of this matter rests not on how much Defendants expended, but on how much Plaintiff can pay.  Unfortunately, Plaintiff completely failed to comply with the Court's Order and filed no financial statements.  Nonetheless, the Court is resolute and will not be dissuaded by the parties' actions and inactions.[2]

Plaintiff's most recent failure to comply with this Court's Order is astounding. The Court sternly admonished Plaintiff when she failed to appear for the Rule 11 hearing, which resulted in the Court accommodating Plaintiff by telephone conference, while Defendants endured traveling expenses.  Plaintiff's latest failure to comply calls to mind the enormous time, energy, and resources spent on this patently frivolous suit by this Court and his chambers, the District Court, and Defendants.

Based on the financial information presented at the hearing, it appeared Plaintiff lacked the ability to pay attorney's fees.  However, Plaintiff did pay the filing fees when she initiated this action and when she improperly attempted to remove the case from state court in 2006.  *See Rubenstein v. Bauman*, 2006 WL 3147671 (M.D. Ala. 2006).  Thus, the Court has evidence Plaintiff, while on a limited income, has been able to pay $700.00 to file frivolous actions in federal court.  Because the central goal of Rule 11 sanctions is deterrence, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), the undersigned

---

[2] Plaintiff's failure to file the requested financial documents merely results in her waiver of any argument regarding her ability to pay.  *See Willhite v. Collins*, 459 F.3d 866, 870 (8th Cir. 2006) (concluding if ability to pay is a concern, sanctioned party has an obligation to raise the issue to the court);  *See also, White v. Gen. Motors Corp.*, 908 F.2d 675, 684-685 (10th Cir. 1990) (stating if plaintiff remained uncooperative the court could ignore ability to pay).

believes requiring Plaintiff to pay $700.00 toward Defendants' attorney's fees would sufficiently impress upon her the serious nature of filing frivolous suits in this court and deter her from any such future filings.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the District Court impose a $700.00[3] sanction on Plaintiff, for attorney's fees[4] to be paid to Defendants within 120 days from the adoption of the Recommendation. It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **23 June 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon

---

[3] While $700.00 may sound like a small sanction, as the District Court recognized, Plaintiff's "wallet is somewhat small." (Doc. #185 at 8); *See e.g., Worthy v. Windnall*, 138 F. 3d 885 (11th Cir. 1998) ($500.00 sanction imposed where attorney filed fourth consecutive meritless action against same defendant).

[4] Although the Court lacks detailed billing records from Defendants, based on the pleadings they filed in this case, it is more than reasonable for the Court to assume they expended at least $700.00 worth of reasonable legal fees.

grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982);  *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982);  *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 10th day of June, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE