IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHRYN BAUMAN RUBENSTEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:07cv798-MHT |
| | ) | |
| BETTY JO BAUMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OBJECTION TO RECOMMENDATIONS OF MAGISTRATE JUDGE WALLACE CAPEL, JR.

COME NOW the Defendants, Marilyn Bauman Granger, Bennie Wayne Granger, Granger Limited, Inc., Barbara Bauman Kamensky and Allan E. Kamensky, by and through their undersigned counsel and respectfully object to the amount of monetary, Rule 11 sanctions recommended by Judge Wallace Capel, Jr., on the following grounds:

1.     In an effort to determine whether and to what extent Rule 11 sanctions should be imposed against Mrs. Rubenstein, Judge Capel set a hearing to take place in his courtroom in Montgomery. In his Order setting the hearing, Judge Capel required Mrs. Rubenstein to bring with her financial documents showing what, if any, monetary sanctions she would be able to pay.

2.     Counsel for the above defendants and counsel for the attorney defendants, Wade Baxley, traveled to Montgomery as ordered by the Court and participated in the hearing. Mrs. Rubenstein did not bother to attend, nor file any documents showing her financial condition. When ultimately reached by telephone, Mrs. Rubenstein stated that

her only source of income was $750.00 per month in social security disability benefits. She neglected to inform the Court about the $12,000.00 per year she receives from her mother's estate or her interest in a Vioxx class action settlement. Rubenstein did not thereafter provide any documents to the Court, sworn or otherwise, proving her financial condition.

3. Based on Rubenstein's purported inability to pay monetary sanctions, Judge Capel recommended to this Court that she be formally reprimanded and required to read Rule 11 and various cases.

4. The Defendants timely objected to Judge Capel's recommendations insofar as they declined to impose monetary sanctions and Judge Thompson granted those objections. In Judge Thompson's opinion, Judge Capel's formal reprimand and reading assignment were inadequate by themselves to deter future frivolous filings by Mrs. Rubenstein. (Doc. 185). "[S]ome kind of monetary sanction must be imposed for the Rule 11 sanctions to serve their deterrent purpose." (Doc. 185).

5. Judge Capel thereafter issued an order requiring Mrs. Rubenstein to file, under seal, evidence of her financial condition and ordered the defendants to provide sworn affidavits detailing legal fees and expenses incurred as a result of the case. (Doc. 186).

6. On May 29, 2008, the undersigned timely filed a sworn affidavit establishing that these defendants incurred legal fees in the amount of $10,940.00 and litigation costs in the amount of $119.00 defending Mrs. Rubenstein's lawsuit. (Doc. 189, 189-2).

7. Although the undersigned did not provide as an exhibit the actual hourly time entries and descriptions within those time entries due to concerns about attorney-client privilege and work product, they did agree to "provide copies of the complete bills reflecting the time entries with descriptions for in camera inspection" if requested by the Court.

8. For her part, Mrs. Rubenstein once again failed or refused to file any documents establishing her financial condition and completely ignored Judge Capel's order.

9. On June 10, 2008, Judge Capel released his recommendations in which he criticized the defendants' inclusion of a billing summary, believing they were not detailed accounts of the legal fees and expenses incurred in the case as his order required. In Judge Capel's opinion, the sworn billing summary was "insufficient to allow the Court to conduct a proper inquiry into the reasonableness of the attorney's fees." (Doc. 190, pg. 3). These defendants remain, however, ready and willing to submit their invoices documenting the time entries with descriptions for an in camera inspection by the Court.

10. On the other hand, Judge Capel apparently accepted as true Mrs. Rubenstein's previous unsworn, undocumented assertion that she had a "limited income" and ordered her to pay merely the combined cost of her previous federal court filing fees ($700.00) as the sole and exclusive monetary sanction.

11. These defendants respectfully object to Judge Capel's refusal to accept the undersigned's sworn affidavit regarding attorney's fees and costs totaling $11,059.90 incurred in defending Mrs. Rubenstein's frivolous lawsuit, while at the same time giving Mrs. Rubenstein the benefit of the doubt and accepting as true her unsworn,

undocumented assertions that she has a "limited income of $750.00 per month." The defendants cannot help but feel that they have been penalized for attempting in good faith to provide the Court the sworn proof it required in a timely fashion, while Mrs. Rubenstein was rewarded for her contemptuous refusal to submit even the first document in support of her position.

      12.     The defendants believe that Judge Capel's proposed monetary sanction is completely inadequate to deter Mrs. Rubenstein from filing future frivolous claims or punish her for the time, money and aggravation caused by her present frivolous lawsuit. She will no doubt experience great satisfaction knowing that with no effort on her part, the defendants paid more than $11,000.00 to get back $700.00 in attorney's fees.

      WHEREFORE, based upon the foregoing, the Defendants respectfully object to Judge Capel's recommended monetary sanctions and ask the Court instead to require Mrs. Rubenstein to at least be required to pay the uncontroverted attorney's fees and costs documented in the undersigned's affidavit.

      Respectfully submitted this 12th day of June, 2008.

