IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN BAUMAN RUBENSTEIN,   ) | |
| ) | |
| PLAINTIFF,   ) | |
| ) | |
| VS.   ) | CIVIL CASE NO.: 1:07cv798-MHT |
| ) | |
| BETTY JO BAUMAN, et al.,   ) | |
| ) | |
| DEFENDANTS.   ) | |

**OBJECTION OF DEFENDANTS, JOEL W. WEATHERFORD, FARMER, PRICE, HORNSBY & WEATHERFORD, LLP, J. MICHAEL CONAWAY, JERE C. SEGREST, LEXA E. DOWLING, WILLIAM L. LEE, III, AND LEE AND McINISH, P.C., TO RECOMMENDATION OF MAGISTRATE JUDGE WALLACE CAPEL, JR.**

Come now the Defendants, JOEL W. WEATHERFORD; FARMER, PRICE, HORNSBY & WEATHERFORD, LLP; J. MICHAEL CONAWAY; JERE C. SEGREST; LEXA E. DOWLING; WILLIAM L. LEE, III; and LEE AND McINISH, P.C., in the above referenced cause, by and through their attorney of record, and respectfully object to the amount of monetary Rule 11 sanctions recommended by Judge Wallace Capel, Jr., on the following grounds:

1)    In an effort to determine whether and to what extent Rule 11 sanctions should be imposed against Ms. Rubenstein, Judge Capel set a hearing to take place in his courtroom in Montgomery (AL). In his order dated February 21, 2008, setting the hearing (Doc. 175), Judge Capel required Ms. Rubenstein to bring with her "financial information related to her ability to pay fines pursuant to Rule 11."

2) Counsel for the above named attorney Defendants and counsel for the Granger/Kamensky Defendants traveled to Montgomery as ordered by the court and participated in the hearing. Ms. Rubenstein did not bother to attend and did not bother to file documents showing her financial condition. When ultimately reached by telephone, Ms. Rubenstein stated that her only source of income was $750.00 per month in social security disability benefits. She neglected to inform the Court about the $12,000 per year she received from her mother's estate or her interest in a Vioxx class action settlement. Ms. Rubenstein did not thereafter provide any documents to the Court, sworn or otherwise, providing her financial condition.

3) Based on Ms. Rubenstein's purported inability to pay monetary sanctions, Judge Capel recommended to this Court that she be formally reprimanded and required, as a non-monetary sanction, to read Rule 11 and various cases.

4) Both sets of Defendants timely objected to Judge Capel's recommendations insofar as they declined to impose monetary sanctions and Judge Thompson granted those objections. In Judge Thompson's opinion, Judge Capel's formal reprimand and reading assignment were inadequate by themselves to deter future frivolous filings by Ms. Rubenstein. (Doc. 185). "[S]ome kind of monetary sanction must be imposed for the Rule 11 sanctions to serve their deterrent purpose." (Doc. 185).

5) Judge Capel thereafter issued an order requiring Ms. Rubenstein to file, under seal, evidence of her financial condition and ordered the Defendants to provide sworn affidavits detailing legal fees and expenses incurred as a result of the case. (Doc. 186).

6) On May 22, 2008, the undersigned counsel timely filed a Notice of Compliance together with a sworn affidavit establishing that the Defendants, whom he represents, had

incurred legal fees in the amount of $10,020.00 and litigation costs in the amount of $339.89 defending Ms. Rubenstein's lawsuit in Federal Court. (Doc. 188).

7) Undersigned attorney did not provide as an exhibit the actual hourly time entries and descriptions within those time entries due to obvious concerns about attorney-client privilege and attorney work product.

8) For her part, Ms. Rubenstein once again failed to refused to file any document establishing her financial condition and completely ignored Judge Capel's order including attendance in Court for that hearing.

9) On June 20, 2008, Judge Capel released his recommendations in which he criticized the Defendants' counsel for only including a billing summary, believing they were not detailed accounts of the legal fees and expenses incurred in the case as his order required. In Judge Capel's opinion, the sworn billing summary was "insufficient to allow the Court to conduct a proper inquiry into the reasonableness of the attorney's fees." (Doc. 190, pg. 3). Undersigned counsel is ready and willing to submit documented time entries for an in camera inspection by the Court.