*s/William L. Lee, III*
WILLIAM L. LEE, III    (LEE007)
wlee3@leeandmcinish.com

*s/William W. Nichols*
WILLIAM W. NICHOLS    (NIC027)
wnichols@leeandmcinish.com

**OF COUNSEL**:
LEE & McINISH, P.C.
*Attorneys for Defendants*
*Marilyn Bauman Granger,*
*Bennie Wayne Granger,*
*Granger Limited, Inc.,*

*Barbara Bauman Kamensky*
*and Allan E. Kamensky*
Post Office Box 1665
Dothan, Alabama 36302
Telephone (334) 792-4156
Facsimile (334) 794-8342

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Wade Hampton Baxley, Esq.
*Attorney for Lee & McInish, P.C., William L. Lee, III, Esq., Joel Weatherford, Esq, Farmer, Price, Hornsby & Weatherford, L.L.P., Lexa Dowling, Esq., Jere Segrest, Esq.*
mailto:whb@rbmlaw.org, mailto:dm@rbmlaw.org

Don P. Bennett, Esq.
*Attorney for Pitcher & Associates, Nanette Pitcher, Deep South Investments, Dianne Ream, D.Ream Properties, Arthur Medley, Faye Ferrell, M.D. & Doug McKeown, Ph.D.*
mailto:2bennett@comcast.net

Bethany L. Bolger, Esq.
*Attorney for Tommy Scarborough, Esq.*
mailto:blb@rsjg.com

Jack Michael Conaway, Esq.
*Attorney for Lexa Dowling, Esq.*
mailto:jmclaw@graceba.net

James Davis Farmer, Esq.
*Attorney for PeopleSouth Bank & Midsouth Bank*
mailto:jdf@ffmlaw.com, mailto:anm@ffmlaw.com

Robert Merrill Girardeau, Esq.
*Attorney for Ross Kennedy and McDaniel & Associates*
mailto:rmg@hfsllp.com, mailto:shb@hfsllp.com

---

*Objections to Recommendations of Magistrate*                                      Page 5 of 7
*Judge Wallace Capel, Jr.*

William Wallace Hinesley, Esq.
*Attorney for G. David Johnston & Johnston, Hinesley, Flowers & Clenny, P.C.,*
mailto:whinesley@jhfc-law.com, mailto:mchancey@jhfc-law.com

Steve G. McGowan, Esq.
*Attorney for Ann Chandler & Marie W. Bauman*
mailto:wula@aol.com, mailto:anlee04@hotmail.com

Virginia Lynn McInnes, Esq.
*Attorney for PeopleSouth & Midsouth Bank*
mailto:vlm@ffmlaw.com

R. Cliff Mendheim, Esq.
*Attorney for Tom Zeigenfelder, Zeigooley, Inc., & Wallace Colley,*
mailto:rcliffmendheim@graceba.net

F. Chadwick Morriss, Esq.
*Attorney for Tommy Scarborough, Esq.*
mailto:fcm@rsjg.com

Richard H. Ramsey, III, Esq.
*Attorney for James D. Hamlett*
mailto:tara@ramseycourt.biz

Jere C. Segrest, Esq.
*Attorney for Betty Jo Bauman*
mailto:jerecs@aol.com
Philip Dale Segrest, Jr., Esq.
*Attorney for Dale Segrest*
mailto:Philip.Segrest@SegrestLaw.com

T. Grant Sexton, Jr., Esq.
*Attorney for Tommy Scarborough, Esq.*
mailto:gsexton@rsjg.com

Gary Clayborn Sherrer, Esq.
*Attorney for Officer Joiner, Officer Ivey, Officer Kirksey, Houston County Sheriff's Department & Sheriff Andy Hughes*
mailto:gary@sjt-law.com, mailto:Debbie@sjt-law.com;

John Albert Smyth, III, Esq.
*Attorney for Sandra K. Anderson, Judge Larry K. Anderson, Mrs. Philip Dale Segrest, Judge Dale Segrest, Chief Justice Drayton Nabers, Fairfax Nabers, Judge Bernard Smithart, Elizabeth Smithart, Judy Byrd, Cynthia Pittman, Carla H. Woodall*
mailto:jsmyth@maynardcooper.com, mailto:ccoggin@maynardcooper.com

Joseph E. Stott, Esq.
*Attorney for James D. Hamlett, Esq.*
mailto:jstott@sssandf.com

Anne Stone Sumblin, Esq.
*Attorney for CB&T*
mailto:asumblin@oppcatv.com

Joel Weatherford, Esq.
*Attorney for Regions Bank, Brian Brickhaus, Richard Fox, Robert Birmingham, Pat Black, Boyd Horn, Carl E. Jones, D. Bryan Jordan*
mailto:jweatherford@fphw-law.com, mailto:pphillips@fphw-law.com;

  I further certify that I have served the following by placing a copy thereof in the United States Mail, postage prepaid and property addressed to the following non-CM/ECF participants:

  Kathryn Bauman Rubenstein
  P.O. Box 2243
  Dothan, AL 36302

              */s/William W. Nichols*
              Of Counsel