10) On the other hand, Judge Capel has apparently accepted as true Ms. Rubenstein's previous unsworn, undocumented telephonic assertion that she had a "limited income" and ordered her to pay merely the combined cost of her previous Federal Court filing fees ($700.00) as the sole and exclusive monetary sanction.

11) These Defendants respectfully object to Judge Capel's refusal to accept the undersigned's sworn affidavit regarding attorney's fees and costs totaling $10,359.89 incurred in defending Ms. Rubenstein's frivolous lawsuit, while at the same time giving Ms. Rubenstein the benefit of the doubt and accepting as true her unsworn, undocumented

assertions that she has a "limited income of $750.00 per month." The Defendant cannot help but feel that they have been penalized for attempting in good faith to provide the Court the sworn proof it required in a timely fashion, while Ms. Rubenstein appears to have been rewarded for her contemptuous refusal to submit even the first document in support of her position.

12)    The Defendants submit that Judge Capel's proposed monetary sanction is completely inadequate and grossly insufficient to deter Ms. Rubenstein from filing future frivolous claims or punish her for the time, money and aggravation caused by her present frivolous lawsuit. She will no doubt experience great satisfaction knowing that, with no effort on her part, the Defendants and/or their professional liability insurance carrier paid more than $10,000 to get back $700.00 in attorney's fees which, when equally split with counsel for the Granger/Kamensky Defendants, will not even cover the costs of attending the hearing in Montgomery (AL) on March 4, 2008.

WHEREFORE, based upon the foregoing, these Defendants respectfully object to Judge Capel's recommended monetary sanctions and ask the court instead to require Ms. Rubenstein to at least be required to pay the uncontroverted attorney's fees and costs documented in the undersigned's affidavit.

Respectfully submitted this 16th day of June, 2008.

RAMSEY, BAXLEY & McDOUGLE

By: *Wade H. Baxley*
   Wade H. Baxley   (BAX004)
   Attorneys for Defendants,
    Joel W. Weatherford; Farmer, Price,
    Hornsby & Weatherford, LLP; J. Michael
    Conaway; Jere C. Segrest; Lexa E.
    Dowling; William L. Lee, III;
    and Lee & McInish, P.C.
P. O. Drawer 1486
Dothan, AL 36302
(334) 793-6550
Fax: (334) 793-1433
e-mail: whb@rbmlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification via e-mail of such filing to the following:

Don P. Bennett, Esq., 2bennett@comcast.net
Bethany L. Bolger, Esq., bbolger@rsjg.com
Jack Michael Conaway, Esq., jmclaw@graveba.net
James D. Farmer, Esq. jdf@ffmlaw.com
Robert Merrill Girardeau, Esq., rmg@hfsllp.com
William Wallace Hinesley, Esq., whinesley@jhfc-law.com
William L. Lee, III, Esq., wlee3@leeandmcinish.com
Steve G. McGowan, Esq., wula@aol.com
Virginia Lynn McInnis vlm@ffmlaw.com
R. Cliff Mendheim, Esq., rcliffmendheim@graceba.net
F. Chadwick Morriss, Esq., fcm@rsjg.com
William W. Nichols, Esq. wnichols@leeandmcinish.com
Richard H. Ramsey, III, Esq., tara@ramseycourt.biz
Jere C. Segrest, Esq., jerecs@aol.com
Phillip Dale Segrest, Jr., Esq., Philip.Segrest@SegrestLaw.com
Thomas Grant Sexton, Jr., Esq., gsexton@rsjg.com
Gary Clayborn Sherrer, Esq., gary@sjt-law.com
Elizabeth Smithart, Esq., esmithart@yahoo.com

John Albert Smyth, III, Esq., jsmyth@maynardcooper.com
Joseph E. Stott, Esq., jstott@sssandf.com
Anne Stone Sumblin, Esq., asumblin@oppcatv.com
Joel W. Weatherford Esq., jweatherford@fphw-law.com

and I further certify that I have this day served a copy of the foregoing pleading upon the persons listed below by hand-delivery or by placing the same in the United States Mail with adequate postage affixed thereto and addressed properly:

Kathryn Bauman Rubenstein
P. O. Box 2243
Dothan, AL 36302

*/s/ Wade H. Bayley*
Of Counsel